# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HANS MOKE NIEMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SVEN MAGNUS ØEN CARLSEN ) | No. 4:22-CV-1110 RLW |
| a/k/a MAGNUS CARLSEN, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER CONCERNING JURISDICTION

This matter is before the Court on review of the file. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). "Federal Courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are strictly construed, *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here Defendant National Railroad Passenger Corporation, a/k/a Amtrak ("Amtrak"). *See McNutt v. General Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" *Id*.

Plaintiff Hans Moke Niemann ("Niemann") asserts that jurisdiction in Federal Court is proper under 28 U.S.C. §§ 1331, 1337 because his claims arise out of federal law, the Sherman

Act, 15 U.S.C. § 1, *et seq*. In addition, Niemann contends this Court has jurisdiction under 28 U.S.C. § 1332, because there is complete diversity of citizenship between Plaintiff and Defendants.

"When jurisdiction is based on diversity of citizenship, the pleadings . . . must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990). Complete diversity of citizenship between plaintiffs and defendants is required by § 1332. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, the pleadings must include factual allegations of each party's state of citizenship. *See* 28 U.S.C. § 1332(a). A complaint resting on residency "will not establish citizenship for diversity jurisdiction." *Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017). "Citizenship requires permanence." *Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014). "Residency is a more fluid concept." *Hargett*, 854 F.3d at 965. "Unlike citizenship, residency does not require an intent to make a place home." *Id*. (citing *Ellis v. Se. Constr. Co.*, 260 F.2d 280, 281 (8th Cir. 1958)).

Here, the Complaint alleges that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 "as none of the Defendants reside in Niemann's home state of Connecticut." (ECF No. 1, ¶ 26). Likewise, Niemann alleges that he is a "Connecticut resident" (ECF No. 1, ¶ 19), Defendant Sven Magnus Øen Carlsen "resid[es] in Norway" (ECF No. 1, ¶ 20), Defendant Chess.com's "members reside in Utah and California" (ECF No. 1, ¶ 22), Defendant Daniel Rensch "resid[es] in Utah" (ECF No. 1, ¶ 23), and Defendant Hikaru Nakamura "resid[es] in Florida" (ECF No. 1, ¶ 24).

Niemann's Complaint is procedurally defective because it does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity jurisdiction. Niemann is

granted seven (7) days to file an amended Complaint that alleges facts showing complete diversity of citizenship between the parties, particularly the citizenship of the parties.

Accordingly,

**IT IS HEREBY ORDERED** that by **November 23, 2022**, Neimann shall file an amended Complaint that alleges facts establishing the citizenship of all relevant parties to this action.

*(signature)*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of November, 2022.