UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HANS MOKE NIEMANN,<br><br>       Plaintiff,<br><br>    vs.<br><br>SVEN MAGNUS ØEN CARLSEN A/K/A MAGNUS CARLSEN, PLAY MAGNUS AS D/B/A PLAY MAGNUS GROUP, CHESS.COM, LLC, DANIEL RENSCH A/K/A "DANNY" RENSCH, AND HIKARU NAKAMURA,<br><br>       Defendants. | Case No. 4:22-cv-01110-AGF<br><br>Hon. Audrey G. Fleissig |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DANIEL "DANNY" RENSCH'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Nima H. Mohebbi (# 275453CA)
Sarah F. Mitchell (# 308467CA)
Michael A. Hale (# 319056CA)
**LATHAM & WATKINS LLP**
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
*nima.mohebbi@lw.com*
*sarah.mitchell@lw.com*
*michael.hale@lw.com*

Jeffrey B. Jensen (# 46745MO)
Kate Ledden (# 66026MO)
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Tel: (314) 480 1500
*jeff.jensen@huschblackwell.com*
*kate.ledden@huschblackwell.com*

Jamie L. Wine (# 4529251NY)
Blake E. Stafford (# 888324775DC)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
*jamie.wine@lw.com*

Derek Teeter (# 59031MO)
Spencer Tolson (# 74467MO)
**HUSCH BLACKWELL LLP**
4801 Main, Suite 1000
Kansas City, MO 64112
Tel: (816) 983-8000
*derek.teeter@huschblackwell.com*
*spencer.tolson@huschblackwell.com*

*Counsel for Defendant Daniel "Danny" Rensch*

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

BACKGROUND ..................................................................................................................2

ARGUMENT........................................................................................................................3

I.  THE COURT LACKS PERSONAL JURISDICTION OVER RENSCH..........................3

    A.    The AC Fails To Establish Jurisdiction Under The Due Process Clause. ................4

    B.    The AC Fails To Establish Personal Jurisdiction Under Missouri's Long-
        Arm Statute. .........................................................................................................8

II. THE AC FAILS TO STATE A CLAIM AGAINST RENSCH .........................................9

CONCLUSION.....................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Blessing v. Chandrasekhar*,
  988 F.3d 889 (6th Cir. 2021) .................................................................................7

*Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*,
  42 F.4th 948 (8th Cir. 2022) ........................................................................ *passim*

*BYD Co. Ltd. v. VICE Media LLC*,
  531 F. Supp. 3d 810 (S.D.N.Y. 2021) .....................................................................7

*C. Pepper Logistics, LLC v. Lanter Delivery Sys., LLC*,
  2021 WL 3725680 (E.D. Mo. Aug. 23, 2021) ................................................4, 7, 8

*Fastpath, Inc. v. Arbela Techs. Corp.*,
  760 F.3d 816 (8th Cir. 2014) .................................................................................4

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
  141 S. Ct. 1017 (2021) ...........................................................................................4

*Health Care Equalization Comm. of the Iowa*
  *Chiropractic Soc'y v. Iowa Med. Soc'y*,
  851 F.2d 1020 (8th Cir. 1988) ...............................................................................5

*Johnson v. Arden*,
  614 F.3d 785 (8th Cir. 2010) .................................................................................6

*Johnson v. Gawker Media, LLC*,
  2016 WL 193390 (E.D. Mo. Jan. 15, 2016) .......................................................5, 8

*Marty v. Dave's Wholesale Fireworks*,
  2019 WL 670344 (E.D. Mo. Feb. 19, 2019) ..........................................................8

*Miller v. Gizmodo Media Grp., LLC*,
  383 F. Supp. 3d 1365 (S.D. Fla. 2019) ..................................................................7

*N.C.C. Motorsports, Inc. v. K-VA-T Food Stores, Inc.*,
  975 F. Supp. 2d 993 (E.D. Mo. 2013) ....................................................................9

*Nunes v. NBCUniversal Media, LLC*,
  582 F. Supp. 3d 387 (E.D. Tex. 2022) ...................................................................7

