## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| HANS MOKE NIEMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-01110-AGF |
| | ) | |
| SVEN MAGNUS OEN CARLSEN, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on review of the file following transfer of this case to the undersigned on November 23, 2022. (Doc. No. 25). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987). "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

This case was recently reassigned from Judge Ronnie L. White to the undersigned. Prior to reassignment, Judge White reviewed Plaintiff's initial complaint to determine whether the Court had subject-matter jurisdiction. (Doc. No. 19). Specifically, though Plaintiff asserted both federal question jurisdiction and diversity jurisdiction, he failed to sufficiently allege jurisdictional facts to establish the existence of diversity jurisdiction.

1

*Id*. at 2-3.  Judge White therefore ordered Plaintiff to file an amended complaint, and Plaintiff complied on November 22, 2022.  (Doc. No. 20).

In Count III of his amended complaint, Plaintiff asserts that all defendants have violated 15 U.S.C. § 1, *et seq.* (the "Sherman Act").  (Doc. No. 20 at 39).  He therefore claims that this Court has jurisdiction over that claim pursuant to 28 U.S.C. §§ 1331 and 1337.  *Id*. at 7.  As to his other claims, Plaintiff explains that the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  *Id*.  However, in the alternative, Plaintiff also asserts that the Court may exercise diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the amount in controversy is greater than $75,000.  *Id*.

As to diversity jurisdiction, the complaint alleges that Plaintiff is a citizen of Connecticut.  (Doc. No. 20 at 6).  It further alleges that Defendants Carlsen, Rensch, and Nakamura (the "natural persons defendants") are each citizens of Norway, Utah, and Florida, respectively.  *Id*.  As to Defendant Chess.com, LLC ("Chess.com"), Plaintiff notes that it is a Nevada limited liability company with a principal place of business in California.  *Id*.  In response to Judge White's Order, Plaintiff has added these allegations:

> Upon information and belief, Chess.com's members reside in Utah and California. Prior to revising this Complaint, Plaintiff's counsel conferred with counsel for Chess.com, who advised that, to the best of their knowledge, Chess.com does not have any Connecticut citizens as members but that, given its complex organizational structure, Chess.com is unable to identify the citizenship of each of its members at this time.

*Id.*

As to Defendant Play Magnus AS d/b/a/ Play Magnus Group ("Play Magnus"), the

2

amended complaint alleges that Play Magnus is a "Norway private limited company founded and owned, in whole or in part, by Carlsen" and that "Play Magnus Group is a citizen of Norway." *Id*.

Unlike a corporation, which is a citizen of its state of organization and its principal place of business, 28 U.S.C. § 1332(c)(1), a limited liability company like Chess.com is a citizen of every state of which any member is a citizen. *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Further, if any member "is itself a partnership or limited liability company, then the identity of each member of each of these entities must be traced until we reach a corporation or natural person." *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020).

Deciding whether a foreign private limited company like Play Magnus should be treated as a corporation or a non-incorporated entity such as a limited liability company under § 1332 is a "difficult task." *See Jet Midwest Int'l Co., Ltd v. Jet Midwest Grp., LLC*, 932 F.3d 1102, 1105 (8th Cir. 2019). "To account for linguistic and other differences between domestic and foreign business laws and the fact that other nations do not necessarily call entities that are in effect corporations by that name, a court examines whether the foreign entity is equivalent in all legally material respects to a corporation under state law." *Id.* (citation omitted). "The court treats a foreign legal entity as a corporation if it has the standard elements of 'personhood' . . . , as well as the ability to issue shares to investors who enjoy limited liability and which can be bought and sold, subject to restrictions that the business declares." *Id.* (cleaned up and citation omitted).

3

Generally, the proponent of jurisdiction must provide sufficient information for the Court to determine the citizenship of the parties. *See  Walker v. Norwest Corp.,* 108 F.3d 158, 161 (8th Cir. 1997).  However, the Federal Rule of Civil Procedure 7.1 was very recently amended, effective December 1, 2022, to require:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name — and identify the citizenship of — every individual or entity whose citizenship is attributed to that party or intervenor: (A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under§ 1332(a).

Fed. R. Civ. P. 7.1(a)(2) (effective Dec. 1, 2022).  This Disclosure Statement must be filed with a party's first appearance or filing addressed to the Court.  *See* Fed. R. Civ. P. 7.1(b) (effective Dec. 1, 2022).

With respect to Chess.com, Plaintiff has pled the LLC's citizenship after a reasonable inquiry under the circumstances, and thus, Plaintiff's allegations sufficiently demonstrate Chess.com's diversity of citizenship at this stage of the proceedings.  *See Key Enterprises, LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013) (quoting Federal Rule of Civil Procedure 11(b) in requiring that allegations laid out in a complaint are supported by an attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances). However, the Court will also require Chess.com to file a disclosure statement in compliance with the newly amended Rule 7.1 that "name[s] — and identif[ies] the citizenship of — every individual or entity whose citizenship is attributed to" Chess.com. As noted above, this will require Chess.com to identify the citizenship of each of its

members, traced through until a corporation or natural person is reached.  If, upon review of the disclosure statement it appears that one or more members of Chess.com destroys diversity, the Court will reconsider its diversity jurisdiction at that time.

With respect to Play Magnus, the Court needs more information regarding whether the Norway private limited company should be treated like a corporation or a non-incorporated entity such as a limited liability company for purposes of § 1332.  As noted above, the proponent of jurisdiction must usually provide sufficient information for the Court to determine whether to treat a foreign company as a corporation or non-incorporated entity for the purpose of diversity jurisdiction.  *See Wyckoff v. Cook Incorporated*, Civil Action No. 22-cv-02849-NYW, 2022 WL 16792229, at *1 (D. Colorado Nov. 8, 2022) (internal citations omitted).  However, in light of the newly amended Rule 7.1, the Court will first require Play Magnus to file a Disclosure Statement that "name — and identify the citizenship of — every individual or entity whose citizenship is attributed to" Play Magnus.  Following such filing, the Court will direct Plaintiff to provide any additional information necessary in order to assess whether the Court has diversity jurisdiction.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that, within **seven (7) days from the date of this Order**, all parties shall file a Disclosure Statement in compliance with Federal Rule of Civil Procedure 7.1, as amended (effective Dec, 1, 2022).

**IT IS FURTHER ORDERED** that, within **seven days** after Defendant Play Magnus AS d/b/a/ Play Magnus Group ("Play Magnus") files its above-noted Disclosure Statement, Plaintiff shall file a notice advising the Court of any additional information necessary for the Court to determine Play Magnus's citizenship under 28 U.S.C. § 1332. Failure to comply with this Order may result in this Court concluding that it lacks diversity jurisdiction over Plaintiff's state-law claims and instead exercising only supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of December, 2022.