UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HANS MOKE NIEMANN,<br><br>      Plaintiff,<br><br>vs.<br><br>SVEN MAGNUS ØEN CARLSEN A/K/A MAGNUS CARLSEN, PLAY MAGNUS AS D/B/A PLAY MAGNUS GROUP, CHESS.COM, LLC, DANIEL RENSCH A/K/A "DANNY" RENSCH, AND HIKARU NAKAMURA,<br><br>      Defendants. | Case No. 4:22-cv-01110-AGF |

**DEFENDANT CHESS.COM, LLC'S MOTION FOR FURTHER DIRECTION AND FOR EXTENSION OF TIME TO FILE CORPORATE DISCLOSURE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1**

**COMES NOW** Defendant Chess.com, LLC ("Chess.com"), by and through its undersigned attorneys, and moves this Court for further direction with respect to the Court's December 2, 2022 Order as well as an extension of time to file its corporate disclosure pursuant to Federal Rule of Civil Procedure 7.1. In support of its motion, Chess.com states as follows:

    1.    On October 20, 2022, Plaintiff Hans Moke Niemann ("Niemann") filed a complaint against Defendants Sven Magnus Oen Carlsen ("Carlsen"), Daniel Rensch a/k/a "Danny" Rensch ("Rensch"), Play Magnus AS d/b/a Play Magnus Group, Chess.com, and Hikaru Nakamura (collectively, "Defendants") under the Sherman Act, 15 U.S.C. § 1, and various state law claims asserting that jurisdiction in Federal Court was proper under 28 U.S.C. §§ 1331, 1337 because his claims arise out of federal law as well as under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Niemann and Defendants. ECF No. 1 at ¶¶25-26.

1

2. Because Niemann failed to allege jurisdictional facts to establish the existence of diversity jurisdiction, Judge Ronnie L. White subsequently issued a show cause order directing Niemann to file an amended complaint. ECF No. 19.

3. Following Judge White's show cause order, Niemann filed an amended complaint asserting, as relevant here, Chess.com is a Nevada limited liability company with a principal place of business in California and that:

> Upon information and belief, Chess.com's members reside in Utah and California. Prior to revising this Complaint, Plaintiff's counsel conferred with counsel for Chess.com, who advised that, to the best of their knowledge, Chess.com does not have any Connecticut citizens as members but that, given its complex organizational structure, Chess.com is unable to identify the citizenship of each of its members at this time.

ECF No. 20 at ¶22.

4. On November 23, 2022, the case was randomly reassigned to Judge Audrey G. Fleissig for all further proceedings. ECF No. 25.

5. After being sued on what they believe is a frivolous claim, Defendants Carlsen, Rensch, and Chess.com filed motions to dismiss on December 2, 2022 which, if granted, would result in the dismissal of all claims against these parties. In their motions to dismiss, Carlsen and Chess.com also seek attorneys' fees and costs under Connecticut's anti-SLAPP statute for filing the motions.

6. That same day, upon review of the file, the Court issued an order directing the parties to file, within seven days, a Disclosure Statement in compliance with Federal Rule of Civil Procedure 7.1, as amended (effective Dec. 1, 2022).

7. The Court determined that it had supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and, as it relates to Chess.com, that Plaintiff's allegations sufficiently demonstrate Chess.com's diversity of citizenship at this stage. ECF No. 57 at 4, 6.

2

8. The Court separately directed Chess.com to file a disclosure statement in compliance with the newly amended Rule 7.1 which would require it to identify the citizenship of each of its members, traced through until a corporation or natural person is reached. ECF No. 57 at 4.

9. Given the complexity of Chess.com's organizational structure and lack of access to and inability to compel sub-ownership detail, Chess.com respectfully requests further direction with respect to the Court's December 2, 2022 Order and an additional fourteen days, until December 23, 2022, to filed its Corporate Disclosure Statement.

10. Specifically, Chess.com is an LLC whose sole member is Checkmate Intermediate Holdings LLC. Declaration of Bryce Heinz ("Heinz Decl.") ¶ 6.

11. Checkmate Intermediate Holdings LLC's sole member is Chess Holdings, LLC ("HoldCo"). Heinz Decl. ¶ 7.

12. HoldCo has dozens of members, several of which are also LLCs and Limited Partnerships ("LPs"). Heinz Decl. ¶ 8.

13. Based on discussions with investors of Chess.com, these LLC and LP members of HoldCo have hundreds if not thousands of members and/or partners. Heinz Decl. ¶ 9.

