UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI: EASTERN DIVISION

| | |
|---|---|
| HANS MOKE NIEMANN, ) | |
| ) | |
| *Plaintiff,* ) | CIVIL ACTION NO. 4:22-CV-01110 |
| ) | |
| v. ) | |
| ) | |
| SVEN MAGNUS ØEN CARLSEN A/K/A ) | |
| MAGNUS CARLSEN, PLAY MAGNUS ) | |
| AS D/B/A PLAY MAGNUS GROUP, ) | |
| CHESS.COM, LLC, DANIEL RENSCH ) | |
| A/K/A "DANNY" RENSCH, AND ) | |
| HIKARU NAKAMURA, ) | |
| ) | |
| *Defendants.* ) | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT CHESS.COM'S MOTION TO SEAL**

OVED & OVED LLP
*Attorneys for Plaintiff*
401 Greenwich Street
New York, New York 10013
Tel.: (212) 226-2700

Plaintiff Hans Moke Niemann ("Plaintiff") respectfully submits this memorandum of law in opposition to the motion of Defendant Chess.com, LLC ("Chess.com") for leave to file its Rule 7.1 Corporate Disclosure Statement under seal.

## ARGUMENT

Chess.com's motion should be denied because it fails to establish any "compelling reasons" sufficient to overcome the heavy presumption of public access to judicial records.

"There is a common-law right of access to judicial records of a civil proceeding." *Howard v. Newrez*, 2021 U.S. Dist. LEXIS 95139, at *3 (E.D. Mo. May 18, 2021). The presumption of public access to judicial records may be overcome only "if the party seeking to keep the records under seal provides 'the most compelling reasons' for doing so." *Id.* at *4; *see also Elliott v. Manhattan Cryobank, Inc.*, 2019 U.S. Dist. LEXIS 45761, at *3 (E.D. Mo. Mar. 20, 2019) ("[O]nly the most compelling reasons can justify non-disclosure of judicial records."); *Mello v. Mo. Dep't of Elem. & Secondary Educ.*, 2010 U.S. Dist. LEXIS 111688, at *3 (E.D. Mo. Oct. 20, 2010) (Fleissig, J.). Such compelling reasons include the need "to shield victim identities, protect trade secrets, secure matters of national security, honor the rules of sovereign nations, and conceal personal identifying information such as social security numbers or dates of birth." *CAA Sports LLC v. Dogra*, 2018 U.S. Dist. LEXIS 214223, at *3-4 (E.D. Mo. Dec. 20, 2018); *accord Mello*, 2010 U.S. Dist. LEXIS 111688, at *4 (denying motion to seal entire record but ordering redactions of "personal data identifiers"). A private party's mere "desire to maintain confidentiality" or "avoid media attention" is insufficient to overcome the "long-standing presumption of public access to litigation in the courts." *CAA Sports*, 2018 U.S. Dist. LEXIS 214223, at *3, 5; *Howard*, 2021 U.S. Dist. LEXIS 95139, at *4.

In addition, to satisfy the heavy burden of overcoming the presumption of public access to judicial records, a party must come forth with specific evidence of the harm it would suffer from the public disclosure of the information at issue, as opposed relying upon "generic justifications" or conclusory assertions. *Lads Network Sols., Inc. v. Agilis Sys., LLC*, 2022 U.S. Dist. LEXIS 176008, at *4-5 (E.D. Mo. Sept. 28, 2022) ("The parties simply fail to provide any factual basis justifying sealing … lack of admissible evidence alone constitutes a basis for denying the motion.") (notice of appeal filed); *see also Ldm Grp., LLC v. Akers*, 2013 U.S. Dist. LEXIS 45094, at *31-32 (E.D. Mo. Mar. 29, 2013) ("Lagniappe has not demonstrated that public disclosure would result in competitive or financial harm").

