UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HANS MOKE NIEMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-cv-01110-AGF |
| ) | |
| SVEN MAGNUS OEN CARLSEN, et. al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case is before the Court on the motion of Defendant Chess.com, LLC ("Chess.com") for further direction and an extension of time to file its Disclosure of Organizational Interests pursuant to Federal Rule of Civil Procedure 7.1 and Local Rule 2.09.  (Doc. No. 59).  The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).  "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006).

In Count III of his amended complaint, Plaintiff asserts that all defendants have violated 15 U.S.C. § 1, *et seq.* (the "Sherman Act").  (Doc. No. 20 at 39).  He therefore claims that this Court has jurisdiction over that claim pursuant to 28 U.S.C. §§ 1331 and 1337.  *Id*. at 7.  As to his other claims, Plaintiff explains that the Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  *Id*.  However, in the alternative,

1

Plaintiff also asserts that the Court may exercise diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the amount in controversy is greater than $75,000.  *Id*.

As to diversity jurisdiction, the complaint alleges that Plaintiff is a citizen of Connecticut.  (Doc. No. 20 at 6).  It further alleges Defendant Chess.com, LLC ("Chess.com"), is a Nevada limited liability company with a principal place of business in California.  *Id*.  Specifically, Plaintiff alleges that:

> [u]pon information and belief, Chess.com's members reside in Utah and California. Prior to revising this Complaint, Plaintiff's counsel conferred with counsel for Chess.com, who advised that, to the best of their knowledge, Chess.com does not have any Connecticut citizens as members but that, given its complex organizational structure, Chess.com is unable to identify the citizenship of each of its members at this time.

*Id.*

Unlike a corporation, which is a citizen of its state of organization and its principal place of business, 28 U.S.C. § 1332(c)(1), a limited liability company like Chess.com is a citizen of every state of which any member is a citizen.  *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).  Further, if any member "is itself a partnership or limited liability company, then the identity of each member of each of these entities must be traced until we reach a corporation or natural person." *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 829 (7th Cir. 2020).

Generally, the proponent of jurisdiction must provide sufficient information for the Court to determine the citizenship of the parties.  *See Walker v. Norwest Corp.,* 108 F.3d 158, 161 (8th Cir. 1997).  However, Federal Rule of Civil Procedure 7.1 was very

recently amended, effective December 1, 2022, to require:

> In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name — and identify the citizenship of — every individual or entity whose citizenship is attributed to that party or intervenor: (A) when the action is filed in or removed to federal court, and (B) when any later event occurs that could affect the court's jurisdiction under§ 1332(a).

Fed. R. Civ. P. 7.1(a)(2) (effective Dec. 1, 2022).  This Disclosure Statement must be filed with a party's first appearance or filing addressed to the Court.  *See* Fed. R. Civ. P. 7.1(b) (effective Dec. 1, 2022).

When addressing the issue of diversity jurisdiction on December 2, 2022, the Court initially found that Plaintiff sufficiently pled Chess.com's citizenship after a reasonable inquiry under the circumstances.  (Doc. No. 57) (citing *Key Enterprises, LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM), 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013)).  The Court additionally required Chess.com to file a Disclosure Statement in compliance with Rule 7.1 which names and identifies the citizenship of each "individual or entity whose citizenship is attributed to" Chess.com.  *Id*.  (citing Fed. R. Civ. P. 7.1).  However, Chess.com now explains that it is not able to fully identify the citizenship of each individual or entity whose membership comprises the LLC.  (Doc. No. 59).

Chess.com explains that its sole member is Checkmate Intermediate Holdings LLC, whose sole member, in turn, is Chess Holdings, LLC ("HoldCo.").  (Doc. No. 59 at 3).  HoldCo. is comprised of "dozens" of members, several of which are also LLCs and limited partnerships.  *Id*.  After discussion with its investors, Chess.com estimates that these LLCs and limited partnerships have "hundreds[,] if not thousands[,] of members

3

and/or partners." *Id*. These members are not owned, operated, or controlled by Chess.com, and they are not parties to the present litigation. *Id*. Chess.com therefore requests that the Court permit it to limit its Disclosure Statement to HoldCo. and grant Chess.com an additional time to file its disclosure. *Id*. at 4-5.

The recently amended Rule 7.1 does not address "the questions that may arise when a disclosure statement . . . indicate[s] that the party or intervenor cannot ascertain the citizenship of every individual or entity whose citizenship may be attributed to it." Advisory Committee Notes to 2022 Amendments to Rule 7.1(a)(2). Further, the Rule "recognizes that the court may limit the disclosure in appropriate circumstances", such as when "there is no apparent need to support discovery by other parties to go behind the disclosure." *Id*. *See also Foresight Energy LLC v. Ace Am. Ins. Co.*, Case No. 4:22-cv-00887-JAR, (E.D. Mo. Oct. 22, 2022) (Doc. No. 89) (finding that the plaintiff LLC's disclosures were sufficient and that the possibility of a minimal, distant connection did not justify the heavy burden of further disclosures when the plaintiff's number of third-tier members ran into the thousands). The Court will therefore grant Chess.com's request to limit its corporate disclosures to HoldCo.

As to the question of diversity jurisdiction, it appears that there is no basis for Plaintiff's allegation "on information and belief" that none of Chess.com's members are citizens of Connecticut. Rather, Chess.com has made clear that its membership is comprised of several layers of LLC and limited partnership members, which themselves likely include thousands of members and partners. As Chess.com has not been able to review the citizenship of these thousands of partners or members, it is impossible to

know whether Chess.com is, in fact, diverse from Plaintiff. In these situations, the Court is persuaded by review of federal case law that it cannot find that the parties are diverse. *See, e.g., Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (holding that where the syndicate defendant was unable to disclose the "identity, let alone the citizenship" of its thousands of members, it was impossible "to say that complete diversity exists" and the Court thus could not have diversity jurisdiction over the case). Therefore, the Court will hear this case based solely on federal-question and supplemental jurisdiction, as it cannot find on this record that it has diversity jurisdiction over this case.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chess.com, LLC's motion for further direction and extension of time is **GRANTED**. ECF No. 59. The above-named Defendant must file its Disclosure Statement on or before **January 13, 2023**, and it need not trace its membership past Chess Holdings, LLC.

**IT IS FURTHER ORDERED** that the Court will hear this case only on the bases of federal question jurisdiction and supplemental jurisdiction. It will not hear the case on the basis of diversity jurisdiction.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2023.