UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI: EASTERN DIVISION

| | |
|---|---|
| HANS MOKE NIEMANN, ) <br> ) <br> *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> SVEN MAGNUS ØEN CARLSEN A/K/A ) <br> MAGNUS CARLSEN, PLAY MAGNUS ) <br> AS D/B/A PLAY MAGNUS GROUP, ) <br> CHESS.COM, LLC, DANIEL RENSCH ) <br> A/K/A "DANNY" RENSCH, AND ) <br> HIKARU NAKAMURA, ) <br> ) <br> *Defendants.* ) | Civil Action No. 4:22-CV-01110 <br><br> Hon. Audrey G. Fleissig |

**PLAINTIFF HANS MOKE NIEMANN'S RESPONSE TO MAGNUS CARLSEN, CHESS.COM, LLC, AND HIKARU NAKAMURA'S MOTION FOR LEAVE TO FILE OVERSIZED BRIEFS AND CROSS-MOTION FOR PROPORTIONATE RELIEF**

Plaintiff Hans Moke Niemann ("Plaintiff") respectfully submits this opposition to Defendants Magnus Carlsen, Chess.com, LLC ("Chess.com") and Hikaru Nakamura's (collectively, "Defendants") joint motion to file oversized briefs in support of their separate motions to dismiss, and alternatively, cross-moves for proportionate relief.

In support, Plaintiff states as follows:

1. On November 29, 2022, the Court granted Carlsen and Chess.com's unopposed motion to file non-duplicative briefs of 25 pages each in support of their prior motions to dismiss. As Chess.com and Carlsen noted in that motion, Plaintiff consented to this request provided that he "be afforded an equal number of pages in response" and the ability to file a consolidated opposition brief. ECF. No. 35.

1

2.      During the parties' discussion regarding that motion, Carlsen and Chess.com did not object to this reciprocal request. Had they not agreed to Plaintiff's proposal, they could not have designated their motion "unopposed."

3.      On December 2, 2022, Carlsen filed a 25-page brief in support of his motion to dismiss (ECF No. 44), Chess.com filed a non-duplicative 25-page brief in support of its motion to dismiss (ECF No. 47), and Daniel Rensch, an officer of Chess.com, filed a separate non-duplicative 9-page brief in support of his motion to dismiss (ECF No. 55). On December 7, 2022, Hikaru Nakamura filed a 14-page brief in support of his motion to dismiss. ECF No. 61.

4.      Combined, Defendants filed 75 pages of briefing. Because Carlsen and Chess.com split arguments between their two briefs, they effectively filed a 50-page joint memorandum. For example, Chess.com incorporates by reference 11 pages of Anti-SLAPP arguments from Carlsen's brief, and Carlsen incorporates by reference 7 pages of antitrust arguments from Chess.com's brief.

5.      Yet, despite previously having no objection to allowing Plaintiff an equal number of pages in opposition, Chess.com and Carlsen suddenly indicated that they would only agree to allowing Plaintiff to file a consolidated *40-page brief to respond to all four motions*.

6.      The issue did not require judicial intervention because Plaintiff elected to file a second amended complaint on January 10, 2023.

7.      On January 12, 2023, counsel for Defendants again requested Plaintiff's consent to file enlarged briefs, now seeking to file a total of 95 pages of opening briefing (30 for Chess.com, 30 for Mr. Carlsen, 20 for Mr. Nakamura and 15 for Mr. Rensch).

8.      Plaintiff believes that 95 pages for Defendants' opening briefs is excessive, particularly given that Chess.com and Mr. Carlsen indicated they will file similar briefs, again coordinating to split their arguments between their two briefs, effectively affording them a 60-

page joint memorandum, which is four times this Court's limit. Moreover, given that Rensch is an officer of Chess.com, both of whom are represented by the same counsel, they could easily rely upon a single brief.

9. Nonetheless, Plaintiff would not have opposed this request as a matter of course provided that Defendants agreed to allow Plaintiff a similar number of pages for opposition, and an extension of time to file it that is commensurate with the number and size of Defendants' anticipated motions, and which took into consideration Plaintiff's counsel's large-scale arbitration scheduled in February.

10. Given Defendants' previous reversal regarding allowing Plaintiff equal pages for opposition, Plaintiff sought to confirm such agreement in a written stipulation.

11. This time, Defendants flatly rejected Plaintiff's request for an equal number of pages, as well as Plaintiff's request for a 26-day extension of time to file his opposition, while also refusing to provide a counter-proposal.

12. While counsel for Carlsen vaguely indicated that Defendants were amenable to a "reasonable courtesy," Defendants refused provide any indication whatsoever as to what they considered reasonable, while insisting that the 14-day statutory period was already sufficient.

13. Moreover, in the email that Defendants attached as Exhibit A to their motion, which Carlsen's counsel transmitted solely for the purpose of submitting it to the Court 15 minutes later, Carlsen's counsel accused Plaintiff's counsel of being "inaccurate and misleading," and "conditioning [Plaintiff's] agreement to [Defendants'] request to enlarge the page limits on [Defendants] agreeing to Mr. Niemann having 40 days to file opposition."

14. This is not true. While Plaintiff did request a 26-day extension, he also indicated that he was willing to a consider a shorter period to alleviate the need to burden the Court with

3

needless motion practice. And, in any event, the amount of time Plaintiff requested was irrelevant given that Defendants would not even consent to the reciprocal courtesy of equal pages.

15. Had Defendants simply agreed to allow Plaintiff a similar number of pages to respond to Defendants' four separate motions and a reasonable extension of time to file his opposition in light of Plaintiff's counsel's pre-existing commitments and the number and size of Defendants' briefs, this disagreement could have been avoided entirely.

16. Fairness dictates Plaintiff be afforded the same number pages as Defendants given that they intend to file non-duplicative briefs, and Plaintiff be afforded sufficient additional time to file his opposition given the number and size of Defendants' anticipated briefs, which takes into consideration Plaintiff's counsel's pre-existing professional commitments.

17. Prior to filing this motion, counsel for Plaintiff invited Defendants to reconsider their positions in order to alleviate the need for this motion but received no response.

18. Accordingly, Plaintiff is constrained to respectfully request that the Court either deny Defendants' motion to file oversized briefs or, alternatively, order that Plaintiff be afforded an equal number of pages for a consolidated opposition and a 26-day extension of time (*i.e.* until March 2, 2022) to respond to all four of Defendants' voluminous motions to dismiss.

Dated: New York, New York
       January 13, 2023                                    Respectfully submitted,

                                                              *s/Andrew J. Urgenson*
                                                              Terrence A. Oved, Esq.
                                                              (admitted *pro hac vice*)
                                                              Darren Oved, Esq.
                                                              (admitted *pro hac vice*)
                                                              Andrew Urgenson, Esq.
                                                              (admitted *pro hac vice*)
                                                              James Reilly, Esq.
                                                              (admitted *pro hac vice*)
                                                              OVED & OVED LLP
                                                              *Attorneys for Plaintiff*

                                                                                                                                                                   401 Greenwich Street  
                                                                                                                                                                    New York, New York 10013  
Tel: 212.226.2700

*and*

Matthew Gartner, Esq. (#64320)  
THE GARTNER LAW FIRM  
*Attorneys for Plaintiff*  
220 Salt Lick Road  
St. Peters, Missouri 63376  
Tel: 636.397.2111  
matthew@gartnerlawfirm.com

5