UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI: EASTERN DIVISION

| | | |
|---|---|---|
| HANS MOKE NIEMANN, | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 4:22-CV-01110 |
| | ) | |
| v. | ) | |
| | ) | Hon. Audrey G. Fleissig |
| SVEN MAGNUS ØEN CARLSEN A/K/A | ) | |
| MAGNUS CARLSEN, PLAY MAGNUS | ) | |
| AS D/B/A PLAY MAGNUS GROUP, | ) | |
| CHESS.COM, LLC, DANIEL RENSCH | ) | |
| A/K/A "DANNY" RENSCH, AND | ) | |
| HIKARU NAKAMURA, | ) | |
| | ) | |
| *Defendants.* | ) | |

**PLAINTIFF HANS MOKE NIEMANN'S MOTION FOR LEAVE TO
CONDUCT JURISDICTIONAL DISCOVERY AND, ALTERNATIVELY,
TO AMEND ORDER TO PERMIT APPEAL**

Plaintiff Hans Moke Niemann ("Plaintiff") respectfully submits this motion for an order (i) granting Plaintiff leave to conduct jurisdictional discovery from defendant Chess.com, LLC ("Chess.com") or, alternatively, (ii) amending the Court's Memorandum and Order dated January 3, 2023 (Dkt. 74, the "Order") to permit Plaintiff to appeal the Order on interlocutory appeal under 28 U.S.C. § 1292(b).  In support, Plaintiff states as follows:

1.  On November 22, 2022, Plaintiff filed an amended complaint alleging that Plaintiff is a citizen of Connecticut and that counsel for Chess.com advised Plaintiff that, "to the best of their knowledge, Chess.com does not have any Connecticut citizens as members."  Dkt. 20 ¶¶ 19, 22; *accord* Dkt. 75 (Second Amended Complaint) ¶¶ 20, 23.  A copy of Chess.com's counsel's email dated November 21, 2022 is attached hereto as **Exhibit A**.  Plaintiff was unable to plead Chess.com's citizenship with any greater specificity because the citizenship of Chess.com's members is not publicly available.

2.      On December 2, 2022, the Court issued a Memorandum and Order directing all parties

to "file a Disclosure Statement in compliance with Federal Rule of Civil Procedure 7.1, as amended

(effective Dec, 1, 2022)."  Dkt. 57.  In that Memorandum and Order, the Court determined that:

> With respect to Chess.com, Plaintiff has pled the LLC's citizenship after a
> reasonable inquiry under the circumstances, and thus, Plaintiff's allegations
> sufficiently demonstrate Chess.com's diversity of citizenship at this stage of the
> proceedings. *See Key Enterprises, LLC v. Morgan*, No. 12-CV-2628 (PJS/JSM),
> 2013 WL 353911, at *1 (D. Minn. Jan. 29, 2013) (quoting Federal Rule of Civil
> Procedure 11(b) in requiring that allegations laid out in a complaint are supported
> by an attorney's knowledge, information, and belief, formed after an inquiry
> reasonable under the circumstances).

*Id.* p. 4.

3.      On December 9, 2022, Chess.com filed a partial Fed. R. Civ. P. 7.1 disclosure

statement under seal.  In that disclosure statement, Chess.com confirmed its prior representation to

Plaintiff's counsel by not identifying any Chess.com member that is a Connecticut citizen.

4.      Chess.com further stated that it was "not currently feasible" to disclose all of its

members and sub-members and, on that basis, requested further direction and an extension of time

from the Court to file a complete Fed. R. Civ. P. 7.1 disclosure statement.  While the extent of

Chess.com's efforts before making this statement has not been established, the fact that Chess.com

sought an extension of time to do so indicates that Chess.com could, if given such time, comply with

Fed. R. Civ. P. 7.1.

5.      On January 3, 2023, the Court issued the Order, holding that Chess.com need not trace

all its members and sub-members and, accordingly, that the Court "will not hear the case on the basis

of diversity jurisdiction."  Dkt. 74.

