**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

HANS MOKE NIEMANN,

       Plaintiff,

    v.

SVEN MAGNUS ØEN CARLSEN A/K/A
MAGNUS CARLSEN, PLAY MAGNUS AS
D/B/A PLAY MAGNUS GROUP, CHESS.COM,
LLC, DANIEL RENSCH A/K/A "DANNY"
RENSCH, AND HIKARU NAKAMURA,

       Defendants.

Case No. 4:22-cv-01110-AGF

Hon. Audrey G. Fleissig

**DEFENDANT CHESS.COM, LLC'S OPPOSITION TO PLAINTIFF'S MOTION FOR**
**LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND, ALTERNATIVELY,**
<u>**TO AMEND ORDER TO PERMIT APPEAL**</u>

**INTRODUCTION**

Over a month ago, upon a showing by Defendant Chess.com, LLC ("Chess.com") that identifying its citizenship is impracticable, the Court concluded it would evaluate Plaintiff Hans Niemann's claims on the basis of federal-question and supplemental jurisdiction. (ECF No. 74 (the "Order").)  Apparently concerned that the Court will dismiss his baseless antitrust claims and then decline to exercise supplemental jurisdiction over his state-law claims, Niemann now asks the Court to reconsider its Order under the guise of a motion for unnecessary jurisdictional discovery and/or leave to file an appeal. (ECF No. 95.)  Niemann's Motion for Leave to Conduct Jurisdictional Discovery and, Alternatively, to Amend Order to Permit Appeal, ECF No. 95 (the "motion"), is procedurally flawed and substantively meritless.  And it serves no purpose other than to try to further delay proceedings and drive up legal costs—a gambit made evident by the frivolous interlocutory appeal Niemann purported to file two days after filing the motion.  It is undisputed that this Court *does* have subject-matter jurisdiction over all of Niemann's claims regardless of whether diversity jurisdiction exists.

The Court should deny Niemann's motion for at least five reasons—the first three of which are procedural and the latter two substantive.

*First*, the motion is not ripe.  As noted, the Court already has ruled that it is exercising federal question jurisdiction *and* supplemental jurisdiction under 28 U.S.C. § 1367.  Under that statute, the Court may retain jurisdiction of state law claims *even if* it elects to dismiss federal claims.  Since commencing this action in October 2022, Niemann has filed three complaints, and defendants have filed two rounds of motion to dismiss briefing.  Niemann's antitrust and state-law tort claims are all based on the same flawed theories, and the tort claims raise straightforward questions of state law.  So even if the Court concludes that Niemann has failed to state federal claims under the antitrust laws—as Niemann evidently fears it will—all parties apparently agree that the Court can and should continue to exercise its supplemental jurisdiction here to resolve and

1

dispose of Niemann's other claims.

*Second*, the motion seeks early discovery, and Local Rule 3.04 demands that parties at least attempt to meet and confer prior to filing such a request.  Niemann did not.

*Third*, Niemann's motion asks the Court to *reconsider* the reasoning in its Order.  In doing so, however, Niemann does not even attempt to follow the appropriate procedural steps for seeking reconsideration of a Court order.

*Fourth*, Niemann does not satisfy his burden in demonstrating that jurisdictional discovery is appropriate.  Indeed, the discovery he seeks is harassing and pointless.  As the Court held, Chess.com cannot reasonably determine the citizenship of its hundreds or potentially thousands of indirect members and partners.  Attempting to do so would not only burden Chess.com, but also would require substantial third-party discovery without any guarantee that Niemann would ever be able to ascertain the citizenship of all members and partners of Chess.com.

*Fifth*, and finally, Niemann asks the Court to certify an interlocutory appeal under 28 U.S.C. § 1292(b) relating to his request for jurisdictional discovery.  It is not clear whether he still seeks this relief, given that he elected to notice a baseless appeal two days after requesting certification. (ECF No. 97.)  Nevertheless, he fails to mention—let alone satisfy—any of the factors necessary to permit a section 1292(b) appeal under federal law.

