UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI: EASTERN DIVISION

| | | |
|---|---|---|
| HANS MOKE NIEMANN, | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No. 4:22-CV-01110 |
| | ) | |
| v. | ) | |
| | ) | Hon. Audrey G. Fleissig |
| SVEN MAGNUS ØEN CARLSEN A/K/A | ) | |
| MAGNUS CARLSEN, PLAY MAGNUS | ) | |
| AS D/B/A PLAY MAGNUS GROUP, | ) | |
| CHESS.COM, LLC, DANIEL RENSCH | ) | |
| A/K/A "DANNY" RENSCH, AND | ) | |
| HIKARU NAKAMURA, | ) | |
| | ) | |
| *Defendants.* | ) | |

## PLAINTIFF HANS MOKE NIEMANN'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND, ALTERNATIVELY, TO AMEND ORDER TO PERMIT APPEAL

Plaintiff respectfully submits this reply in further support of his motion for an order (i) granting him leave to conduct jurisdictional discovery from Chess.com or, alternatively, (ii) amending the Order to permit an appeal (the "Motion").[1]

1.       Chess.com's overheated opposition, rife with spurious accusations of frivolous conduct and harassment, is severely misguided.

2.       Plaintiff filed a straightforward motion for jurisdictional discovery in order to confirm his good-faith, uncontested allegation that this Court has diversity jurisdiction over his claims. Plaintiff is a 19-year-old litigant facing the most dominant and well-funded organizations and figures in competitive chess, who maliciously defamed, blacklisted and destroyed his career, and then hired one of the largest law firms in the world to dedicate whatever resources necessary to escape the consequences of Defendants' egregious misconduct and the devastating harm they caused him.

_____

[1] All capitalized terms used in this reply shall have the meaning ascribed to them in the Motion (Dkt. 95).

Obviously, Plaintiff has a compelling interest in establishing that his chosen forum has an independent jurisdictional basis to decide the majority of his claims and has no incentive whatsoever to needlessly multiply litigation.

3.      Further, contrary to Chess.com's insinuations, it should be self-evident that Plaintiff filed both this Motion and a notice of appeal of the Order within 30 days because his deadline to file such notice of appeal would have otherwise lapsed, and it made no sense for Plaintiff to burden the Eighth Circuit with an appeal without first seeking all available remedies in this Court.  Indeed, if the Court simply grants the Motion, Plaintiff's notice of appeal will be moot.

4.      Jurisdictional discovery is absolutely necessary.  Without jurisdictional discovery, it is impossible to assess whether Chess.com is truly unable to confirm that none of its members and sub-members is a citizen of Connecticut, and the record suggests that it can.  Indeed, by Chess.com's own implicit admission, Chess.com could have completed the process of obtaining this information within the 14-day extension of time it sought to file a complete Fed. R. Civ. P. 7.1 disclosure statement ("Rule 7.1 Statement").  This is further confirmed by Chess.com's delicately qualified statements when it made that request, that it was not "*currently* feasible" to identify Chess.com's citizenship and that the documents needed were not in Chess.com's "*immediate* control," implying that Chess.com does have some level of control over the relevant documents and it would be feasible to complete its Rule 7.1 Statement if it were granted the requested extension.

5.      Similarly, jurisdictional discovery is necessary to determine whether Chess.com's true concern in seeking to limit its Rule 7.1 Statement was simply its admitted desire to protect the identity of its investors from public disclosure, which prompted Chess.com to simultaneously seek to file its partial Rule 7.1 Statement under seal.  Indeed, Chess.com's alleged inability to identify its sub-members may simply be hyperbole from one of its investors concerned about revealing the names of its limited partners.

6.      Yet, this concern is wholly misguided because nothing in Fed. R. Civ. P. 7.1, as amended, requires Chess.com to reveal its sub-members' identities; it only requires Chess.com to identify its sub-members' citizenships.  In fact, in this case, Chess.com need only confirm its pre-existing understanding that none of its members or sub-members is a citizen of Connecticut.

