

February 17, 2023

**VIA ECF**

Hon. Audrey G. Fleissig
United States District Court
Eastern District of Missouri
111 S. 10th Street, Suite 12.182
St. Louis, MO 63102

      Re:  <u>*Niemann v. Carlsen et al.*</u>, Case No. 4:22-cv-01110-AGF

Dear Judge Fleissig:

  This law firm represents Plaintiff in the above-captioned matter. We write pursuant to this Court's Order dated February 13, 2023 (the "Order"), to respectfully confirm that Plaintiff is still pursuing his motion for jurisdictional discovery (the "Motion").

  The Order also requested that Plaintiff advise whether this Court has jurisdiction over this matter of light of Plaintiff's interlocutory appeal (the "Appeal"). Plaintiff respectfully submits that it does. As recognized in the case Your Honor cited in the Order, "the jurisdictional transfer principle is not absolute." *Mille Lacs Band of Ojibwe v. County of Mille Lacs*, 2021 U.S. Dist. LEXIS 71629, at \*5-6 (D. Minn. Apr. 14, 2021). Importantly, "the 'principle does not divest the district court of all jurisdiction—but rather, *only jurisdiction over the matters appealed*.'" *Id.* (citations omitted); *see also* 9 Moore's Federal Practice P73.13 ("The filing of a timely and effective notice of appeal divests the district court of jurisdiction *only with respect to the judgment brought up for review* by the appeal.") (emphasis added). Thus, "[t]he district court retains jurisdiction to adjudicate matters collateral, or tangential, to the appeal." *Band of Ojibwe*, 2021 U.S. Dist. LEXIS 71629, at \*5; *see also Berry v. Pfister*, 2022 U.S. Dist. LEXIS 79032 (E.D. Mo. 2022) ("filing a notice of appeal does not prevent a district court from… hearing motions on collateral matters to those at issue on appeal").

  Here, the Motion seeks leave to conduct jurisdictional discovery from Defendant Chess.com, LLC to establish the citizenship of its members and sub-members so that the Court will be able to definitively ascertain whether Plaintiff is diverse from Chess.com. As demonstrated in the Motion, Plaintiff's allegations of diversity are sufficient to survive a "facial challenge" to this Court's diversity jurisdiction such that jurisdictional discovery is appropriate. Dkt. 103, ¶¶ 15-19. The Motion does not challenge the Court's conclusions in its Order dated January 3, 2023 that diversity jurisdiction has not yet been established on the record or the Court's ruling with respect to the recently amended Fed. R. Civ. P. 7.1 ("Rule 7.1").

  Unlike the Motion, the purpose of the Appeal is to determine what the consequences should be if a defendant claims that it is unable to comply with Rule 7.1 within its Court-ordered deadline to do so. As the Court recognized in its Memorandum and Order dated January 3, 2023, Rule 7.1 does not address "the questions that may arise when a disclosure statement… indicate[s] that the

Hon. Audrey G. Fleissig
February 17, 2023
Page 2

party or intervenor cannot ascertain the citizenship of every individual or entity whose citizenship may be attributed to it."

Unlike the relief sought in the Motion, which is based on the well-established standard for obtaining jurisdictional discovery, on appeal are the novel questions of (1) whether Chess.com should have been excused from complying with its independent statutory obligation under the newly amended Rule 7.1; and (2) whether, based on such excusal, the Court should have declined to exercise diversity jurisdiction.

Put differently, the Motion involves the standard for seeking jurisdictional discovery, while the matter appealed from relates solely to application of the newly amended Rule 7.1. Accordingly, the relief sought in the Motion is tangential to the issues addressed in the Appeal.

The facts in *Band of Ojibwe* and the other cases in this Circuit applying the jurisdictional transfer principle further support this conclusion. In *Band of Ojibwe*, the district court concluded it was divested of jurisdiction to decide the parties' cross-motions for summary judgment while an appeal was pending regarding whether the defendants were immune from the suit altogether. 2021 U.S. Dist. LEXIS 71629. As the court noted, "to exercise of jurisdiction over the pending motions would violate the very rights asserted in the appeal." *Id.* at *10. In the other words, the court recognized that forcing parties that are allegedly immune from suit to engage in litigation while they are seeking to invoke that immunity on appeal would prejudice the appellant by defeating the purpose of that alleged immunity. The court also reasoned that judicial economy weighed in favor of jurisdictional transfer because any decision on the pending motions would be moot if the court lacked subject matter jurisdiction.

Prior to *Band of Ojibwe*, the Western District of Missouri observed that "most, if not all, of the cases addressing this issue [of jurisdictional transfer] involve situations where the district court denied a party's motion to compel arbitration." *Silgan Containers Corp. v. Sheet Metal Workers Int'l Ass'n Local Union No. 2*, 2015 U.S. Dist. LEXIS 193023, at *2-3 (W.D. Mo. 2015). In those cases, the courts generally find that the district court is divested of its jurisdiction because "the only aspect of the case involved in [the appeal] is whether the case should be litigated at all in the district court [and thus, the] issue of continued litigation in the district court is… the mirror image of the question presented on appeal." *Union Elec. Co. v. Aegis Energy Syndicate 1225*, 2012 U.S. Dist. LEXIS 149092, at *5-6 (E.D. Mo. 2012) (internal quotations omitted). The purpose of jurisdictional transfer in these circumstances is the same as in *Band of Ojibwe*. If parties are forced to litigate while they seek to compel arbitration, that would defeat the purpose of an arbitration agreement, and prejudice the alleged right to a private dispute resolution process.

Thus, the common thread among *Band of Ojibwe* and the other cases in this Circuit referenced in *Silgan* is that each involved appellants asserting a right not to be brought to court in the first place. In these circumstances, requiring that party to litigate in court while their appeals were still pending would prejudice the right they are seeking to enforce, and potentially waste judicial resources.

That is not the case here. No party will be prejudiced by a resolution of the Motion and no party has challenged this Court's jurisdiction to decide it. Moreover, given that the Appeal is

Hon. Audrey G. Fleissig
February 17, 2023
Page 3

limited to questions regarding the application of Rule 7.1, the Appeal will not resolve the question of whether Plaintiff is independently entitled to conduct jurisdictional discovery.  However, if the Court grants Plaintiff leave to conduct jurisdictional discovery, it will alleviate Plaintiff's need for the Appeal because it would enable him and the Court to confirm the existence of diversity jurisdiction independent of Rule 7.1.  The Motion is fully briefed, while the briefing deadlines for the Appeal have been stayed by the Court of Appeals pending Plaintiff's opposition to Defendants' motion to dismiss the Appeal and the Court's decision on that motion.  Accordingly, deciding the Motion will serve the interests of judicial economy.

       We thank the Court for its time and attention to this matter.

                          Respectfully submitted,

                          /s/ Andrew Urgenson

                          Andrew Urgenson

cc.: All counsel of record (via ECF)