
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HANS MOKE NIEMANN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SVEN MAGNUS ØEN CARLSEN A/K/A MAGNUS CARLSEN, PLAY MAGNUS AS D/B/A PLAY MAGNUS GROUP, CHESS.COM, LLC, DANIEL RENSCH A/K/A "DANNY" RENSCH, AND HIKARU NAKAMURA,<br><br>　　　　Defendants. | Case No. 4:22-cv-01110-AGF<br><br>Hon. Audrey G. Fleissig |

**REPLY IN SUPPORT OF DEFENDANT DANIEL "DANNY" RENSCH'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Nima H. Mohebbi (# 275453CA)
Sarah F. Mitchell (# 308467CA)
Michael A. Hale (# 319056CA)
**LATHAM & WATKINS LLP**
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
*nima.mohebbi@lw.com*
*sarah.mitchell@lw.com*
*michael.hale@lw.com*

Jeffrey B. Jensen (# 46745MO)
Kate Ledden (# 66026MO)
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Tel: (314) 480 1500
*jeff.jensen@huschblackwell.com*
*kate.ledden@huschblackwell.com*

Jamie L. Wine (# 4529251NY)
Blake E. Stafford (# 888324775DC)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
*jamie.wine@lw.com*
*blake.stafford@lw.com*

Derek Teeter (# 59031MO)
Spencer Tolson (# 74467MO)
**HUSCH BLACKWELL LLP**
4801 Main, Suite 1000
Kansas City, MO 64112
Tel: (816) 983-8000
*derek.teeter@huschblackwell.com*
*spencer.tolson@huschblackwell.com*

*Counsel for Defendant Daniel "Danny" Rensch*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT .........................................................................................................................1

I.     THE COURT LACKS PERSONAL JURISDICTION OVER RENSCH..........................1

     A.     The SAC Fails To Establish Jurisdiction Under The Due Process Clause. .............2

     B.     The SAC Fails To Establish Jurisdiction Under Missouri's Long-Arm Statute. ........................................................................................................7

II.    THE SAC FAILS TO STATE A CLAIM AGAINST RENSCH ......................................8

CONCLUSION .......................................................................................................................8

i

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bigfoot on the Strip, LLC v. Winchester*,
  2018 WL 3676962 (W.D. Mo. Aug. 2, 2018)................................................................6

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*,
  582 U.S. 255 (2017).................................................................................................2, 3

*Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*,
  42 F.4th 948 (8th Cir. 2022) ................................................................................ passim

*C. Pepper Logistics, LLC v. Lanter Delivery Sys., LLC*,
  2021 WL 3725680 (E.D. Mo. Aug. 23, 2021).............................................................3

*Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*,
  702 F.3d 472 (8th Cir. 2012) ......................................................................................7

*J.Y.C.C. v. Doe Run Res., Corp.*,
  370 F. Supp. 3d 1047 (E.D. Mo. 2019)......................................................................4

*Johnson v. Arden*,
  614 F.3d 785 (8th Cir. 2010) ..............................................................................5, 6, 7

*Johnson v. Gawker Media, LLC*,
  2016 WL 193390 (E.D. Mo. Jan. 15, 2016) .......................................................4, 5, 7

*Jordan v. Charter Commc'ns, Inc.*,
  2019 WL 1409353 (E.D. Mo. Mar. 28, 2019) ............................................................8

*Kaliannan v. Hoong Liang*,
  2 F.4th 727 (8th Cir. 2021) .........................................................................................6

*Leitner v. Morsovillo*,
  2021 WL 2677058 (W.D. Mo. June 29, 2021) .......................................................5, 6

*Mongler v. Knight*,
  2017 WL 2931369 (E.D. Mo. July 10, 2017) .............................................................6

*Myers v. Casino Queen, Inc.*,
  689 F.3d 904 (8th Cir. 2012) ......................................................................................6

