## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| HANS MOKE NIEMANN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:22-cv-01110-AGF |
| ) | |
| SVEN MAGNUS ØEN CARLSEN A/K/A ) | |
| MAGNUS CARLSEN, et al., ) | |
| ) | |
| Defendants. ) | |

### REPLY IN SUPPORT OF MR. NAKAMURA'S MOTION TO DISMISS

Plaintiff has known for months exactly why this Court lacks personal jurisdiction over Mr. Nakamura. With all that time, and despite three attempts at pleading, Plaintiff musters only a few pages—at the end of a 75-page brief—to try to contend otherwise. And even then, Plaintiff does not attempt to distinguish, <u>or even acknowledge</u>, the governing Supreme Court and Eighth Circuit authorities cited by Mr. Nakamura that demand Mr. Nakamura's dismissal from this case for lack of personal jurisdiction. Plaintiff's silence speaks volumes.

Mr. Nakamura is an individual chess player and commentator who lives in Florida. Plaintiff is a Connecticut citizen. Plaintiff's claims against Mr. Nakamura relate to opinions Mr. Nakamura expressed to a worldwide audience online, while in Florida. Mr. Nakamura never should have been haled into this Court in Missouri.

The Court can easily dispose of Plaintiff's claims against Mr. Nakamura on jurisdictional grounds before addressing the claims' many other defects. That said, Plaintiff's claims fail on all other fronts as well. In either case, Mr. Nakamura's Motion to Dismiss should be granted.

## I. The Court Lacks Personal Jurisdiction Over Mr. Nakamura.

Mr. Nakamura's Motion to Dismiss and Memorandum in Support, (Doc. 89; Doc. 90), fully explain why the Court lacks personal jurisdiction over him. In response to these arguments, Plaintiff argues in his Opposition that Mr. Nakamura "engages in extensive commercial activities in Missouri by regularly competing in and commentating on chess tournaments and events in St. Louis, including commentating on the Sinquefield Cup for Chess.com." (Doc. 108 at 86 of 92.) Plaintiff then goes on to contend that the foregoing means that Mr. Nakamura "solicited business in and purposefully directed business towards Missouri" and that "the injuries that Niemann has suffered . . . [were] primarily felt in Missouri." (*Id.* at 86-87 of 92.) Finally, while never pleaded in any iteration of Plaintiff's three Complaints and despite the irrefutable jurisdictional fact that Mr. Nakamura is and has for nearly a decade been a citizen of Florida, Plaintiff then asserts that 13 years ago, Mr. Nakamura announced an intention to potentially move to St. Louis.[1] (*Id.* at 86 of 92.)

The most striking feature of Plaintiff's arguments is what he omits from them. He ignores Supreme Court cases clarifying the scope of specific jurisdiction, Eighth Circuit precedent on all fours with this dispute, and any analysis of Missouri's long-arm statute. These omissions are telling, and they are fatal to his claims against Mr. Nakamura because "the party seeking to establish the court's personal jurisdiction carries the burden of proof and that burden does not shift to the party challenging jurisdiction." *See Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citation omitted).

---

[1] Though this unpleaded and unspecified assertion makes no difference to the personal-jurisdiction analysis, the Court may not consider "facts" which Plaintiff does not allege in his Second Amended Complaint. *See Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). Unfortunately, Plaintiff—in trying to respond to arguments he has known about for months—has taken great liberties in his Opposition by offering new, unpleaded "facts" throughout. In any event, there is no dispute that Mr. Nakamura has lived in, and been a citizen of, Florida for nearly the past decade. (*See* Doc. 90-1 at ¶ 3.)

2

First, Plaintiff does not cite even one Supreme Court case on personal jurisdiction. This is problematic for him because in recent years the Supreme Court has refined the appropriate jurisdictional analysis. Specifically, in *Walden v. Fiore*, the Court made three key points regarding specific jurisdiction: first, the analysis focuses on the relationship among the defendant, the forum state, *and the litigation*; second, the relationship among the defendant, the forum state, and the litigation "must arise out of contacts that the 'defendant *himself*' creates with the forum state"; and third, the analysis turns on a defendant's contacts with the forum state, not with persons in the forum state. *See* 571 U.S. 277, 284-85 (2014) (citation omitted). In short, a "forum state's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Id.* at 286.

*Walden* disposes of Plaintiff's argument for jurisdiction. Mr. Nakamura's alleged attendance at previous competitions in Missouri at some time in the past are indeed wholly irrelevant to the proper analysis. The only acts allegedly taken by Mr. Nakamura relevant to specific jurisdiction are statements allegedly made by him outside of Missouri about a non-resident (Plaintiff) to a worldwide audience. (*See* Doc. 90 at 6.) Plaintiff "has not pleaded facts [in the Complaint] suggesting that [Mr. Nakamura] 'uniquely or expressly' aimed [his] allegedly tortious act . . . at Missouri." *See Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F.4th 948, 954 (8th Cir. 2022). This Court, therefore, does not have personal jurisdiction over Mr. Nakamura.

