UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HANS MOKE NIEMANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cv-01110-AGF |
| | ) | |
| SVEN MAGNUS OEN CARLSEN, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff filed suit in this Court, alleging that the Court had federal-question jurisdiction over one count of his complaint (Count III, alleging violation of the Sherman Act, 15 U.S.C. § 1, et seq.) and that the Court should exercise supplemental jurisdiction over his remaining state-law claims. In the alternative, Plaintiff alleged that the Court should exercise diversity jurisdiction over his entire complaint. Plaintiff acknowledged that Defendant Chess.com, LLC ("Chess.com") took on the citizenship of each of its members but alleged, upon information and belief, that none of Chess.com's members shared Plaintiff's Connecticut citizenship.

However, it later came to the Court's attention that Chess.com's membership was comprised of several layers of LLC and limited partnership members, which themselves likely include thousands of members and partners, and that no party had reviewed the citizenship of these thousands of partners or members in order to determine whether Chess.com was in fact diverse from Plaintiff. Accordingly, on January 3, 2023, the Court held that there was no basis for Plaintiff's allegation "on information and belief" that none of Chess.com's members are citizens of Connecticut and that the Court would therefore hear the case based solely on federal-

1

question and supplemental jurisdiction but would not hear the case on diversity jurisdiction. ECF No. 74.

This matter is now before the Court on Plaintiff's motion (ECF No. 95) for leave to conduct jurisdictional discovery regarding the citizenship of Chess.com, or, alternatively, for the Court amend its January 3, 2023, Memorandum and Order (ECF No. 74) to permit Plaintiff to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

For the reasons delineated below, the motion for leave to conduct jurisdictional discovery will be granted. The motion requesting the Court amend its order to permit interlocutory appeal will be denied.

I. **Jurisdictional Discovery**

Plaintiff requests the Court permit him to conduct jurisdictional discovery into the citizenship of Chess.com's members. Plaintiff explains that, through counsel, he investigated Chess.com's membership, and that Chess.com confirmed that none of its members were Connecticut citizens to its knowledge. (ECF No. 95 at 5). Furthermore, Plaintiff consulted publicly available records and concluded that Chess.com had no known connection to Connecticut. *Id*. He therefore asserts that jurisdictional discovery is likely to reveal that diversity jurisdiction is appropriate in this case. *Id*.

Chess.com opposes the motion. It argues that jurisdictional discovery is unnecessary because this Court is already exercising federal question and supplemental jurisdiction; that Plaintiff failed to properly meet and confer prior to filing the instant motion; that the request is an improper motion for reconsideration; and that Plaintiff has not demonstrated that jurisdictional discovery is warranted.

Discovery is not limited to the merits of a case; "where issues arise as

to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978) (internal citation omitted).  The district court enjoys the discretion to permit or deny jurisdictional discovery.  *See Jordan v. Charter Communications, Inc.*, Case No. 4:19-cv-00035-SNLJ, 2019 WL 1409353, at *4 (E.D. Mo. Mar. 28, 2019) (citing *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 713 (8th Cir. 2003)).  Jurisdictional discovery may be justified when such discovery "would likely reveal" facts necessary to support jurisdiction.  *Doshier v. Twitter, Inc.*, Case No. 4:18-cv-00700-KGB, 2019 WL 4559357, at *2 (E.D. Ark. Sep. 19, 2019) (quoting *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011)).  The plaintiff bears the burden of demonstrating that jurisdictional discovery is warranted, and that plaintiff must offer more than speculation or conclusory allegations regarding the need for discovery.  *Jordan*, 2019 WL 1409353, at *4.  Nevertheless, when jurisdiction rests on disputed facts, "for instance, the domicile of the parties," jurisdictional discovery may be warranted.  *Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964-965 (8th Cir. 2016).

      The Court finds that Plaintiff has offered more than mere speculation that discovery will support his claim for diversity jurisdiction, and thus, that jurisdictional discovery is warranted.  Chess.com argues that this discovery will be impracticable, given the size of its and HoldCo.'s membership.  (ECF No. 99 at 8).  However, Plaintiff points out that membership in Chess.com requires being an "accredited investor," which, in turn, requires issuing an IRS Form K-1 identifying that investor's home state.  (ECF No. 103 at 6).  Given at least one means of determining potential membership and the residence of those members, the Court does not find that the burden on Chess.com of complying with jurisdictional discovery outweighs Plaintiff's need for that discovery at this time.

3

Nor do Chess.com's other arguments persuade the Court to deny jurisdictional discovery. Though the Court may currently exercise federal question and supplemental jurisdiction to consider all claims, absent diversity jurisdiction, the dismissal of Plaintiff's federal claim at any point may well cause the Court to decline to exercise supplemental jurisdiction over the state-law claims and to dismiss those claims without prejudice so that they may be litigated in state court. *See, e.g.*, *Starkey v. Amber Enterprises, Inc.*, 987 F.3d 758, 765 (8th Cir. 2021) (citation omitted) ("In the usual case where all federal claims are dismissed on a motion for summary judgment, the balance of factors to be considered under the supplemental jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *see also* 28 U.S.C. § 1367(c). The Court therefore finds that Plaintiff's motion for leave to conduct jurisdictional discovery is appropriately raised at this stage.

As to Chess.com's remaining arguments, it is not clear that Local Rule 3.04 applies to Plaintiff's motion, and the Court will not deny Plaintiff's motion for his failure to meet and confer with Defendants before filing it. However, the Court will require the parties to comply with the Local Rule with respect to any discovery-related motion practice going forward. The Court also does not view Plaintiff's motion as one for reconsideration.

**II.     Interlocutory Appeal**

The Court will deny Plaintiff's alternative request for certification under 28 U.S.C. § 1292(b). Section 1292(b) sets forth three requirements for certification: "the district court must be of the opinion that (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (internal citations

and quotations omitted).  These three statutory requirements are jurisdictional, and all must be present before an order is certified.  *Id*. at 376.  "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted."  *Id*. (internal citation omitted).

Plaintiff simply has not demonstrated that the three requirements are met here, particularly with respect to the last requirement.  Given the posture of the case and the existence of other grounds for subject-matter jurisdiction, certification would not materially advance the termination of this litigation.  Indeed, Plaintiff has already sought an interlocutory appeal, based on the collateral order doctrine, and that appeal was dismissed by the Eighth Circuit.  (ECF No. 109).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to conduct jurisdictional discovery and, alternatively, to amend Order to permit appeal is **GRANTED in part and DENIED in part**.  (Doc. No. 95).  Plaintiff's request for leave to conduct jurisdictional discovery is granted.  His request for the Court to amend its order at to permit interlocutory appeal is denied.

**IT IS FURTHER ORDRED** that Plaintiff shall have a period of **90 days** from the date of this Order to conduct jurisdictional discovery and, if appropriate, to seek leave to file an amended complaint that alleges sufficient facts to establish diversity jurisdiction.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of March, 2023.

5