*SRS Energy, Inc. v. Bio-Prod. Int'l, Inc.*,
  2008 WL 2224803 (E.D. Mo. May 27, 2008) ........................................................5

*Top Gun Ammo Sales, LLC v. COF Techs., LLC*,
   2022 WL 823061 (E.D. Mo. Mar. 18, 2022) ............................................................. 6

*Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*,
   646 F.3d 589 (8th Cir. 2011) ................................................................................. 5, 8

*Walden v. Fiore*,
   571 U.S. 277 (2014) ............................................................................................... 1, 5

**STATUTES**

Mo. Rev. Stat. § 506.500.1(3) ........................................................................................... 9

**RULES**

Fed. R. Civ. P. 12(b)(2) .................................................................................................... 3

# INTRODUCTION

Plaintiff Hans Niemann's lawsuit consists of a number of unfounded claims against several parties, including Defendant Daniel Rensch, the Chief Chess Officer of Chess.com, LLC ("Chess.com"). As explained in Chess.com's concurrently filed motion to dismiss, the Court should dismiss Niemann's claims because they fail as a matter of law. Rensch joins those arguments and incorporates them by reference here.

The Court should dismiss the claims against Rensch for the additional reason that the Court lacks personal jurisdiction over him. Rensch resides and works in Utah and has no property, bank accounts, or any other legally significant connections to the state of Missouri. And Niemann does not allege in the Amended Complaint ("AC") (ECF No. 20) that Rensch engaged in any conduct specifically directed at Missouri. Indeed, the only conceivable connection between *any* of the Defendants and Missouri alleged in the AC is the Sinquefield Cup, an over-the-board ("OTB") chess tournament that took place in St. Louis at which Niemann played against Defendant Magnus Carlsen. But the AC contains no allegations that Rensch had anything to do with that event, and none of Rensch's alleged conduct has any connection to Missouri. The Court thus lacks personal jurisdiction over Rensch and should dismiss the claims against him.

This lawsuit is a clear publicity stunt. Niemann's decision to name Rensch—one of Chess.com's highest profile executives—as a defendant is simply an attempt to heighten even more the profile of the lawsuit. Requiring Rensch, who has no alleged connection to Missouri, to defend a baseless lawsuit here does not "comport[] with the limits imposed by federal due process." *Walden v. Fiore*, 571 U.S. 277, 283 (2014).

# BACKGROUND

The background of this case is set forth in Chess.com's concurrent motion to dismiss. Rensch incorporates that background and provides here only the facts relevant to his personal jurisdiction grounds for dismissal.

Rensch has no relevant connection to the State of Missouri. He is a citizen of Utah, where he performs his day-to-day responsibilities as Chief Chess Officer of Chess.com. (AC ¶ 23; Rensch Decl. ¶¶ 4-5.) He has never been a citizen of Missouri, has no property or assets in Missouri, and otherwise has no legally significant connection to Missouri. (Rensch Decl. ¶¶ 6-11.) And none of the other parties in this case is located in or resides in Missouri. Plaintiff Hans Niemann is a citizen of Connecticut. (AC ¶ 19.) Defendant Chess.com is a limited liability company whose members allegedly "reside in Utah and California." (*Id.* ¶¶ 22, 46.) Defendant Magnus Carlsen is a citizen of Norway, as is Defendant Play Magnus Group. (*Id.* ¶¶ 20-21.) And Defendant Hikaru Nakamura is a citizen of Florida. (*Id.* ¶ 24.)

The only conceivable connection between this lawsuit and Missouri is the September 2022 Sinquefield Cup held in St. Louis, where Niemann played a chess match against Carlsen. (*Id.* ¶¶ 6, 71-86.) The Sinquefield Cup is an in-person, OTB tournament sanctioned by the International Chess Federation, known as FIDE. (*Id.* ¶¶ 28, 71-72.) Neither Chess.com nor Rensch is alleged to have had any involvement in the Sinquefield Cup. To the contrary, the AC makes clear that Chess.com's online platform, which allows its users to play recreational chess online, operates completely "[o]utside of"—and has "absolutely no effect on"—the "'official' chess events and tournaments sanctioned and regulated by FIDE." (*Id.* ¶¶ 35, 41; *see also id.* ¶ 44 ("Chess.com has no official role in governing professional chess").)