14. Moreover, the vast majority of these LLC and LP members of HoldCo are not owned, operated, or controlled by Chess.com. These members are also not parties to the underlying litigation. Thus, Chess.com does not have immediate control and access to their books and records. Heinz Decl. ¶ 10.

15. Immediately after the Court entered its December 2, 2022 Order, counsel for Chess.com began the arduous task of reaching out to these independent entities for disclosure of their members and/or partners.

16. Several of these non-party entities upon which Chess.com has no control have indicated that providing the information sought by the Court's order would pose a significant burden and otherwise implicate substantial interests in privacy and competitively sensitive information such that complying with the Court's order on the existing timeline has become not currently feasible. Heinz Decl. ¶ 11.

17. Federal Rule 7.1 explicitly "does not address the questions that may arise [much like here] when a disclosure statement or discovery responses indicate that the party or intervenor cannot ascertain the citizenship of every individual or entity whose citizenship may be attributed to it." Advisory Committee Notes to 2022 Amendments to Rule 7.1(a)(2).

18. However, "[t]he rule recognizes that the court may limit the disclosure in appropriate circumstances." For example, disclosure may be cut short when "the names or identified persons might be protected against disclosure to other parties when there are substantial interests in privacy and when there is no apparent need to support discovery by other parties to go behind the disclosure." Advisory Committee Notes to 2022 Amendments to Rule 7.1(a)(2). *See also Foreisight Energy LLC v. Ace Am. Ins. Co.,* Case No. 4:22-cv-00887-JAR (E.D. Mo. Oct. 22, 2022), ECF No. 89 (finding plaintiff LLC's disclosures to be sufficient and concluding the remote possibility of a minimal, distant connection did not justify the heavy burden of further disclosures when, based on plaintiff's research, the number of third-tier members likely runs into the thousands).

19. Thus, Chess.com respectfully requests the Court provide further direction regarding its December 2, 2022 Order. In particular, Chess.com asks that the Court permit it to limit its Corporate Disclosure Statement to the members of HoldCo (*i.e.*, dozens of entities and individuals). Indeed, this disclosure alone implicates significant privacy interests for these entities,

4

and Chess.com anticipates requesting the document be maintained under seal indefinitely under E.D. Mo. L.R. 13.05.

20. Further, Chess.com requests an additional fourteen days, until December 23, 2022, to file its Corporate Disclosure statement.

21. **WHEREFORE,** Chess.com respectfully requests further direction with respect to the Court's December 2, 2022 Order, and an extension of time until December 23, 2022, to file its Corporate Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1, and for any and all such further relief as the Court deems just and proper.

DATED:   December 7, 2022     Respectfully Submitted,

 /s/ Nima H. Mohebbi
Nima H. Mohebbi (admitted *pro hac vice*)
Sarah F. Mitchell (admitted *pro hac vice*)
Michael A. Hale (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
*nima.mohebbi@lw.com*
*sarah.mitchell@lw.com*
*michael.hale@lw.com*


 /s/ Jeffrey B. Jensen
Jeffrey B. Jensen (# 46745MO)
Kate Ledden (# 66026MO)
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Tel: (314) 480 1500
*jeff.jensen@huschblackwell.com*
*kate.ledden@huschblackwell.com*

 /s/ Jamie L. Wine
Jamie L. Wine (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
*jamie.wine@lw.com*

Blake E. Stafford (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
*blake.stafford@lw.com*

Derek Teeter (# 59031MO)
Spencer Tolson (# 74467MO)
**HUSCH BLACKWELL LLP**
4801 Main, Suite 1000
Kansas City, MO 64112
Tel: (816) 983-8000
*derek.teeter@huschblackwell.com*
*spencer.tolson@huschblackwell.com*

ATTORNEYS FOR DEFENDANT CHESS.COM, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 7, 2022, the foregoing document was served on all counsel of record by ECF and electronic mail.

DATED:      December 7th, 2022          */s/ Jeffrey B. Jensen*
                                                                      Jeffrey B. Jensen (# 46745MO)
                                                                      Attorney for Defendant Chess.com, LLC
                                                                      Husch Blackwell LLP
                                                                      190 Carondelet Plaza, Suite 600
                                                                      St. Louis, MO 63105
                                                                      Tel: (314) 480-1500