Here, Chess.com seeks to conceal from public view its Corporate Disclosure Statement because it lists the names and places of citizenship of Chess.com's members.  In support, Chess.com contends that (i) the public interest is "minimal" because the Corporate Disclosure Statement is unrelated to Plaintiff's claims; and (ii) its private interest is greater because "given the high-profile nature of this case," disclosure may be used for "improper purposes" and because disclosure of its "unique organizational structure" may compromise its competitive standing.

Yet, even in the case cited by Chess.com, *Elliott v. Manhattan Cryobank, Inc.*, 2019 U.S. Dist. LEXIS 45761 (E.D. Mo. Mar. 20, 2019) (Motion ¶ 5), this Court concluded that these are not sufficiently "compelling reasons" to overcome the presumption of public access. Like Chess.com, the defendants in *Elliot* moved to file their disclosure of organizational interests under seal "to protect the privacy of its individual members due to the amount of media attention surrounding this case." *Id.* at *2. Like Chess.com, the defendants argued that the public interest is minimal because the information "is not related to the merits of the case." *Id.* at *4. In rejecting both arguments, the Court held that "[t]he mere fact that the production of records may lead to a

litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Further, the Court observed that, other than the defendants' vague assertions, there was "no *evidence* that the court files might be used for improper purposes" or "that the disclosure of organizational interests harm Defendants' competitive standing." *Id.* at *4-5 (emphasis added).

Moreover, Chess.com does not submit any evidence to support its contention that it will suffer harm if its Corporate Disclosure Statement is publicly filed and, instead, relies entirely on the vague speculation of counsel. "In the absence of *evidence* that court files might be used for improper purposes such as to 'gratify private spite' or 'promote public scandal,'" Chess.com's purported interest in keeping their members' "names out of the public record" cannot constitute a "compelling reason." *SEC v. Shanahan*, 2006 U.S. Dist. LEXIS 83209, at *12-13 (E.D. Mo. Nov. 15, 2006) (emphasis added); *Lads Network*, 2022 U.S. Dist. LEXIS 176008, at *5 ("bald assertion" of interest in confidentiality insufficient).

Finally, contrary to Chess.com's assertion, the public's interest in accessing the information in Chess.com's Corporate Disclosure Statement is far from "minimal." "'The common-law right of access to federal courts is designed to promote public understanding of ... what a court does and how a court goes about adjudicating cases,'" and "the Court may not reach the merits of the case without first establishing jurisdiction." *3376 Lake Shore, LLC v. Lamb's Yacht Ctr., Inc.*, 2014 U.S. Dist. LEXIS 192098, at *6 (M.D. Fla. Aug. 25, 2014).  As such, "the public interest in understanding the basis for the court's jurisdiction—in this case, the identity and citizenship of the members—outweighs [Chess.com's] interest in keeping that information confidential." *Id.* at *6-7; *see also S. Fin. Grp., LLC v. Stoess,* 2018 U.S. Dist. LEXIS 104520 (W.D. Ky. June 22, 2018) (denying unopposed request to seal names of defendant-LLC members

to determine jurisdiction). "Furthermore, the members of an LLC are not unsuspecting bystanders caught in the litigational crossfire when the LLC is hauled into court. Rather, under the law, these 'remote disinterested'" members "comprise the parties in this case." *Smith v. Westminster Mgmt., LLC*, 2018 U.S. Dist. LEXIS 12780, at *18 (D. Md. Jan. 26, 2018).

## **CONCLUSION**

Accordingly, Chess.com failed to meet its burden to overcome the presumption of public access to judicial records and its motion should be denied.

Dated: New York, New York
December 16, 2022

    /s/ Andrew J. Urgenson
Terrence A. Oved, Esq.
Andrew J. Urgenson, Esq.
OVED & OVED LLP
*Attorneys for Plaintiff*
401 Greenwich Street
New York, New York 10013
Tel.: 212.226.2700

Matthew Gartner, Esq. (#64320)
THE GARTNER LAW FIRM
*Attorneys for Plaintiff*
220 Salt Lick Road
St. Peters, Missouri 63376
Tel: 636.397.2111
matthew@gartnerlawfirm.com