6.      In reaching this conclusion, the Court recognized that Fed. R. Civ. P. 7.1, as recently

amended, does not address "the questions that may arise when a disclosure statement . . . indicate[s]

that the party or intervenor cannot ascertain the citizenship of every individual or entity whose

citizenship may be attributed to it."  *Id.* p. 4.  The Court held, however, that "in these situations, the

2

Court is persuaded by review of federal case law that it cannot find that the parties are diverse," citing *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010).  *Id.* p. 5.

7.    In its parenthetical for the *Lloyd's* citation, the Court described that decision as "holding that where the syndicate *defendant* was unable to disclose the 'identity, let alone the citizenship' of its thousands of members, it was impossible 'to say that complete diversity exists' and the Court thus could not have diversity jurisdiction over the case."  *Id.* (emphasis added).

8.    Plaintiff respectfully submits that the facts in *Lloyd's* are inapposite.

9.    Unlike here, where the citizenship of a defendant is at issue, *Lloyd's* involved the citizenship of the *plaintiff*, Underwriters at Lloyd's, London ("Lloyd's"), which commenced an action in federal court on diversity grounds without alleging its own citizenship.  613 F.3d at 1088 ("The Lloyd's syndicates who are the plaintiffs in this case…").  As the plaintiff affirmatively invoking diversity jurisdiction, Lloyd's would not need discovery from its adversary to determine its own citizenship, or have any conceivable reason to avoid its chosen forum.  Here, Plaintiff has adequately pleaded his citizenship and Chess.com was involuntarily brought to this Court.

10.    Unlike Chess.com, Lloyd's was not a limited liability company.   It was an unincorporated insurance association that operated through administrative entities called syndicates. *Id.* at 1083.  "The district court described Lloyd's as consisting of 'over 400 separate syndicates and over 30,000 members,' and reasoned that disclosing the citizenship of 'all underwriters at Lloyd's' would be 'unwieldy.'"  *Id.* at 1084.  The district court concluded that Lloyd's disclosure of only its lead underwriter's citizenship was sufficient to establish diversity jurisdiction.  *Id.* at 1081.

11.    After Lloyd's obtained summary judgment, the Court of Appeals for the Eleventh Circuit reversed the district court's finding with respect to subject matter jurisdiction but, unlike here, did not conclude that the district court lacked diversity jurisdiction. Rather, the appellate court "remand[ed] the case for further proceedings consistent with [its] opinion" to "afford the [plaintiff

Lloyd's] a further opportunity to revise their complaint to establish complete diversity of citizenship." *Id.* at 1093.

12.     Here, in order to afford Plaintiff that same opportunity, Plaintiff requires jurisdictional discovery from Chess.com.

13.     Where, as here, a defendant-LLC's citizenship is unclear from the public record or its Fed. R. Civ. P. 7.1 disclosure statement, jurisdictional discovery is the appropriate remedy.

14.     In *Health v. Stoltze Specialty Processing, LLC*, 2022 U.S. Dist. LEXIS 228070 (S.D.N.Y. Dec. 19, 2022), the plaintiff alleged that the defendant was a limited liability company whose members included an individual and ten trusts.  *Id.* at *1-2.  After describing the steps it took to identify the defendant's members' citizenship, the plaintiff "determined that any further information is not currently available to us and may only be learned through jurisdictional discovery." *Id.*  While holding that the plaintiff failed to meet its burden of establishing the parties' citizenship, the court granted the plaintiff leave to conduct jurisdictional discovery to determine "the name and citizenship of all members of [the defendant]," including the trusts' trustees.  *Id.* at *4; *see also KC Ravens, LLC v. Micah Energy Corp.*, 2013 U.S. Dist. LEXIS 197065, at *2-3 (W.D. Mo. Oct. 17, 2013) (granting jurisdictional discovery, where party "made a preliminary showing that it is reasonably likely that diversity jurisdiction exists," because "LLC membership information is rarely a matter of public record, a party, who in good-faith on the basis of limited information, invokes diversity jurisdiction against an LLC may need to conduct jurisdictional discovery to convince the court that jurisdiction exists."); *Nippon Paper Indus. USA Co., LTD v. Ga. Pac., LLC*, 2023 U.S. Dist. LEXIS 13823 (W.D. Wash. Jan. 26, 2023) (ordering defendant-LLC to file amended disclosure statement fully complying with FRCP 7.1 and noting that "[f]ailure to do so may result in sanctions," where plaintiff alleged that "[u]pon information and belief," no member of defendant is a citizen of

Washington but the disclosure statement "does not provide all of the information required under Local Civil Rule 7.1 and necessary for the Court to determine if it has jurisdiction over this matter").