Chess.com thus respectfully requests that the Court deny the motion.

## ARGUMENT

I.      **THE MOTION IS PROCEDURALLY IMPROPER.**

A.      **The Motion Is Not Ripe; The Court Has Subject Matter Jurisdiction.**

Niemann's request for jurisdictional discovery is not ripe.  As explained in the Order and by Niemann himself in his Second Amended Complaint ("SAC") (ECF No. 75), regardless of diversity jurisdiction, this Court has "federal question jurisdiction and supplemental jurisdiction" in this case.  (Order at 1, 5 (citing 28 U.S.C. §§ 1331, 1367); *see* SAC ¶ 26.)  All parties and the

Court agree that the Court has subject-matter jurisdiction as to *all* the claims in this case:  The Court has federal-question jurisdiction over Niemann's federal antitrust claims, *see* 28 U.S.C. § 1331, and the Court has supplemental jurisdiction over Niemann's state law claims because they are "related" to and "part of the same case or controversy" underlying his federal claims, *id.* § 1367(a).  Because the Court has a sufficient jurisdictional basis for each of Niemann's claims, there is no need for it to *also* exercise diversity jurisdiction—and certainly no need to order discovery regarding diversity jurisdiction.  (*See* Order at 1-2 (noting Niemann alleged diversity jurisdiction as merely an "alternative" jurisdictional basis).)

Niemann's insistence that Chess.com will be "afforded an escape hatch" unless he is allowed to conduct such discovery (Mot. ¶ 20) seems to assume—contrary to his own SAC and the Court's Order—that the Court *lacks* federal-question jurisdiction and supplemental jurisdiction.  It is true that the claims on which the Court's federal question jurisdiction is based should be dismissed.  But that would not deprive the Court of supplemental jurisdiction over the remaining state-law claims, which the Court can and should dismiss on their merits.  *See, e.g.*, *Brown v. Mortg. Elec. Registration Sys., Inc.*, 738 F.3d 926, 933-34 (8th Cir. 2013) (affirming district court's retention of supplemental jurisdiction in order to dismiss remaining claims on merits).  Indeed, even were the Court to "dismiss[] all claims over which it has original jurisdiction," it has the "discretion in retaining jurisdiction over state law claims." *Schultz v. Sw. Credit Sys., LP*, 2017 WL 11457912, at \*13 (N.D. Iowa Oct. 13, 2017) (citing *Shultz v. Buchanan*, 829 F.3d 943, 951 (8th Cir. 2016)).  The factors of "judicial economy, convenience, fairness, and comity" weigh in favor of the Court exercising such discretion here.  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  In particular, judicial economy and convenience would be best served by retaining jurisdiction because Niemann's antitrust claims are wholly derived from his state-law claims, *see Schultz*, 2017 WL 11457912, at \*13 (retaining jurisdiction over state law claims due to "the similarity between the causes of action"), and because this Court "ha[s] already

3

expended a great deal of time and resources with the issues" in managing Niemann's three complaints, *Brown*, 738 F.3d at 933 (affirming district court's retention of state law claims at the motion to dismiss stage).  And it would be fair to the parties and "a proper application of comity" for the Court to retain jurisdiction over Niemann's state law claims because "[t]he causes of action are not novel" and they "involve[] well-understood and settled principles" of state law.  *Id.*

Accordingly, the existence of diversity jurisdiction is irrelevant, and any dispute about whether the Court can exercise diversity jurisdiction is not ripe.

### B.       Niemann Violated Local Rule 3.04 By Failing To Meet And Confer.

The Court should also deny the motion because Niemann ignored Local Rule 3.04.  That rule required his lawyers to meet and confer with Chess.com's counsel in advance of filing a motion relating to discovery, and to include within the motion a statement attesting to those efforts. This rule is not simply a formality, but a necessary tool for the Court to manage its busy docket and avoid discovery disputes (like the one here) that do not merit immediate judicial attention.