7.      In its opposition, Chess.com asserts five arguments to avoid completing this task, none of which has merit.

8.      *First*, Chess.com argues that the question of whether this Court has diversity jurisdiction over Plaintiff's claims is not ripe.  Both Fed. R. Civ. P. 7.1 and this Court's orders flatly contradict this contention.   The very purpose of Fed. R. Civ. P. 7.1 , as amended, is "to facilitate an early and accurate determination of jurisdiction."  Fed. R. Civ. P. 7.1 Advisory Committee Notes, 2022 Amendments.  Nothing in Fed. R. Civ. P. 7.1, as amended, excuses the filing of a Rule 7.1 Statement if alternative grounds for jurisdiction exist.  Accordingly, the Rule implicitly recognizes that determining the existence of diversity jurisdiction becomes ripe upon the filing of a complaint based on diversity grounds, irrespective of whether alternative grounds for jurisdiction exist.

9.      Likewise, this Court already recognized the propriety of an "early and accurate determination of jurisdiction" by ordering Plaintiff to identify the parties' citizenships on November 16, 2022 (Dkt. 19) and ordering all parties to comply with the newly amended Fed. R. Civ. P. 7.1 on December 2, 2022 (Dkt. 57), notwithstanding the Court's alternative bases for exercising jurisdiction over Plaintiff's claims.

10.      *Second*, Chess.com argues that the Motion should be denied pursuant Local Rule 3.04 because it involves discovery and Plaintiff did not meet and confer with Chess.com before filing it. Yet, as evident from its drafting, Local Rule 3.04 is designed to prevent parties from burdening the Court unnecessarily with discovery disputes that can be resolved without resorting to filing motions. A request for leave to conduct jurisdictional discovery is not such a dispute because such leave must

be granted by the Court.  Of course, in the event that leave for jurisdictional discovery is granted, Plaintiff would meet and confer with Chess.com to discuss the scope and timing of such discovery to limit the burden appropriately.

11.     Moreover, in the same breath that Chess.com describes this as a discovery motion, it inconsistently argues that the Motion is "a transparent motion for reconsideration," merely "styled as a request for discovery."[2]  Chess.com cannot have it both ways.  It cannot, on the one hand, consider the Motion a discovery motion for the purpose of invoking Local Rule 3.04 and then, on the other, consider the Motion one for reconsideration merely "styled" as a discovery motion.

12.     *Third*, building on the flawed and inconsistent premise that Plaintiff's Motion actually seeks reconsideration, Chess.com argues that the Motion should be denied because Plaintiff fails to meet the standard on a motion for reconsideration.  Specifically, Chess.com argues that this "standard forbids reconsideration requests that merely act as 'a vehicle to identify facts or raise legal arguments *which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration is sought*.'"  Opp. at 5 (emphasis added).  Chess.com contends that, if Plaintiff wanted to advocate for determining the citizenship of the parties, he should have done so in an opposition to Chess.com's prior motion.  *Id.* ("here, the Court's Order followed a motion and request by Chess.com, which Niemann chose not to oppose.  (*See* ECF No. 59.)").

13.     This argument is nonsensical.  At the time Chess.com filed its request for additional time and guidance from the Court, the Court had already found that Plaintiff adequately pleaded his diversity from Chess.com.  In Chess.com's motion, Chess.com never challenged that finding or otherwise argued that this Court lacked diversity jurisdiction.  In fact, Chess.com's preliminary disclosures confirmed its own pre-existing understanding that none of Chess.com's members or sub-

---

[2] Notably, Chess.com's belligerent opposition to this Motion makes clear that any such attempt to meet and confer would have been futile.

members is a Connecticut citizen.  Because Plaintiff had no objection to Chess.com receiving further direction or an extension, he had no reason to oppose that motion.[3]  It was only later that the Court issued the Order, concluding *sua sponte* that diversity jurisdiction did not exist.  Until that time, Plaintiff did not even have notice that his diversity from Chess.com would be questioned, much less have a full and fair opportunity to litigate that issue.