*N.C.C. Motorsports, Inc. v. K-VA-T Food Stores, Inc.*,
  975 F. Supp. 2d 993 (E.D. Mo. 2013)........................................................................5

*Smith v. Auto Club Servs., Inc.*,
    2017 WL 4857431 (D. Minn. Oct. 25, 2017) .......................................................................7

*Top Gun Ammo Sales, LLC v. COF Techs., LLC*,
    2022 WL 823061 (E.D. Mo. Mar. 18, 2022) ........................................................................4

*Walden v. Fiore*,
    571 U.S. 277 (2014) ........................................................................................................2, 4

**STATUTES**

Conn. Gen. Stat. § 52-196a ..............................................................................................................8

Mo. Rev. Stat. § 506.500.1(3) .........................................................................................................7

## INTRODUCTION

Plaintiff Hans Niemann's 75-page opposition ("Opp.") (ECF No. 108) fails to save his Second Amended Complaint ("SAC").  Fundamentally, Niemann cannot escape that his SAC does not plead sufficient facts to maintain this federal lawsuit.  As explained in the other Defendants' motions to dismiss and replies in support thereof, Niemann's claims all fail as a matter of law.

Separately, Niemann's opposition does nothing to explain how this Court has personal jurisdiction as to Rensch, and it reflects a fundamental misunderstanding of the applicable law.  As Rensch explained in his motion (ECF No. 87), to establish specific jurisdiction—which is the only type of personal jurisdiction at issue here—Niemann must allege conduct by Rensch that is both (1) "related to [Niemann's] claims" and (2) "purposeful, targeted action towards Missouri." *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 952-53 (8th Cir. 2022).  Niemann's opposition ignores both requirements.  He first points to activities by Rensch in Missouri that have nothing to do with his claims.  He then vaguely gestures to the supposed "consequences" of out-of-state conduct by Rensch that was not purposefully directed at Missouri.  And Niemann fails entirely to address the Missouri long-arm statute, which must be satisfied separately.

In short, Niemann's opposition merely confirms that the Court lacks personal jurisdiction over Rensch and should dismiss all claims against him.

## ARGUMENT

**I.      THE COURT LACKS PERSONAL JURISDICTION OVER RENSCH**

For this Court to sustain claims against Rensch, Niemann must allege facts establishing personal jurisdiction under both the federal Due Process Clause and the Missouri long-arm statute. *Zazzle, Inc.*, 42 F.4th at 951.  He has failed to do so.

1

### A. The SAC Fails To Establish Jurisdiction Under The Due Process Clause.

Fundamentally, the SAC fails to establish either type of personal jurisdiction permitted by the Due Process Clause—general or specific jurisdiction. (Mot. 4-10.) Niemann does not dispute the absence of general jurisdiction. Instead, he focuses solely on specific jurisdiction. (Opp. 69.) But for specific jurisdiction to exist, the defendant must have "certain minimum contacts with the forum state," and the claims asserted against that defendant must "arise out of or relate to [those] contacts." *Zazzle*, 42 F.4th at 952 (citation omitted). Niemann's attempt to satisfy this standard is unavailing.

The Eighth Circuit has articulated a five-factor test for assessing specific jurisdiction, and two black-letter principles control that analysis here. (*See* Mot. 6 & n.4.) **First**, "in assessing specific jurisdiction" under the five-factor test, courts "look *only* to [the defendant's] contacts with Missouri *related to* [*the plaintiff's*] *claims*." *Zazzle*, 42 F.4th at 952 (emphasis added). That is because "[s]pecific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state," and unless the defendant has sufficient litigation-specific contacts with the forum, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* (citations omitted); *see Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 582 U.S. 255, 264-65 (2017) (explaining that, no matter how "extensive," "forum contacts that are unrelated to" the "specific claims at issue" are not "relevant" for purposes of specific jurisdiction). **Second**, the "defendant's suit-related conduct must create a substantial connection with the forum." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). To do so, the suit-related conduct must demonstrate an "act by which [the defendant] purposefully avails [him]self of the privilege of conducting activities within the forum State, such as directing [his] activities at the forum or targeting forum residents." *Zazzle*, 42 F.4th at 953 (citations omitted).