Second, the Eighth Circuit's decision in *Johnson v. Arden*, discussed at length in Mr. Nakamura's brief (including being cited on the very first page) and conspicuously absent from Plaintiff's 75-page Opposition, confirms this conclusion. As previously explained, in *Arden*, Missouri plaintiffs brought a defamation suit against out-of-state defendants who allegedly conspired to post false online statements *against a Missouri company about activities plaintiffs*

3

*undertook in Missouri*. *See* 614 F.3d 785, 787-88 (8th Cir. 2010). The district court dismissed for lack of personal jurisdiction and the Eighth Circuit affirmed, explaining that, even though the statements concerned plaintiff's acts in Missouri, "[t]he statements were aimed at the [plaintiffs]," not "Missouri." *Id.* at 796. So too here. Plaintiff pleads no facts even suggesting that Mr. Nakamura made statements "uniquely or expressly aimed" at Missouri. *Id.* As the Eighth Circuit held in *Arden*, "[p]osting on the internet from [outside the forum State] an allegedly defamatory statement" about a forum State resident, *which Plaintiff is not*, "does not create the type of substantial connection between [the poster] and Missouri necessary to confer specific personal jurisdiction." *Id.* at 797. Thus, the facts of this case are even less compelling than those in *Arden*, where personal jurisdiction was still determined to be lacking.

Third, despite Mr. Nakamura having repeatedly raised the issue (*see* Doc. 60 at ¶ 1; Doc. 61 at 4-5; Doc. 89 at ¶ 1; Doc. 90 at 11-13), Plaintiff again neglects Missouri's long-arm statute. Contrary to Plaintiff's assertion—and the superseded case on which he relies—this Court must conduct "two separate inquires:  one inquiry to establish if a defendant's conduct was covered by the long-arm statute, and a second inquiry to analyze whether the exercise of jurisdiction comports with due process requirements." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 909 (8th Cir. 2012) (citing *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. banc 2010)); *see also id.* at 909-10 (noting prior Eighth Circuit cases collapsing the long-arm-statute analysis with the Due-Process-Clause inquiry, then definitively holding that the issues must be addressed separately pursuant to Missouri law). Particularly relevant here, to satisfy the long-arm statute's authorization of jurisdiction over a non-resident defendant's "commission of a tortious act within this state," Mo. Rev. Stat. § 506.500.1(3), "the defendant must have set in motion some course of action which was deliberately designed to move into Missouri and injure the plaintiff," *Cepia, LLC v. Universal*

4

*Pictures Visual Programming Ltd.*, 177 F. Supp. 3d 1129, 1140-41 (E.D. Mo. 2016) (citation omitted).  As previously explained, Plaintiff's Second Amended Complaint is devoid of allegations that Mr. Nakamura took any action in, or specifically directed to, Missouri.  Failing to address the long-arm statute, Plaintiff has failed to carry his burden, and this Court lacks jurisdiction over Mr. Nakamura.  *Cf. Crown Foods, Inc. v. Mercedes-Benz USA, LLC*, No. 4:22-CV-663 SRW, 2022 WL 17338083, at *2 (E.D. Mo. Nov. 30, 2022) ("[A] plaintiff's failure to address a defendant's arguments on a motion to dismiss operates as an abandonment of those claims." (citations omitted)).

Even if the Court were to look past Plaintiff's omissions, including failing to address governing case law, the arguments Plaintiff does put forward are without merit, as the cases Plaintiff marshals in opposition are readily distinguishable.  In *Leitner v. Morsovillo*, personal jurisdiction existed where the plaintiff alleged that the defendants travelled to a seminar in Missouri, put on by a Missouri limited liability company directly associated with several co-defendants, to hatch a conspiracy against the plaintiff, and the defendants continued exchanging communications with Missouri residents in furtherance of the alleged conspiracy.  *See* No. 21-cv-3075, 2021 WL 2677058, at *5 (W.D. Mo. June 29, 2021).  The court in *Bigfoot on the Strip, LLC v. Winchester* exercised personal jurisdiction over the defendants because they had travelled to Missouri, visited a Missouri business (whose sole location was in Missouri), and then posted allegedly defamatory comments on the Missouri business' TripAdvisor review page.  *See* No. 18-3155-CV, 2018 WL 3676962, at *3-4 (W.D. Mo. Aug. 2, 2018).  These cases bear no resemblance to the case at bar, *i.e.*, Mr. Nakamura offering commentary from Florida to a worldwide audience regarding Plaintiff, who is likewise not a Missouri citizen.[2]