The AC contains only a few allegations even mentioning Rensch at all, and none has any connection to Missouri.[1] *First*, it alleges that, in August 2022, Rensch virtually participated in a merger announcement with Carlsen regarding Chess.com's intent to buy Play Magnus Group. (*Id.* ¶¶ 65-66.) *Second*, it alleges that Rensch "caused Chess.com's Twitter account" to post a "statement" about Chess.com's decision to "remove [Niemann] from Chess.com and [its] events." (*Id.* ¶ 104.) *Third*, it alleges that in late September 2022, "Chess.com and Rensch deliberately leaked years-old emails" to "VICE Media" that were published in an article on VICE's website regarding another chess player, Maxim Dlugy. (*Id.* ¶¶ 129, 131.) *Fourth*, and finally, the AC vaguely references Rensch in connection with the October 2022 report issued by Chess.com ("Chess.com Report" or "Report"), in which Chess.com set out a detailed statistical analysis of Niemann's prior cheating on the platform. (*Id.* ¶¶ 148, 153; *see* Rensch Decl., Ex. 1.)

The AC then indiscriminately asserts defamation, antitrust, tortious interference, and civil conspiracy claims against "all Defendants," including Rensch. (AC ¶¶ 172-202.)

## ARGUMENT

**I.     THE COURT LACKS PERSONAL JURISDICTION OVER RENSCH**

Federal Rule of Civil Procedure 12(b)(2) permits a party to bring a motion to dismiss for lack of personal jurisdiction. To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must "establish[] a prima facie showing of [personal] jurisdiction" under both "the long-arm statute of the forum state and the federal Due Process Clause." *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 951 (8th Cir. 2022). The "plaintiff bears the burden to show that jurisdiction exists," and to meet that burden, the plaintiff "must state sufficient facts in the complaint to support a reasonable inference that [the defendant] may be subjected to jurisdiction

---

[1] The allegations in the AC about Rensch's conduct are taken at face value only for purposes of this motion. Neither Rensch nor Chess.com concede any of Niemann's allegations.

in the forum state." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citation omitted). "[C]onclusory and speculative allegations are insufficient." *C. Pepper Logistics, LLC v. Lanter Delivery Sys., LLC*, 2021 WL 3725680, at *4 n.7 (E.D. Mo. Aug. 23, 2021). And personal jurisdiction is defendant-specific; it must be established as to "each defendant" "individually." *Id.* at *4-5 & n.9 (citations omitted).

Niemann has failed to allege sufficient facts establishing personal jurisdiction as to Rensch under either the Due Process Clause of the U.S. Constitution, or the Missouri long-arm statute, for any of his claims. Each of those failures independently requires dismissal of Rensch from the case.

### A.  The AC Fails To Establish Jurisdiction Under The Due Process Clause.

For the exercise of personal jurisdiction to "comport[] with the Due Process Clause," the "'defendant's conduct and connection with the forum state'" must be significant enough "'that he should reasonably anticipate being haled into court there.'" *Zazzle*, 42 F.4th at 951 (citation omitted). There are two types of personal jurisdiction that comport with due process: (1) "[g]eneral jurisdiction," which "exists where a defendant is 'essentially at home' in the forum state"; and (2) "specific jurisdiction," which covers specific claims against an out-of-state defendant that "'arise out of or relate to the defendant's contacts' with the forum." *Id.* at 952 (quoting *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024-25 (2021)). Because Rensch is not subject to general jurisdiction in Missouri,[2] Niemann must demonstrate specific jurisdiction.

For specific jurisdiction to exist, the defendant must have "certain minimum contacts with the forum state," and the claims asserted against that defendant must "arise out of or relate to

---

[2] For individuals, general jurisdiction exists in the individual's "place of domicile." *Ford Motor*, 141 S. Ct. at 1024. Rensch is domiciled in Utah, not Missouri. (AC ¶ 23; Rensch Decl. ¶¶ 4, 7.) He is not a citizen of Missouri, owns no property in Missouri, and otherwise has no legally significant connection to Missouri. (Rensch Decl. ¶¶ 6-11.) The AC does not allege otherwise.