15. The Court should reach the same conclusion here.  In seeking to establish Chess.com's citizenship, Plaintiff investigated the publicly available information and concluded that neither Chess.com nor its known affiliates had any connection to Connecticut.

16. Moreover, Plaintiff consulted directly with Chess.com's counsel, who affirmatively represented that, to the best of their knowledge, no member of Chess.com is a Connecticut citizen. As this Court initially held, "Plaintiff's allegations sufficiently demonstrate Chess.com's diversity of citizenship at this stage of the proceedings."  Dkt. 57 p. 4.

17. Indeed, this Court has previously held that representations similar to those made by Chess.com were sufficient to establish jurisdiction.  *See Fever v. Westin*, 2012 U.S. Dist. LEXIS 65682, at *4-6 (E.D. Mo. May 10, 2012) (diversity jurisdiction established where affiant "attests that no members of defendant HEI St. Louis LLC are citizens of Missouri" and "Counsel for defendant Starwood represents that its client's principal place of business is in Connecticut").

18. Moreover, at no time has Chess.com ever challenged this Court's diversity jurisdiction.  Instead, Chess.com has merely requested direction and additional time to complete its Fed. R. Civ. P. 7.1 disclosure statement.

19. Based on the foregoing, Plaintiff has made a preliminary showing that it is reasonably likely that Chess.com's citizenship is diverse from Plaintiff and, accordingly, Plaintiff should be granted leave to conduct jurisdictional discovery from Chess.com.

20. Without jurisdictional discovery in these circumstances, Chess.com's efforts and ability to identify its members and sub-members' citizenship cannot be established, and Chess.com,

and any other LLC alleging a complex membership structure, will be afforded an escape hatch from any federal action brought on diversity grounds.[1]

21.     If the Court is not inclined to grant Plaintiff leave to conduct jurisdictional discovery from Chess.com, Plaintiff respectfully requests that the Court amend its Order to certify this question for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).[2]

22.     As the Court recognized in the Order, Fed. R. Civ. P. 7.1, as recently amended, does not address "the questions that may arise when a disclosure statement . . . indicate[s] that the party or intervenor cannot ascertain the citizenship of every individual or entity whose citizenship may be attributed to it."  Dkt. 74 p. 4.

23.     Given the importance of this unsettled issue, justice would be best served by permitting the issue to proceed directly to the Court of Appeals so that this question can be resolved uniformly throughout the Circuit.  Judicial economy would also best be served by resolving this threshold issue earlier in the case.

24.     For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to conduct jurisdictional discovery from Chess.com, or, alternatively, amend its Order to permit and certify this question for interlocutory appeal.

Dated: New York, New York
      January 30, 2023                              Respectfully submitted,

                                               *s/Andrew J. Urgenson*
                                               Terrence A. Oved, Esq.
                                               (admitted *pro hac vice*)
                                               Darren Oved, Esq.
                                               (admitted *pro hac vice*)
                                               Andrew Urgenson, Esq.
                                               (admitted *pro hac vice*)
                                               James Reilly, Esq.

---

[1] To the extent that Chess.com has privacy concerns regarding its members' identification, Plaintiff will stipulate to keeping their identities confidential, and having only their citizenships identified in Court for the purposes of establishing jurisdiction.
[2] Plaintiff's request is without prejudice to his right to seek an appeal under the collateral order doctrine.

(admitted *pro hac vice*)
OVED & OVED LLP
*Attorneys for Plaintiff*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2700

*and*

Matthew Gartner, Esq. (#64320)
THE GARTNER LAW FIRM
*Attorneys for Plaintiff*
220 Salt Lick Road
St. Peters, Missouri 63376
Tel: 636.397.2111
matthew@gartnerlawfirm.com