In particular, Local Rule 3.04(A) states that "[t]he Court ***will not consider*** any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord."  L.R.  3.04(A) (emphasis added).  It is clear that Niemann's motion "relat[es] to discovery" given he seeks "leave to conduct jurisdictional discovery" and that Local Rule 3.04(A) therefore applies.  Niemann's counsel made no such efforts to meet and confer in advance of filing his motion.  That failure to follow Local Rule 3.04(A) warrants denial.  *See, e.g., Gregg v. B&G Transp., LLC*, 2021 WL 6932965, at *1 (E.D. Mo. Nov. 30, 2021) ("As a result of Defendants' failure to comply with Local Rule 3.04(A), the Court will not consider the instant motion and will deny the same without prejudice."); *Myles v. Dierberg's Markets, Inc.*, 2009 WL 4042120, at *1 (E.D. Mo. Nov. 19, 2009) (denying discovery motion for failure to comply with Local Rule

3.04(A)); *Johnson v. Doyle*, 2008 WL 2397380, at \*1 (E.D. Mo. June 9, 2008) (Fleissig, J.) ("[T]he Court notes that even if plaintiff's motion was not premature, it would be denied for plaintiff's failure to comply with Local Rule 3.04(A)").

### C. Niemann's Request Is An Improper "Motion For Reconsideration."

Beyond his failure to meet and confer, Niemann's motion fails because it is a transparent motion for reconsideration of the Court's Order, albeit styled as a request for discovery. In the Order, the Court stated very plainly: "[T]he Court will hear this case only on the bases of federal question jurisdiction and supplemental jurisdiction. *It will not hear the case on the basis of diversity jurisdiction.*" (Order at 4-5 (emphasis added).)

Niemann's motion, however, asks the Court for jurisdictional discovery to establish diversity jurisdiction, *i.e.*, the very basis on which the Court said it "will not hear the case." But the motion does not correctly seek reconsideration of the Court's Order, nor does it even mention—let alone attempt to satisfy—the strict standard governing such a request. *See, e.g.*, *In re K-V Pharm. Co. Sec. Litig.*, 2014 WL 2559137, at \*3 (E.D. Mo. June 6, 2014) (Fleissig, J.), *aff'd*, 791 F.3d 915 (8th Cir. 2015). That standard forbids reconsideration requests that merely act as "a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration is sought." *Id.* And here, the Court's Order followed a motion and request by Chess.com, which Niemann chose not to oppose. (*See* ECF No. 59.) Niemann thus could have, but failed to, raise any of the legal arguments he now raises. And he is now barred from doing so.

Niemann does not surmount the high bar necessary to support "relitigation of this issue." *Jo Ann Howard & Assocs., P.C. v. Cassity*, 2018 WL 6067294, at \*12 (E.D. Mo. Nov. 20, 2018). He cannot simply circumvent the Order by seeking discovery on an issue the Court has decided.

## II. THE MOTION IS SUBSTANTIVELY MERITLESS; NIEMANN IS NOT ENTITLED TO JURISDICTIONAL DISCOVERY.

Putting aside the procedural issues with Niemann's motion, his request for jurisdictional

5

discovery also fails to satisfy the standard for obtaining such discovery.  As Niemann's own authority makes clear, although district courts have "discretion" to order jurisdictional discovery, "[s]uch discretion should be exercised with caution." *Health v. Stoltze Specialty Processing, LLC*, 2022 U.S. Dist. LEXIS 228070, at \*3 (S.D.N.Y. Dec. 19, 2022) (citation omitted); *accord Jordan v. Charter Commc'ns, Inc.*, 2019 WL 1409353, at \*4 (E.D. Mo. Mar. 28, 2019).  Jurisdictional discovery is warranted only if such "discovery 'would likely' reveal facts necessary to support jurisdiction."  *Doshier v. Twitter, Inc.*, 2019 WL 4559357, at \*2 (E.D. Ark. Sept. 19, 2019) (quoting *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011)).  "The burden is on the plaintiff in seeking jurisdictional discovery," *Fever v. Westin, St. Louis*, 2012 WL 1657062, at \*2 (E.D. Mo. May 10, 2012), and that burden is not satisfied when "'a plaintiff offers only speculation or conclusory assertions' about the need for jurisdictional discovery," *Jordan*, 2019 WL 1409353, at \*4.