14.     In any event, this Motion is not a request for reconsideration because Plaintiff is not asking the Court to find that diversity jurisdiction exists.  Rather, Plaintiff only seeks jurisdictional discovery to establish the relevant jurisdictional facts on record, which relief was neither sought nor denied in any prior motion.

15.     *Fourth*, Chess.com argues that Plaintiff is not entitled to jurisdictional discovery.  It is incorrect.  Prior to filing this action, Plaintiff reviewed the publicly available information which confirmed that (i) Chess.com's members were not publicly known; and (ii) Chess.com and its known affiliates had connections to Utah, Nevada and California, but no connections to Connecticut in any respect.  Then, after repeatedly inquiring with Chess.com regarding this issue, Chess.com confirmed to Plaintiff that, to the best of its knowledge, none of its members or sub-members is a Connecticut citizen.  Based on this information, Plaintiff alleged, upon information and belief, that none of Chess.com's members is a Connecticut citizen.

16.     These are exactly the types of circumstances in which courts grant jurisdictional discovery.  For example, in *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F3d 99, 110-111 (3d Cir. 2015), the Circuit Court found that:

---

[3] In that motion, Chess.com cited an unpublished decision in *Foresight Energy LLC v. Ace Am. Ins. Co.*, Case No. 4:22-cv-00887-JAR (E.D. Mo. Oct. 22, 2022), ECF No. 89, for the proposition that the Court can modify a party's obligations under *Local Rule 2.09(A)* so as not to require an LLC to trace all of its members.  However, those corporate disclosures were for the purpose of assessing conflicts, not determining whether the Court had diversity jurisdiction.  Because that case was brought solely based on federal question jurisdiction, jurisdictional discovery was neither sought nor necessary.

The information provided by Lincoln Benefit indicates that (1) the LLC defendants have connections to New York and Delaware; (2) counsel for Lincoln Benefit conducted a reasonable inquiry to determine the membership of the LLC defendants but found nothing of value; and (3) counsel for Lincoln Benefit found no connection between the LLC defendants and Nebraska. On the basis of this information, Lincoln Benefit alleges that none of the LLCs' members are citizens of Nebraska. It is certainly possible that two LLCs organized and based in New York and Delaware have at least one member domiciled in Nebraska. This scenario is not so overwhelmingly likely, however, that Lincoln Benefit's allegation to the contrary can be considered frivolous, especially when there is no indication that either LLC has any ties to Nebraska. Lincoln Benefit has alleged complete diversity in good faith, and this is enough to survive a facial attack. If defendants mount a factual challenge to jurisdiction on remand, however, the District Court must permit jurisdictional discovery in order to ascertain whether complete diversity exists.

17.     Further, Chess.com's assertion that jurisdictional discovery will not yield sufficient facts to establish Chess.com's citizenship is dubious on its face. To support this assertion, Chess.com presents only vague, unsubstantiated statements from Chess.com's outside counsel based on purported conversations with unidentified investors. Likewise, Chess.com's counsel makes no definitive statements, claiming only that it was not "*currently* feasible" to identify the citizenships of its members and sub-members, implying that it would be feasible to do so with additional time, and that the necessary documents were not in Chess.com's "*immediate* control," implying that Chess.com has some level of control over the relevant documents.

18.     What Plaintiff is requesting from Chess.com is not extraordinary. Plaintiff expects jurisdictional discovery to reveal that, consistent with Chess.com's initial estimation that it could complete its compulsory Rule 7.1 Statement in 14 days, the citizenship of Chess.com's members and sub-members can be determined promptly. For example, to invest in a private company like Chess.com, one must be an "accredited investor" within the meaning of § 230.501(a) of the Securities Act. In procuring investments, private companies require potential investors to attest to, among other things, their status as an "accredited investor" and their place of residence. In addition, each year, Chess.com's members and sub-members must issue to each investor an IRS Form K-1, also

identifying that investor's home state.  Further, Chess.com need only review the relevant information for the limited purpose of ascertaining whether any Chess.com sub-member is a Connecticut citizen.