2

Niemann's opposition ignores these principles. He instead focuses on conduct by Rensch that has nothing to do with the claims, such as Rensch's "commercial activities in Missouri . . . as an 'international master' chess player and as Chess.com's Chief Chess Officer, including regularly travelling to and attending tournaments and other chess events in St. Louis." (Opp. 70.) These events, unrelated to Niemann's claims, are precisely the kind of "unconnected activities in the State" that—"regardless of the[ir] extent"—have no bearing on specific jurisdiction. *Zazzle*, 42 F.4th at 952 (quoting *Bristol-Myers*, 582 U.S. at 264); *see id.* at 952-53 (rejecting request to "consider *all* of [the defendant's] contacts with Missouri, even those unrelated to the [claims at issue]," and considering instead only "suit-related contact with Missouri"). Similarly irrelevant is the fact that Rensch allegedly was "physically present" during some of the early rounds at the Sinquefield Cup. (Opp. 71.) Niemann does not allege that Rensch's presence during these rounds has any relationship to the claims at issue. To the contrary, he has admitted that Rensch "was not in Missouri during the time period relevant to this [lawsuit]." (SAC ¶ 24.) Indeed, Rensch left the Sinquefield Cup before Niemann played Carlsen. (*See* Mot. 10.) Because Rensch's alleged attendance at the Sinquefield Cup is "unrelated to [Niemann's] claim[s]," it has no bearing on specific jurisdiction. *Zazzle*, 42 F.4th at 952.[1]

When Niemann eventually turns to the alleged conduct underlying his claims against Rensch, his argument collapses. As noted, to demonstrate specific jurisdiction, the plaintiff must demonstrate that the defendant's suit-related conduct reflects "purposeful, targeted action towards" the "forum or [its] residents." *Id.* at 953. That standard is unquestionably not satisfied here, as

---

[1] Contrary to Niemann's arguments, *Chess.com's* contacts with Missouri (Opp. 70-71) are legally irrelevant to the analysis of personal jurisdiction over Rensch. As Niemann concedes, "each defendant's contacts with the forum State must be assessed individually." (Opp. 71 (citation omitted)); *see, e.g.*, *C. Pepper Logistics, LLC v. Lanter Delivery Sys., LLC*, 2021 WL 3725680, at *5 n.9 (E.D. Mo. Aug. 23, 2021).

3

none of the litigation-specific conduct that the SAC attributes to Rensch—the virtual announcements of Chess.com merging with Play Magnus, the tweet on Chess.com's Twitter profile, the interviews with The Guardian and emails to VICE Media, and the issuance of Chess.com's Report—purposefully targeted Missouri or its residents. (Mot. 7-10.)[2]

Niemann does not respond to those arguments. Instead, he declares that "every meaningful act" by Rensch alleged in the SAC "concerns Missouri" because the acts "ha[d] consequences in Missouri" and because his "injuries" were "primarily felt" in Missouri. (Opp. 71-73.) But this argument is expressly foreclosed by Supreme Court and Eighth Circuit precedent stressing that, for purposes of specific jurisdiction, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but *whether the defendant's conduct connects him to the forum in a meaningful way*." *Zazzle*, 42 F.4th at 954 (emphasis added) (quoting *Walden*, 571 U.S. at 290). Accordingly, absent allegations that Rensch purposefully directed his conduct at Missouri, mere "consequences" or "effects in the forum state are insufficient." *Id.* at 954 (citation omitted).