---

[2] The balance of Plaintiff's cases are similarly inapposite.  *See Smith v. Truman Rd. Dev., LLC*, 414 F. Supp. 3d 1205, 1218 (W.D. Mo. 2019) (denying motion to dismiss for lack of personal jurisdiction

5

In sum, Plaintiff fails to make a prima facie case for this Court's exercise of personal jurisdiction over Mr. Nakamura.[3]

**II.    Plaintiff's Other Arguments Lack Merit.**

If the Court holds that it lacks personal jurisdiction over Mr. Nakamura, it need go no further.  But should the Court conclude it necessary to do so, Plaintiff's arguments in opposition to Mr. Nakamura's motion to dismiss for failure to state a claim also fall flat.  Mr. Nakamura stands on his prior briefing and also adopts and incorporates by reference the reply memoranda of the other Defendants.  That said, Mr. Nakamura also offers a brief response below to certain of Plaintiff's baseless arguments.

A.    Plaintiff failed to plead and cannot demonstrate "actual malice" with respect to any alleged statement of fact, as opposed to opinion, to state a defamation claim.

In his Opposition, Plaintiff continues to fail to specify precisely which of Mr. Nakamura's statements Plaintiff believes are defamatory.  This alone is fatal to such claims.  Moreover, as

---

because of the "direct relationship between the contacts and the cause of action"); *TLC Vision (USA) Corp. v. Freeman*, No. 4:12-cv-1855, 2013 WL 230254, at *10-12 (E.D. Mo. Jan. 22, 2013) (holding that personal jurisdiction existed where the defendant travelled to Missouri to commit a tort against the Missouri plaintiff and where the contract with which the defendant allegedly interfered contained Missouri choice-of-law and forum-selection clauses); *Nelson v. L.A. Weaver Co.*, No. CV 05-63, 2005 WL 8162752, at *4 (D. Minn. June 27, 2005), *report and recommendation adopted*, 2005 WL 8162751 (D. Minn. July 18, 2005) (finding personal jurisdiction over defendant website which sold products in Minnesota).

[3] Faced with this insurmountable burden, Plaintiff drops a footnote suggesting that, "[a]t a minimum," he "is entitled to jurisdictional discovery." (Doc. 108 at 90 n.44 of 92.)  This half-hearted request is meritless and untimely.  "Numerous cases hold that district courts have the discretion to deny jurisdictional discovery when, as here, the complaint fails to make a prima facie case of personal jurisdiction." *Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*, 127 F. Supp. 3d 1020, 1030 (E.D. Mo. 2015).  Further, jurisdictional discovery "would not cure other jurisdictional defects . . . by showing, for instance, that Defendant's activities were purposefully directed at Missouri, or explaining how Defendant's other contacts in Missouri relate to the instant claim." *Bros. & Sisters in Christ, LLC v. Zazzle, Inc.*, No. 4:20-cv-280, 2021 WL 1380268, at *10 (E.D. Mo. Apr. 12, 2021), *aff'd*, 42 F.4th 948 (8th Cir. 2022).  Plaintiff had the benefit of Mr. Nakamura's motion to dismiss the First Amended Complaint and never made a request for jurisdictional discovery.  Plaintiff's footnoted, one-sentence informal request should be ignored or denied.

Mr. Nakamura explained in his Memorandum in Support of his Motion to Dismiss, each of the statements scattered throughout the Second Amended Complaint is not actionable.  First, each of the statements is a statement of opinion protected by the First Amendment to the United States Constitution.  *See, e.g.*, *Chiaravallo v. Middletown Transit Dist.*, 561 F. Supp. 3d 257, 289 (D. Conn. 2021); *Smith v. Humane Soc'y of United States*, 519 S.W.3d 789, 798-803 (Mo. banc 2017).  Second, while first embracing his status as a public figure in the Second Amended Complaint, and then retreating from his supposed fame and prominence in the chess community in his Opposition, Plaintiff still fails to point the Court to a single fact indicating actual malice.  (Doc. 108 at 56-57 of 92.)  Plaintiff only states that "[Mr.] Nakamura and the other Defendants' statements were not true and leading authorities confirmed they were baseless."  (*Id.* at 57 of 92.)  This contention is not a plausible allegation that any statement was made with "'actual malice'—that is, with knowledge that [the statement] was false or with reckless disregard of whether it was false or not." *New York Times Co v. Sullivan*, 376 U.S. 254, 280 (1964); *see, e.g.*, *Harris v. U.S. Ctr. for SafeSport*, No. 4:22-CV-1063 PLC, 2023 WL 2072394, at *3 (E.D. Mo. Feb. 17, 2023) ("Conclusory allegations that the statement was 'false' and published with the 'requisite degree of fault' are insufficient to support a finding that Defendant knew the statement was false or acted with reckless disregard as to whether it was false.").  Plaintiff fails to state defamation claims against Mr. Nakamura.