4

[those] contacts." *Id.* (citation omitted). To establish the "'minimum contacts' necessary to create specific jurisdiction," the "defendant's suit-related conduct must create a substantial connection with the forum." *Walden*, 571 U.S. at 284. In particular, the defendant "'must take some act by which [he] purposefully avails [him]self of the privilege of conducting activities within the forum State,' such as *directing [his] activities at the forum or targeting forum residents*." *Zazzle*, 42 F.4th at 953 (emphasis added) (citations omitted).[3]

The allegations in this case do not come close to showing that Rensch has sufficient contacts with Missouri to create specific jurisdiction. Although the Eighth Circuit has articulated a multi-factor test for determining the sufficiency of alleged forum contacts,[4] the Court need not even engage those factors because Niemann has failed to allege *any* conduct by Rensch aimed at Missouri. Not a single act. The only references to Missouri in the AC relate to the location of the Sinquefield Cup, but none of those allegations even mentions Rensch. (AC ¶¶ 71-86; *see supra* at 2-3.) And the few allegations mentioning Rensch do not demonstrate any connection to Missouri.

As an initial matter, all of those allegations—the merger announcement between Play Magnus Group and Chess.com, the tweet on Chess.com's Twitter profile, the emails to VICE Media about Maxim Dlugy, and the issuance of the Chess.com Report—involve Rensch acting in his official capacity as an officer of Chess.com. (*See* AC ¶¶ 65-66, 103-04, 129-31, 148, 153;

---

[3] This fundamental principle applies with full force with respect to all of the claims asserted by Niemann. *See, e.g.*, *Johnson v. Gawker Media, LLC*, 2016 WL 193390, at *7 (E.D. Mo. Jan. 15, 2016) (defamation); *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593-94 (8th Cir. 2011) (tortious interference); *SRS Energy, Inc. v. Bio-Prod. Int'l, Inc.*, 2008 WL 2224803, at *3-4 (E.D. Mo. May 27, 2008) (civil conspiracy); *Health Care Equalization Comm. of the Iowa Chiropractic Soc'y v. Iowa Med. Soc'y*, 851 F.2d 1020, 1030-31 (8th Cir. 1988) (antitrust).

[4] To determine whether a defendant has minimum contacts sufficient to satisfy due process, the Eighth Circuit considers "five factors," with the first three being of "primary importance": "(1) the nature and quality of [defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." *Zazzle*, 42 F.4th at 952 (citation omitted). Each of these factors decidedly weighs against the exercise of jurisdiction over Rensch.

5

Rensch Decl. ¶ 14.) That dooms the exercise of personal jurisdiction over Rensch because "the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals." *Top Gun Ammo Sales, LLC v. COF Techs., LLC*, 2022 WL 823061, at *7 (E.D. Mo. Mar. 18, 2022) (citation omitted). Thus, even if those allegations established a connection to Missouri, which they do not, they "would not subject [Rensch] to the Court's jurisdiction in [his] individual capacit[y]." *Id.*

Moreover, even on their own terms, the allegations involving Rensch do not establish his own "purposeful, targeted action towards Missouri." *Zazzle*, 42 F.4th at 953. *First*, the AC contains an allegation that in August 2022, Rensch participated in a virtual merger announcement with Carlsen concerning Chess.com and Play Magnus Group. (AC ¶¶ 65-66.) Niemann does not allege any purposeful connection between Rensch's involvement in that announcement and Missouri. Rensch did not make that announcement from Missouri (*see* Rensch Decl. ¶ 15), and neither Chess.com nor Play Magnus is located in Missouri (*see* AC ¶¶ 22-23).