Under these principles, jurisdictional discovery is not warranted here.  The facts necessary to support this Court's subject-matter jurisdiction are undisputed—Niemann has asserted two claims arising under federal antitrust law, and the Court has supplemental jurisdiction over his remaining state-law claims.  At present, no other facts are needed to confirm that this Court has subject-matter jurisdiction over all of Niemann's claims.

It is possible that additional jurisdictional facts could later become relevant.  But Niemann has not shown that jurisdictional discovery is likely to uncover those facts.  As this Court explained in its Order, "it is impossible to know whether Chess.com is, in fact, diverse from Plaintiff" because "Chess.com has not been able to review the citizenship of [the] thousands of partners or members."  (Order at 4-5.)  And that ruling reflected the reality that "the vast majority of these LLC and LP members of [Chess.com's parent] HoldCo are not owned, operated, or controlled by Chess.com," and "[s]everal non-party entities upon which Chess.com has no control have indicated that providing the information sought by the Court's order would pose a significant burden[.]"

(ECF No. 59 at ¶¶ 14, 16.)  Thus, as undersigned counsel has consistently represented, "given its complex organizational structure, [Chess.com] [is] unable to identify the citizenship of each of its members at this time."  (ECF No. 95-1 at p. 2 (Nov. 21, 2022 email from N. Mohebbi to A. Urgenson).).)[1]

Niemann has provided no reason to suspect that, if he were permitted to engage in jurisdictional discovery, the task of determining the citizenship of hundreds or even thousands of partners or members several levels removed from Chess.com would be any less of an impracticable challenge.  Not a single case Niemann cites in his motion concerns circumstances like here where a party has attested without objection to having potentially thousands of partners or members whose citizenship the Court has determined would be relevant to determining diversity.  *See Health*, 2022 U.S. Dist. LEXIS 228070, at *1-2 (cited in Mot. at ¶ 14) (members consisting of only one individual and 10 trusts); *KC Ravens, LLC v. Micah Energy Corp.*, 2013 U.S. Dist. LEXIS 197065, at *1 (W.D. Mo. Oct. 17, 2013) (cited in Mot. at ¶ 14) (no articulated difficulty in determining LLC membership of plaintiff); *Nippon Paper Indus. USA Co., LTD v. Ga. Pac., LLC*, 2023 U.S. Dist. LEXIS 13823, at *1 (W.D. Wash. Jan. 26, 2023) (cited in Mot. at ¶ 14) (no articulated difficulty in determining LLC membership of defendant and defendant failed to even attempt to trace its membership beyond its first level member).

Moreover, Niemann's requested discovery *from Chess.com* would not get him any closer

---

[1] Despite Niemann's suggestion to the contrary (Mot. ¶¶ 7-9), the Eleventh Circuit's decision in *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010), supports the proposition that if any party—plaintiff or defendant—is unable to ascertain and disclose the "identity, let alone the citizenship," of all of its members, the Court cannot find that it has diversity jurisdiction over the case.  *Id.* at 1092 (quoting *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998)).  The Order's inclusion of the word "defendant" instead of "plaintiff" to describe the case (Order at 5) is thus beside the point.  The Eleventh Circuit held that the identity, and thus citizenship, of the 30,000 "Names" Niemann references were not relevant for determining diversity, but it was instead "only those subscribing Names that would have to be disclosed[.]" *Id.* at 1091.  The Court did not reference how many "subscribing Names" there were. *See generally id.*