19.     Based on the foregoing, Plaintiff's request for jurisdictional discovery should be granted.  *MN Airlines, LLC v. Global Aviation Servs. United States, Inc.*, 2019 U.S. Dist. LEXIS 90277, *2 (D. Minn. 2019) ("Defendants ask that the Court allow jurisdictional discovery so Defendants can determine the citizenship of the members of the LLC.  At this early stage of the litigation, Defendants are entitled to discovery on this issue"); *KC Ravens, LLC v. Micah Energy Corp.*, 2013 U.S. Dist. LEXIS 197065, *1-2 (W.D. Mo. 2013) (granting defendant leave to conduct jurisdictional discovery where, "[a]fter reviewing the record, the Court noted it was unclear whether there was complete diversity since Plaintiff was an LLC and the record did not list the citizenship of Plaintiff's members… [and defendant] articulates a colorable, good-faith basis for believing that Plaintiff's members are all citizens of Missouri"); *Twin Med, LLC v. Skyline Healthcare, LLC*, 2020 U.S. Dist. LEXIS 262962, *11-13 (E.D. Ark. 2020) ("Twin Med has established that it does not have means to establish the residency of the defendant LLCs' members without conducting jurisdictional discovery to gather information from the defendants…  Accordingly, the Court grants jurisdictional discovery").

20.     Finally, Chess.com claims that Plaintiff failed to meet the standard for seeking an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Yet, Chess.com concedes that such relief is warranted where "(1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *Union Cnty. v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008).

21.     As demonstrated in the Motion, Plaintiff satisfies this standard because the Order decided the novel question of what should happen if a defendant claims that it is unable to comply with Fed. R. Civ. P. 7.1, as recently amended, such that the Court cannot definitively ascertain

whether diversity jurisdiction exists.  In the Order, the Court found that, under such circumstances, it would proceed with the assumption that diversity jurisdiction does not exist.  However, as Chess.com concedes, there is no authority on this novel question, such that there are substantial grounds for holding instead that (1) once a party makes a facial showing that diversity jurisdiction exists, the burden shifts to the opposing party to refute that showing; (2) Plaintiff should be allowed to test Chess.com's vague contentions with jurisdictional discovery; and/or (3) Chess.com should have been afforded additional time to trace its membership and fully comply with Fed. R. Civ. P. 7.1.

22.     Further, as evident from the very purpose of Fed. R. Civ. P. 7.1's recent amendment, establishing all grounds for subject matter jurisdiction early in this case would advance the ultimate determination of the litigation.  *See also Smith v. Blitz U.S.A., Inc.*, 2012 U.S. Dist. LEXIS 70133, *4 (D. Minn. 2012) ("it is far better for all involved to resolve the jurisdictional issue sooner rather than later.  Accordingly, the Court will order the [LLC] to identify their partners/members and their states of citizenship in order to allow Plaintiff to adequately allege the facts necessary to jurisdiction.  And [] if in fact diversity is lacking…, the Court will revisit the decision granting Plaintiff leave to add those parties to this case.").

23.     For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to conduct jurisdictional discovery from Chess.com, or, alternatively, amend its Order to permit and certify this question for interlocutory appeal.[4]

Dated: New York, New York
      February 8, 2023

                                               Respectfully submitted,

                                               *s/ Andrew J. Urgenson*
                                               Terrence A. Oved, Esq.
                                               (admitted *pro hac vice*)
                                               Darren Oved, Esq.
                                               (admitted *pro hac vice*)

---

[4] As noted in the Motion, Plaintiff's request was made without prejudice to his right to seek an appeal under the collateral order doctrine.  Plaintiff filed a notice of appeal on February 1, 2023 (Dkt. 97) to preserve that right, not to "multiply proceedings" as Chess.com absurdly suggests.

Andrew Urgenson, Esq.
(admitted *pro hac vice*)
James Reilly, Esq.
(admitted *pro hac vice*)
OVED & OVED LLP
*Attorneys for Plaintiff*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2700

*and*

Matthew Gartner, Esq. (#64320)
THE GARTNER LAW FIRM
*Attorneys for Plaintiff*
220 Salt Lick Road
St. Peters, Missouri 63376
Tel: 636.397.2111
matthew@gartnerlawfirm.com