This principle is confirmed by *Johnson v. Gawker Media, LLC*, 2016 WL 193390 (E.D. Mo. Jan. 15, 2016), a case Niemann misrepresents in his opposition by suggesting the court there exercised personal jurisdiction. (Opp. 73.) Niemann is correct that, in *Gawker Media*, the defendants published "allegedly defamatory articles" on a globally accessible website, including an article that "discussed [the plaintiff's] reporting on the killing of Michael Brown, Jr. in

---

[2] Again, all of Rensch's alleged conduct was done in his official capacity as Chess.com's Chief Chess Officer (*see* Mot. 7), and courts in this District have held that "the acts of corporate officers and directors in their official capacities are the acts of the corporation exclusively and are thus not material for purposes of establishing minimum contacts as to the individuals." *Top Gun Ammo Sales, LLC v. COF Techs., LLC*, 2022 WL 823061, at *7 (E.D. Mo. Mar. 18, 2022) (citation omitted). The single case Niemann cites (Opp. 72 n.42) is inapposite, as it involved a corporate officer who had "complete control" of a company, and the court's analysis rested entirely on the availability of "individual liability for corporate misdeeds" under Missouri state corporate law. *J.Y.C.C. v. Doe Run Res., Corp.*, 370 F. Supp. 3d 1047, 1052, 1056 (E.D. Mo. 2019).

Ferguson, Missouri." *Gawker Media*, 2016 WL 193390, at *6. But contrary to Niemann's suggestion, the court held that the plaintiff *failed* to establish personal jurisdiction, explaining that "publishing [the] allegedly defamatory articles" on a global website did *not* constitute meaningful "activity [that was] expressly targeted at or directed to Missouri." *Id.* at *8. In reaching that conclusion, the court reiterated that "mere effects in the forum state are insufficient to confer personal jurisdiction." *Id.* at *10 (quoting *Johnson v. Arden*, 614 F.3d 785, 797 (8th Cir. 2010)).[3]

Moreover, even if mere "consequences" were relevant (they are not), Niemann's consequences-based argument also is unsupported by the SAC. According to Niemann, Rensch's conduct "ha[d] consequences in Missouri" because it somehow "interfered with [Niemann's] business expectancies in Missouri." (Opp. 71, 73-74.) But Niemann does not back that assertion with any allegations in the SAC; indeed, he does not cite anything at all. And while the SAC identifies certain events that Niemann allegedly has missed out on (*see* SAC ¶ 236), he does not allege that any of these events took place in Missouri.

A comparison to cases cited by Niemann only underscores the weaknesses in his personal jurisdiction allegations. For example, Niemann's lead case—*Leitner v. Morsovillo*, 2021 WL 2677058 (W.D. Mo. June 29, 2021) (cited at Opp. 69, 71-72)—involved claims against individual defendants who terminated their business relationship with the plaintiff's company and began working for the plaintiff's Missouri-based competitor. The court concluded that the individual defendants had minimum contacts with Missouri because they had (a) "exchang[ed] emails and

---

[3] Niemann's misrepresentations do not end there. For example, although he asserts (Opp. 72-73) that the court "exercis[ed] personal jurisdiction" in *N.C.C. Motorsports, Inc. v. K-VA-T Food Stores, Inc.*, 975 F. Supp. 2d 993 (E.D. Mo. 2013), that is incorrect—the court *dismissed* the case, concluding that "Plaintiff has failed to allege minimum contacts sufficient to permit this Court to exercise personal jurisdiction over Defendant in accordance with the requirements of the Due Process Clause." *Id.* at 1005. As in *Gawker Media*, the court in *N.C.C. Motorsports* rejected the same consequences-based argument Niemann advances here, while stressing that "mere effects in the forum state are insufficient to confer jurisdiction." *Id.* at 1004 (citation omitted).

telephone calls" with the competitor's "Missouri-based employees"; and (b) attended "an extended training seminar" in Missouri "hosted by" the competitor, where they "hatched [an] alleged conspiracy to interfere with [the plaintiff's] business relationships and utilize her proprietary client information." *Id.* at *5. Niemann does not allege anything like that here. Although he makes conclusory allegations that Rensch "conspired and coordinated . . . to commit tortious acts against Niemann when both Niemann and Carlsen were in Missouri" (SAC ¶ 24), he does not allege that *Rensch* was in Missouri at this time. And Niemann does not dispute that conspiracy-based theories of personal jurisdiction are inconsistent with the Due Process Clause. (Mot. 10 n.5); *see Mongler v. Knight*, 2017 WL 2931369, at *6 (E.D. Mo. July 10, 2017).[4]