        B.    <u>Plaintiff does not state a cognizable antitrust claim against Mr. Nakamura</u>.

Similarly, Plaintiff offers no credible argument how Mr. Nakamura, who is an individual chess player and current-events commentator, could ever conceivably be caught within the ambit of a Sherman Act violation.  Plaintiff relies almost exclusively on *Blalock v. Ladies Prof'l Golf Ass'n*, 359 F. Supp. 1260 (N.D. Ga. 1973), a case rightly criticized for embracing a "shunned" approach.  *Brant v. U.S. Polo Ass'n*, 631 F. Supp. 71, 75 (S.D. Fla. 1986); *see also Blubaugh v.*

7

*Am. Contract Bridge League*, No. IP01-0358-C, 2001 WL 699656, at *7-8 (S.D. Ind. June 20, 2001) ("Since *Blalock* was decided, however, the Supreme Court and the circuits have analyzed such cases involving restrictions in sports and other competitive leagues under the rule of reason." (collecting cases)).

Plaintiff's error is compounded by the fact that he wrongly comingles all of the defendants and attempts to argue, in conclusory fashion, coordination by supposition and "unity of purpose." (Doc. 108 at 59 of 92.)  Such bald allegations—devoid of any specific allegations of communications, meetings, or the like—fall well short of stating a claim.  *See, e.g.*, *United States v. CalPortland Constr.*, No. CV 16-4479, 2018 WL 6262877, at *3 (C.D. Cal. Mar. 9, 2018), *aff'd sub nom. Kraft v. CalPortland Constr.*, 801 F. App'x 547 (9th Cir. 2020) ("The Complaint does not identify individuals at each of the Defendant companies who entered into agreements, state when, where, and how those individuals met to discuss and enforce agreements, and does not identify specific products, prices, and regions that were agreed upon.  Failure to do so warrants dismissal." (collecting cases)).  Further, Plaintiff's "group boycott" theory against Mr. Nakamura fails because, among many other reasons, Plaintiff does not allege that Mr. Nakamura ever refused to play him.  *Cf. City of Oakland v. Oakland Raiders*, 20 F.4th 441, 453-54 (9th Cir. 2021) (holding that city's complaint failed to state a group-boycott claim because the complaint did not allege that group members refused to "sell" to the city).

### III.     Plaintiff's Improper Request For Leave to Amend Should Be Denied.

For a full month prior to filing his Second Amended Complaint, Plaintiff had the benefit of Mr. Nakamura's detailed dismissal arguments.  Plaintiff now informally and without elaboration requests leave to yet again amend "[i]n the event that the Court determines that the Complaint fails to allege certain facts related to any of Niemann's claims."  (Doc. 108 at 90 of 92.)  The Court

8

should deny this request. *See Misischia v. St. John's Mercy Health Sys.*, 457 F.3d 800, 805 (8th Cir. 2006) (no abuse of discretion in denying leave to amend where plaintiff raises the issue "with a one-line request in his brief opposing defendants' motion to dismiss"). Further, Local Rule 4.07 requires that a "proposed amendment to a pleading or amended pleading itself must be submitted at the time any motion for leave to amend any pleading is filed." Plaintiff, however, has offered neither, presumably because he lacks any non-futile amendments to propose. The Court should deny Plaintiff's request.

### IV. Conclusion

The Court should dismiss Mr. Nakamura from this case for lack of personal jurisdiction. Should the Court consider the merits of Plaintiff's claims, Plaintiff's Counts III and IV fail to state a claim and should be dismissed; Plaintiff's Counts I, II, V, and VI should be dismissed under Connecticut's anti-SLAPP law, with Mr. Nakamura awarded his attorneys' fees and costs, or, alternatively, these claims should be dismissed for failure to state a claim.

                                      Respectfully submitted,

                                      **LEWIS RICE LLC**

Dated:  March 13, 2023        By:    /s/ Neal F. Perryman
                                              Neal F. Perryman, #43057 (MO)
                                              Michael L. Jente, #62980 (MO)
                                              Benjamin M. Farley, #69073 (MO)
                                              600 Washington Avenue, Suite 2500
                                              St. Louis, Missouri 63101
                                              Telephone:  (314) 444-7661
                                              Facsimile:  (314) 612-7661
                                              nperryman@lewisrice.com
                                              mjente@lewisrice.com
                                              bfarley@lewisrice.com

                                              Michael J. Ryan, FL State Bar #975990*
                                              **Admitted PHV*
                                              Freedland Harwin Valori Ryan
                                              110 SE Sixth Street, Suite 2300
                                              Fort Lauderdale, Florida 33301
                                              Telephone: (954) 467-6400
                                              Facsimile: (954) 670-2530
                                              mryan@fhvlegal.com

                                              *Attorneys for Defendant*
                                              *Christopher Hikaru Nakamura*