*Second*, the AC alleges that on September 8, 2022, Rensch "caused Chess.com's Twitter account" to post a "statement" about Chess.com's decision to "remove [Niemann] from Chess.com and [its] events." (*Id.* ¶ 104.) Again, that statement makes no mention of Missouri, and none of the parties mentioned in that statement—Rensch, Chess.com, and Niemann—resides in Missouri. (*See id.* ¶¶ 19, 22, 23; Rensch Decl. ¶¶ 4, 7.) Moreover, Twitter is a global social media website, and the Eighth Circuit has repeatedly held that merely posting information on a "nationally accessible" website does not amount to conduct "'uniquely or expressly aimed at Missouri'" and thus does not create sufficient "contacts with Missouri" for purposes of personal jurisdiction. *Zazzle*, 42 F.4th at 954 (quoting *Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010)). Consistent with that principle, courts have frequently refused to "extend[] personal jurisdiction based on a

6

defendant's allegedly tortious postings on social media" that are "not specifically directed at the forum state." *Blessing v. Chandrasekhar*, 988 F.3d 889, 905 (6th Cir. 2021); *see, e.g.*, *Miller v. Gizmodo Media Grp., LLC*, 383 F. Supp. 3d 1365, 1375 (S.D. Fla. 2019) ("[C]ourts have uniformly rejected the argument that a tweet, not specifically directed to a forum state, is a sufficient minimum contact to confer personal jurisdiction under the Due Process Clause."); *Nunes v. NBCUniversal Media, LLC*, 582 F. Supp. 3d 387, 400 (E.D. Tex. 2022) (holding, in line with "several district courts across the country," that "[p]osting an allegedly defamatory statement on Twitter" that does not "'specifically'" target the forum state "'is not enough to support the exercise of personal jurisdiction'" (citations omitted)).

*Third*, the AC alleges that in late September 2022, "Chess.com and Rensch deliberately leaked years-old emails" (of course, none of which mentions Niemann) to "VICE Media," which VICE then published in an article on VICE's website. (AC ¶¶ 129, 131.) Because this allegation "lump[s]" Rensch and Chess.com together, it cannot sustain personal jurisdiction as to Rensch individually. *C. Pepper Logistics*, 2021 WL 3725680, at *4. In any event, the AC contains no allegation of a purposeful connection between this conduct and Missouri. VICE Media is a global news organization based in New York. *See, e.g.*, *BYD Co. Ltd. v. VICE Media LLC*, 531 F. Supp. 3d 810, 817 (S.D.N.Y. 2021). None of the allegations about this VICE article—and certainly none of the allegations about Rensch's supposed involvement with this VICE article—remotely suggests that Rensch "specifically targeted Missouri" in any way. *Zazzle*, 42 F.4th at 954.

*Finally*, the AC vaguely references Rensch in connection with the Chess.com Report in which Chess.com laid out an extensive statistical analysis regarding Niemann's history of play. (AC ¶¶ 148, 153.) While Niemann discusses the Report in connection with his defamation claims, he does not specifically attribute any conduct, let alone Missouri-targeted conduct, to Rensch in these allegations. Thus, the allegations do not sustain personal jurisdiction as to Rensch. There is

7

no basis for an inference that the Chess.com Report itself represents a connection between Rensch and Missouri. There is also no allegation that the Report was prepared or published in Missouri, nor did it specifically target Missouri or anyone residing there. Rather, the Report was "published on [Chess.com's] website." (AC ¶ 151; *see id.* ¶ 37.) And as explained above, posting information on a "nationally accessible" website does not create sufficient "contacts with Missouri." *Zazzle*, 42 F.4th at 954; *accord, e.g.*, *Marty v. Dave's Wholesale Fireworks*, 2019 WL 670344, at *8 (E.D. Mo. Feb. 19, 2019) ("Specific personal jurisdiction is not established by access to a website 'merely mak[ing] information available to other people.'" (citation omitted)); *Gawker Media*, 2016 WL 193390, at *8 (same). That principle controls here.

Ultimately, "[n]one of the allegations [concerning Rensch] ha[s] anything whatsoever to do with the state of Missouri, and [those allegations] certainly do not suggest any effort on the part of [Rensch] to create a connection with or target Missouri." *C. Pepper Logistics*, 2021 WL 3725680, at *5. The Court thus lacks jurisdiction over Rensch, and he should be dismissed from this lawsuit.