to establishing total diversity.  As Chess.com explained in its motion for further direction (ECF No. 59) and the accompanying declaration of Bryce Heinz (ECF No. 59-1), "HoldCo has dozens of members, several of which are also LLCs and Limited Partnerships ('LPs')."  (ECF No. 59 at ¶ 12 (citing Heinz Decl. ¶ 8).)  "Based on discussions with investors of Chess.com, these LLC and LP members of HoldCo have hundreds if not thousands of members and/or partners."  (ECF No. 59 at ¶ 13 (citing Heinz Decl. ¶ 9).)  And, contrary to Niemann's false assertion that "Chess.com could, if given [additional] time, comply with Fed R. Civ. P. 7.1," (Mot. ¶ 4), Chess.com has repeatedly made clear that "the vast majority of these LLC and LP members of HoldCo are not owned, operated, or controlled by Chess.com" and thus "Chess.com does not have immediate control and access to their books and records."  (ECF No. 59 at ¶ 14 (citing Heinz Decl. ¶ 10).)  Chess.com engaged in the arduous task of attempting to identify its members to the extent it could.  (ECF No. 59 at ¶ 15.)

In other words, Niemann's request to issue discovery on *Chess.com* will not identify the potentially thousands of Chess.com sub-members, whose information is possessed by non-parties to which Chess.com does not have ready access.[2]  *See, e.g.*, *Doshier*, 2019 WL 4559357, at *2 (denying jurisdictional discovery where "much of the information plaintiffs purport to seek is not reliably available from [Defendant]").  Efforts to obtain that information thus likely would require countless third-party subpoenas and significant motion practice related to those subpoenas, over the course of potentially months or years to work down the chain of partners and members, many of which are not based in the United States.  Particularly given that this entire jurisdictional inquiry is unnecessary at this point, Niemann's request that the Court plunge the parties (and perhaps

---

[2] While Niemann has not requested leave to conduct jurisdictional discovery from the hundreds and potentially thousands of third-party members and/or partners for which Chess.com does not have immediate control and access to books and records, such discovery, if requested, would not only be impracticable, but would materially delay these proceedings as Niemann attempted to work his way down layer upon layer of partners and members, with no guarantee that he would ever be able to discover the identity and citizenship of all members and partners.

countless third parties) into burdensome discovery should be denied.

## III.   NIEMANN'S REQUEST FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL IS BASELESS

Finally, Niemann's half-hearted request that the Court certify its decision for interlocutory appeal is as frivolous as the purported appeal he filed two days after requesting leave.[3] Interlocutory appeal under 28 U.S.C. § 1292(b) is "extraordinary," warranted only when "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cnty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008).  "It has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants.  Permission to allow interlocutory appeals should thus be granted sparingly and with discrimination."  *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994).

Niemann's motion does not mention that rigorous standard at all, much less attempt to satisfy it.  For one thing, an interlocutory appeal would not "materially advance the ultimate termination of the litigation" at this point, 28 U.S.C. § 1292(b), given that the Court currently has federal-question and supplemental jurisdiction.  Thus, notwithstanding Niemann's pondering about the "unsettled" scope of Rule 7.1, (Mot. ¶¶ 22-23), an appeal concerning that issue would have absolutely no effect on this litigation.  Moreover, Niemann also fails to carry his "heavy burden to establish that a substantial ground for a difference of opinion warrants certification"

---

[3] Niemann's attempted interlocutory appeal does not affect the Court's jurisdiction over this case. "Although district courts are normally divested of jurisdiction over matters that are appealed by a party, a district court 'does not normally lose jurisdiction to proceed with the case when one party appeals a non-appealable order.'" *Downing v. Goldman Phipps PLLC,* 2013 WL 1991495, at *1 (E.D. Mo. May 13, 2013) (quoting *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999)); *see also, e.g.*, *White v. Missouri*, 2007 WL 689745, at *1 n.2 (E.D. Mo. Mar. 2, 2007) (same); *Nevius v. Tomlinson*, 2014 WL 1631385, at *1 (W.D. Mo. Apr. 24, 2014) (same).