Finally, Niemann's attempt to recast his argument under the "Eighth Circuit's 'effects test'" (Opp. 73-74) fares no better. The Eighth Circuit has made clear that this test applies "narrowly" and is not satisfied absent "'intentional'" conduct by the defendant that is "'uniquely or expressly aimed at the forum state.'" *Johnson*, 614 F.3d at 796-97 (citation omitted); *see Zazzle*, 42 F.4th at 954. Under that precedent, merely "commenting on events that took place [in Missouri]" (Opp. 73-74) is insufficient. In *Johnson*, for example, the plaintiffs alleged that the out-of-state defendant posted "allegedly defamatory statement[s]" on a national website describing the plaintiffs as "operat[ing] a 'kitten mill' in Unionville, Missouri." *Johnson*, 614 F.3d at 796-

---

[4] Niemann's other cases are similarly distinguishable because they involved substantial in-forum conduct by the defendant related to the litigation. *See, e.g.*, *Kaliannan v. Hoong Liang*, 2 F.4th 727, 733-34 (8th Cir. 2021) (defendants actively recruited investors to purchase securities in North Dakota real estate, brokered the sale of North Dakota securities, communicated extensively with North Dakota entities, and traveled to North Dakota to take pictures and video of property for marketing); *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 912-14 (8th Cir. 2012) (defendant engaged in "intensive marketing campaign" in Missouri and operated Missouri-based business from which plaintiff left before physical injury); *Bigfoot on the Strip, LLC v. Winchester*, 2018 WL 3676962, at *1, 3 (W.D. Mo. Aug. 2, 2018) (defendant published defamatory review about plaintiff's Missouri-based store after entering Missouri and visiting the store in person).

97. The Eighth Circuit held that, although the statement mentioned operations in "Missouri," the "statements were aimed at the [plaintiffs]" themselves, and neither the website nor the statements "specifically targeted Missouri." *Id.* at 796; *see also Gawker Media*, 2016 WL 193390, at *9 (applying similar analysis). The same is true here: Niemann fails to allege any litigation-specific conduct by Rensch specifically targeting Missouri. As a result, he has failed to establish specific jurisdiction, and the claims against Rensch must be dismissed.

## B. The SAC Fails To Establish Jurisdiction Under Missouri's Long-Arm Statute.

Niemann likewise fails to establish jurisdiction under Missouri's long-arm statute. (Mot. 11-12.) He does not argue otherwise; instead, he mentions the long-arm statute once in passing and conflates it with the due process analysis. (Opp. 69.) The long-arm statute extends to the limits of the Due Process Clause, but only for acts within its enumerated categories. *See Dairy Farmers of Am., Inc., v. Bassett &Walker Int'l, Inc.*, 702F.3d 472, 475 (8th Cir. 2012). Thus, the long-arm statute must be separately satisfied for this Court to exercise personal jurisdiction. *See, e.g.*, *Zazzle*, 42 F.4th at 951 ("[T]he existence of personal jurisdiction depends on the long-arm statute of the forum state *and* the federal Due Process Clause." (emphasis added)); *Dairy Farmers*, 702 F.3d at 475-76 (stressing that jurisdiction under the long-arm statute must be "separately" established). By failing to address the long-arm statute, Niemann has waived his ability to satisfy it. *See Smith v. Auto Club Servs., Inc.*, 2017 WL 4857431, at *2 (D. Minn. Oct. 25, 2017) ("Failure to respond to an argument in response to a motion to dismiss 'amounts to a waiver[.]'").