### B. The AC Fails To Establish Personal Jurisdiction Under Missouri's Long-Arm Statute.

Because Niemann has failed to allege facts demonstrating personal jurisdiction under the Due Process Clause, the Court's analysis can end there. *See, e.g.*, *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) ("We need not decide whether [the defendant's actions] suffice to place it within the bounds of Missouri's long-arm statute, because it is clear that the cited activities are not sufficient to surmount the due-process threshold."). But even if Niemann could surmount the due-process threshold, he has failed to establish that Rensch is subject to personal jurisdiction under Missouri's long-arm statute. As relevant here, that statute authorizes personal jurisdiction over non-resident defendants for claims "arising from" "the commission of a tortious act within th[e] state." Mo. Rev. Stat. § 506.500.1(3).

To satisfy this provision, the defendant must commit the allegedly tortious act within Missouri or engage in "extraterritorial acts which produce actionable consequences in Missouri." *N.C.C. Motorsports, Inc. v. K-VA-T Food Stores, Inc.*, 975 F. Supp. 2d 993, 1001 (E.D. Mo. 2013). But here, none of the conduct by Rensch occurred in Missouri or had any actionable consequences in Missouri. As noted above, the AC does not allege—much less explain—otherwise.

## II. THE AC FAILS TO STATE A CLAIM AGAINST RENSCH

In addition to the fact that the Court lacks personal jurisdiction over Rensch, the claims against him all should be dismissed as set forth in Chess.com's motion to dismiss, which is fully incorporated here by reference. (*See* Chess.com MTD.) All of the allegations against Rensch concern conduct he undertook in his role as an officer of Chess.com. And as explained in Chess.com's motion, those allegations fail to state a plausible claim for relief.

## CONCLUSION

For the foregoing reasons, the claims against Rensch should be dismissed.

| | |
|---|---|
| DATED: December 2, 2022 | Respectfully submitted, |
| */s/ Nima H. Mohebbi* <br> Nima H. Mohebbi (# 275453CA) <br> Sarah F. Mitchell (# 308467CA) <br> Michael A. Hale (# 319056CA) <br> **LATHAM & WATKINS LLP** <br> 355 S. Grand Ave., Suite 100 <br> Los Angeles, CA 90071 <br> Tel: (213) 485-1234 <br> *nima.mohebbi@lw.com* <br> *sarah.mitchell@lw.com* <br> *michael.hale@lw.com* <br><br> */s/ Jeffrey B. Jensen* <br> Jeffrey B. Jensen (# 46745MO) <br> Kate Ledden (# 66026MO) <br> **HUSCH BLACKWELL LLP** <br> 190 Carondelet Plaza, Suite 600 <br> St. Louis, MO 63105 <br> Tel: (314) 480 1500 <br> *jeff.jensen@huschblackwell.com* <br> *kate.ledden@huschblackwell.com* | */s/ Jamie L. Wine* <br> Jamie L. Wine (# 4529251NY) <br> Blake E. Stafford (# 888324775DC) <br> **LATHAM & WATKINS LLP** <br> 1271 Avenue of the Americas <br> New York, NY 10020 <br> Tel: (212) 906-1200 <br> *jamie.wine@lw.com* <br> *blake.stafford@lw.com* <br><br> Derek Teeter (# 59031MO) <br> Spencer Tolson (# 74467MO) <br> **HUSCH BLACKWELL LLP** <br> 4801 Main, Suite 1000 <br> Kansas City, MO 64112 <br> Tel: (816) 983-8000 <br> *derek.teeter@huschblackwell.com* <br> *spencer.tolson@huschblackwell.com* |

*Counsel for Defendant Daniel "Danny" Rensch*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 2, 2022, the foregoing document was served on all counsel of record by ECF.

DATED: December 2, 2022

*/s/ Nima H. Mohebbi*
Nima H. Mohebbi (# 275453CA)
Attorney for Defendant Daniel "Danny" Rensch
**LATHAM & WATKINS LLP**
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234