because he fails to identify "a sufficient number of conflicting and contradictory opinions." *In re Polaris Mktg., Sales Pracs., & Prod. Liab. Litig.*, 2020 WL 3530624, at \*5 (D. Minn. June 30, 2020) (quotations and citations omitted).  Indeed, he identifies no conflicting opinions at all.

Ultimately, an unnecessary appeal over a non-dispositive procedural question would only serve to drive up the litigation costs associated with this case without justification.  It would also delay a resolution on the merits of this case that was filed nearly four months ago and which has not advanced due to Niemann's serial complaints and repeated requests for additional time to respond to defendants' motions to dismiss.[4]

Niemann's request that the Court certify its order for interlocutory appeal should be denied.

## CONCLUSION

For all of the above reasons, Chess.com respectfully requests that the Court deny Niemann's motion.

---

[4] Courts in this district have sanctioned counsel under 28 U.S.C. § 1927 for similar conduct designed to unreasonably and vexatiously multiply proceedings. *See, e.g.*, *Belaustegui v. KC Media LLC*, 2020 WL 4805075, at \*3 (E.D. Mo. Aug. 17, 2020) (awarding defendant costs and attorneys' fees under 28 U.S.C. § 1927 where defendant's counsel "unreasonably multiplied the[] proceedings" with its filing, noting that plaintiff's counsel demonstrated "unreasonable and reckless disregard of his duties to th[e] Court"); *see also* 28 U.S.C. § 1927 ("Any attorney or [] person admitted to conduct cases in any court of the United States . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); Mo. R. of Prof. Conduct, Rule 4-3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous . . . ."); *id.*, Rule 4-3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.").

DATED:  February 3, 2023                          Respectfully submitted,

*/s/ Nima H. Mohebbi*                              */s/ Jamie L. Wine*
Nima H. Mohebbi (# 275453CA)                       Jamie L. Wine (# 4529251NY)
Sarah F. Mitchell (# 308467CA)                     Blake E. Stafford (# 888324775DC)
Michael A. Hale (# 319056CA)                       **LATHAM & WATKINS LLP**
**LATHAM & WATKINS LLP**                           1271 Avenue of the Americas
355 S. Grand Ave., Suite 100                       New York, NY 10020
Los Angeles, CA 90071                              Tel: (212) 906-1200
Tel: (213) 485-1234                                *jamie.wine@lw.com*
*nima.mohebbi@lw.com*                              *blake.stafford@lw.com*
*sarah.mitchell@lw.com*
*michael.hale@lw.com*                              Derek Teeter (# 59031MO)
                                                   Spencer Tolson (# 74467MO)
*/s/ Jeffrey B. Jensen*                            **HUSCH BLACKWELL LLP**
Jeffrey B. Jensen (# 46745MO)                      4801 Main, Suite 1000
Kate Ledden (# 66026MO)                            Kansas City, MO 64112
**HUSCH BLACKWELL LLP**                            Tel: (816) 983-8000
190 Carondelet Plaza, Suite 600                    *derek.teeter@huschblackwell.com*
St. Louis, MO 63105                                *spencer.tolson@huschblackwell.com*
Tel: (314) 480 1500
*jeff.jensen@huschblackwell.com*
*kate.ledden@huschblackwell.com*


*Counsel for Defendant Chess.com, LLC*

11

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 3, 2023, the foregoing document was

served on all counsel of record by ECF.

DATED:        February 3, 2023          */s/ Nima H. Mohebbi*
Nima H. Mohebbi (# 275453CA)
Attorney for Defendant Chess.com, LLC
**LATHAM & WATKINS LLP**
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234