Moreover, Rensch's contacts with Missouri do not fall within the only relevant provision of the long-arm statute, which provides jurisdiction for "the commission of a tortious act within th[e] state." Mo. Rev. Stat. § 506.500.1(3). That provision requires that the tort be physically committed within Missouri or have actionable consequences within Missouri. (*See* Mot. 11.) And as explained in Rensch's motion and in the arguments above, Niemann's allegations in the SAC

7

do not satisfy that requirement, and thus are insufficient to confer jurisdiction under Missouri's long-arm statute.[5]

## II. THE SAC FAILS TO STATE A CLAIM AGAINST RENSCH

In addition to the fact that the Court lacks personal jurisdiction over Rensch, the claims against him should be dismissed as set forth in Chess.com's motion to dismiss and reply in support, both of which are fully incorporated here by reference.  All the allegations against Rensch concern conduct he undertook in his role as an officer of Chess.com.  And as explained in Chess.com's motion and reply, those allegations fail to state a plausible claim for relief and are barred by Connecticut's anti-SLAPP statute, Conn. Gen. Stat. § 52-196a.

## CONCLUSION

The claims against Rensch should be dismissed, and Rensch should be awarded fees and costs under Connecticut's anti-SLAPP statute.

---

[5] The Court also should deny Niemann's request for jurisdictional discovery (Opp. 74 n.44) because he has failed to allege *any* litigation-specific conduct by Rensch targeting Missouri, and thus failed to make a prima facie showing of personal jurisdiction.  *See, e.g.*, *Jordan v. Charter Commc'ns, Inc.*, 2019 WL 1409353, at *4 (E.D. Mo. Mar. 28, 2019) (rejecting request for jurisdictional discovery when "'a plaintiff offers only speculation or conclusory assertions' about the need for jurisdictional discovery"); (*see also* ECF No. 99 (Chess.com's Opposition to Niemann's Motion for Leave to Conduct Jurisdictional Discovery).)

| | |
|---|---|
| DATED:  March 13, 2023 | Respectfully submitted, |

*/s/ Nima H. Mohebbi*  
Nima H. Mohebbi (# 275453CA)  
Sarah F. Mitchell (# 308467CA)  
Michael A. Hale (# 319056CA)  
**LATHAM & WATKINS LLP**  
355 S. Grand Ave., Suite 100  
Los Angeles, CA 90071  
Tel: (213) 485-1234  
*nima.mohebbi@lw.com*  
*sarah.mitchell@lw.com*  
*michael.hale@lw.com*

*/s/ Jeffrey B. Jensen*  
Jeffrey B. Jensen (# 46745MO)  
Kate Ledden (# 66026MO)  
**HUSCH BLACKWELL LLP**  
190 Carondelet Plaza, Suite 600  
St. Louis, MO 63105  
Tel: (314) 480 1500  
*jeff.jensen@huschblackwell.com*  
*kate.ledden@huschblackwell.com*

*/s/ Jamie L. Wine*  
Jamie L. Wine (# 4529251NY)  
Blake E. Stafford (# 888324775DC)  
**LATHAM & WATKINS LLP**  
1271 Avenue of the Americas  
New York, NY 10020  
Tel: (212) 906-1200  
*jamie.wine@lw.com*  
*blake.stafford@lw.com*

Derek Teeter (# 59031MO)  
Spencer Tolson (# 74467MO)  
**HUSCH BLACKWELL LLP**  
4801 Main, Suite 1000  
Kansas City, MO 64112  
Tel: (816) 983-8000  
*derek.teeter@huschblackwell.com*  
*spencer.tolson@huschblackwell.com*

*Counsel for Defendant Daniel "Danny" Rensch*

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 13, 2023, the foregoing document was served on all counsel of record by ECF.

*/s/ Nima H. Mohebbi*
Nima H. Mohebbi (# 275453CA)
Attorney for Defendant Daniel "Danny" Rensch
**LATHAM & WATKINS LLP**
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234