**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| HANS MOKE NIEMANN, | |
| Plaintiff, | Case No: 4:22-cv-01110-AGF |
| vs. | |
| SVEN MAGNUS ØEN CARLSEN A/K/A MAGNUS CARLSEN; PLAY MAGNUS AS, D/B/A PLAY MAGNUS GROUP; CHESS.COM, LLC; DANIEL RENSCH A/K/A "DANNY" RENSCH; AND HIKARU NAKAMURA, | Hon. Audrey G. Fleissig |
| Defendants. | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' JOINT MOTION**
**TO STAY RULE 16 CONFERENCE AND DISCOVERY**

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ......................................................................................................... 1

ARGUMENT ................................................................................................................ 3

I.      The Court Should Stay Scheduling a Rule 16 Conference Until  After the Court Has
        Resolved the Issues Raised in the Motions to Dismiss........................................... 3

II.     The Court Should Stay Discovery Until After the Court Has Resolved the Issues
        Raised in the Motions to Dismiss ........................................................................ 4

        A.      Defendants Are Likely to Succeed on the Merits ....................................... 5

        B.      Permitting Discovery Now Would Create a Hardship to All Defendants ................... 7

                1.      Defendants Rensch, Nakamura, and Play  Magnus Would Suffer
                        Extraordinary and  Wasteful Litigation Costs by the Commencement of
                        Discovery .............................................................................. 7

                2.      Defendants Should Not Be Subjected to Broad and Burdensome
                        Discovery In Aid of Niemann's Baseless Claims................................ 8

                3.      Granting a Stay Would Safeguard Defendants'  Rights Under
                        Connecticut's Anti-SLAPP Statute...................................... 9

        C.      A Stay Will Not Cause Any Prejudice to Niemann .................................. 11

        D.      The Conservation of Judicial Resources Favors a Stay ............................. 11

CONCLUSION ............................................................................................................ 12

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*26 Cedar St. Assocs., LLC v. Healthtrax Fitness & Wellness Clinic, Inc.*,
 HHDCV176085183S, 2021 WL 6426128 (Conn. Super. Ct. Nov. 24, 2021)........................10

*Allied Prop. & Cas. Ins. Co. v. Grich*,
 No. 4:16-CV-00933, 2016 WL 4944113 (E.D. Mo. Sept. 16, 2016) ...................................3, 4

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007)..................................................................................................................6, 8

*Blair v. Douglas Cnty.*,
 No. 8:11CV349, 2013 WL 2443819 (D. Neb. June 4, 2013) ....................................................5

*Car Carriers, Inc. v. Ford Motor Co.*,
 745 F.2d 1101 (7th Cir. 1984) ..................................................................................................8

*Contracting Nw., Inc. v. City of Fredericksburg, Iowa*,
 713 F.2d 382 (8th Cir. 1983) ....................................................................................................3

*In re Crop Inputs Antitrust Litig.*,
 No. 21-md-2993 ........................................................................................................................8

*Dufrene v. ConAgra Foods, Inc.*,
 No. 15-cv-2796, 2016 WL 10651947 (D. Minn. Apr. 7, 2016) ................................................5

*Hanson v. Denckla*,
 357 U.S. 235 (1958)..................................................................................................................8

*KDCO, Inc. v. HeathLink, Inc.*,
 No. 1:16-CV-00212 AGF, Dkt. 90 ...........................................................................................4

*NextGen HBM, Inc. v. ListReport, Inc.*,
 No. 16-3143, 2017 WL 8229442 (D. Minn. Feb. 9, 2017).......................................................7

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
 198 F.R.D 670 (S.D. Cal. 2001) ...............................................................................................8

*Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*,
 No. 4:18-cv-01959, 2019 WL 4644021 (E.D. Mo. Sept. 24, 2019) ...............................4, 5, 12

*Raimo v. Wash. Univ. in St. Louis*,
 No. 4:20-cv-00634, 2021 WL 243559 (E.D. Mo. Jan. 25, 2021)...............................5, 6, 9, 11

*Steinbuch v. Cutler*,
    518 F.3d 580 (8th Cir. 2008) ..................................................................................7

*Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*,
    646 F.3d 589 (8th Cir. 2011) ..................................................................................8

**Statutes**

Conn. Gen. Stat. § 52-196a(d) ......................................................................................9, 10

Conn. Gen. Stat. § 52-196a(e)(1).........................................................................................9

## INTRODUCTION

Plaintiff Hans Niemann filed this case against Defendants—many of whom have no connection (much less minimum contacts) with this forum— over six months ago.  Since then, he has twice amended his complaint; unsuccessfully sought relief from the Eighth Circuit; and conducted limited discovery into Defendant Chess.com's citizenship.

This case is anything but ripe for a Rule 16 conference and the start of merits discovery. Presently, four of the Defendants' second motions to dismiss (the first such motions having been mooted when Niemann filed his Second Amended Complaint) are fully briefed, and the fifth will be fully briefed in the coming days.  All of the motions contend that Niemann cannot state a claim for multiple, independent reasons.  Three Defendants also contest the existence of personal jurisdiction over them, and it is not clear yet whether Niemann intends to seek leave to file yet another complaint (which would be improper, in any event).  Doc. [140].

In light of this backdrop, the Court should not permit Niemann to burden Defendants by allowing him to begin seeking discovery from Defendants.  Rather, the Court should stay discovery until after the Court rules on Defendants' motions to dismiss.  Every factor courts in the Eighth Circuit consider in deciding whether to grant such a motion weighs heavily in favor of a stay here.

First, Defendants have shown a strong likelihood of success on the merits.  Although Defendants' motions need only be "colorable" to show a likelihood on the merits, here the motions far exceed that threshold.  Despite filing three complaints in less than six months, Niemann still cannot state a claim.  His antitrust claims still fail to plausibly allege any of the threshold pleading requirements, such as any antitrust injury, any unlawful "agreement," or even a plausible antitrust market.  Indeed, the claims cannot credibly be called "antitrust" claims at all, and are instead general grievances dressed up in Sherman Act phraseology.  Niemann's

1

defamation and related tort claims also are fatally flawed, as they are barred by Connecticut's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, and fail as a matter of law for multiple other reasons including Niemann's failure to allege actual malice.

Second, Defendants would be harmed by the denial of a stay.  Three of the five Defendants are not subject to the personal jurisdiction of the Court and thus should not be forced to engage in discovery.  In addition, allowing discovery to proceed would deprive all Defendants of their rights under Connecticut's anti-SLAPP statute.  Moreover, the types of claims that Niemann asserts can result in sweeping and burdensome discovery, which could be particularly onerous for the individual defendants.

Third, Niemann would suffer no harm from stay.  All of Defendants' motions to dismiss will be ripe for decision in a matter of days.  Nor can Niemann claim any actual prejudice from a stay of discovery as he has obtained multiple lengthy extensions since filing this case.  A stay of discovery while the Court decides the pending motions will not cause any actual prejudice to Niemann.

Finally, during the short tenure of this case, Niemann has already multiplied the proceedings and caused Defendants to brief needless disputes.  Allowing discovery to proceed before the Court determines whether any portion of this case will proceed against any Defendant is likely to result in additional waste of both judicial and party resources.

For all these reasons and as discussed below, the Court should stay discovery, including the Rule 16 conference, until the Court rules on the pending motions to dismiss.

**ARGUMENT**

I.      **The Court Should Stay Scheduling a Rule 16 Conference Until**
        **After the Court Has Resolved the Issues Raised in the Motions to Dismiss**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Allied Prop. & Cas. Ins. Co. v. Grich*, No. 4:16-CV-00933, 2016 WL 4944113, at *3 (E.D. Mo. Sept. 16, 2016) (quoting *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936)) (internal brackets and quotation marks omitted); *see also Contracting Nw., Inc. v. City of Fredericksburg, Iowa*, 713 F.2d 382, 387 (8th Cir. 1983). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (quoting *Landis*, 299 U.S. at 254–55) (internal quotation marks omitted). "Thus, in considering a motion to stay, the Court weighs the potential prejudice or hardship to the parties, as well as the interest of judicial economy." *Id.* (internal quotation marks omitted).

A stay of the Rule 16 conference until the Court has resolved the issues raised in the motions to dismiss, thereby determining which—if any—claims will proceed against which Defendants, is appropriate under the circumstances presented here. This case already has a lengthy history. Defendants have expended substantial resources thus far litigating this matter in this Court and in the Eighth Circuit, including filing two sets of motions to dismiss. Several Defendants have challenged personal jurisdiction under governing law, including binding Eighth Circuit precedent involving materially indistinguishable circumstances.[1]

---

[1] This burden is particularly heavy for Defendants Nakamura, Rensch, and Play Magnus; these Florida, Utah, and Norwegian citizens, who have raised significant personal jurisdiction challenges, have been required thus far to defend this lawsuit brought by a Connecticut citizen in a Missouri federal court.

All parties and the Court will benefit from a determination of the pending matters before crafting the case schedule.  Whether or not any antitrust claims proceed, for example, will greatly impact the nature and scope of discovery and the necessary timetable.  Notably, when this Court was confronted in another case involving a pending motion that could affect the forum of the case, the Court continued a Rule 16 conference to allow the motion to be resolved before setting the final case management order.  *See KDCO, Inc. v. HeathLink, Inc.*, No. 1:16-CV-00212 AGF, Dkt. 90).  The same result is appropriate here.  *See also Allied Prop. & Cas. Ins. Co.*, 2016 WL 4944113, at *3 (staying action and cancelling Rule 16 conference pending a ruling from the Missouri Supreme Court in a related action).

## II.     The Court Should Stay Discovery Until After the
**Court Has Resolved the Issues Raised in the Motions to Dismiss**

Just as it would be premature to conduct a Rule 16 conference at this time, the Court likewise should stay merits discovery until it resolves the pending motions to dismiss.  The unique circumstances of this case make a stay of discovery particularly appropriate here: Niemann sued three Defendants who lack minimum contacts with the forum; he asserts flawed antitrust and defamation claims that could result in wide-ranging and burdensome discovery; and Defendants are entitled to the protection of the Connecticut anti-SLAPP statute, which shields Defendants from discovery until their pending motions to dismiss are decided.  Moreover, engaging in discovery prior to a ruling on the motions to dismiss is likely to waste judicial (and party) resources, particularly given Niemann's litigation conduct to date.  The Court should thus stay all merits discovery until after the Court's ruling on the motions to dismiss.

"While the filing of a motion to dismiss is insufficient in and of itself to support a stay of discovery, a litigant may obtain a stay of discovery pending disposition of a motion to dismiss." *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, No. 4:18-cv-

01959, 2019 WL 4644021, at *3 (E.D. Mo. Sept. 24, 2019) (first citing *Reinerio v. Bank of New York Mellon*, No. 15-cv-161, 2015 WL 4425856, at *6 (W.D. Mo. July 20, 2015), and then citing *Nelson v. Maples*, 672 F. App'x 621, 621 (8th Cir. 2017)) (internal citation omitted).  Indeed, "it is a 'settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'"  *Blair v. Douglas Cnty.*, No. 8:11CV349, 2013 WL 2443819, at *1 (D. Neb. June 4, 2013) (quoting *Farouki v. Petra Int'l Banking, Corp.*, 683 F. Supp. 2d 23, 26 (D.D.C. 2010)).

"The decision whether to stay discovery due to the pendency of a motion to dismiss 'is generally practical and . . . left largely to the court's discretion.'"  *Physicians Home Health Infusion, P.C.*, 2019 WL 4644021, at *3 (quoting *Dufrene v. ConAgra Foods, Inc.*, No. 15-cv-2796, 2016 WL 10651947, at *2 (D. Minn. Apr. 7, 2016)).  In determining whether a stay is appropriate, courts consider: "(1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party; and (4) the conservation of judicial resources."  *Dufrene*, 2016 WL 10651947, at *2.  All of these factors weigh in favor of granting a stay of discovery here.

A.      **Defendants Are Likely to Succeed on the Merits**

To demonstrate a likelihood of success on the merits in support of a request for a stay, a party need show only more than a "mere possibility" that the motion will be decided in its favor.  *Id*. at *3 (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)); *see also Raimo v. Wash. Univ. in St. Louis*, No. 4:20-cv-00634, 2021 WL 243559, at *1 (E.D. Mo. Jan. 25, 2021).  A moving party is not required to show a greater than fifty percent probability that the dispositive motion will be decided in the movant's favor.  *See, e.g., Raimo*, 2021 WL 243559, at *1.  Rather, a colorable

argument suffices to establish more than a mere possibility a motion to dismiss will be successful. *Id*.

Defendants have demonstrated "more than a mere possibility" of success on the merits of their motions to dismiss.  As an initial matter, three Defendants lack the minimum contacts necessary to establish personal jurisdiction by this Court.  Niemann is a citizen of Connecticut, *see, e.g.* Doc. [82] at 15-19; none of the acrobatics in his pleadings can make him a citizen of Missouri, *id*.; and none of the injuries he alleges were felt uniquely in Missouri.  *Id*.

On the merits, Niemann's antitrust claims are specious. Niemann has not alleged anything close to antitrust injury—*i.e.*, injury to competition—and alleges *only* injury to himself. *Id*. at 37–38.  Despite multiple chances to amend his pleadings, Niemann also fails to meet the Supreme Court's requirements to sufficiently allege an antitrust conspiracy as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *Id*.  In fact, Niemann has not even alleged a well-defined market, a basic requirement for any antitrust claims.  *Id*.

Niemann's defamation and related tort claims fare no better.  For example, as discussed in the motions to dismiss, Niemann's state-law claims are barred by Connecticut's anti-SLAPP statute.  *See, e.g.*, *id*. at 19–26.  But the claims also fail for several independent reasons: Niemann has failed to meet his burden to plausibly allege that Defendants' allegedly defamatory statements were made with actual malice, *see id*. at 28–30; many of the challenged statements are protected by qualified privilege, *see id*. at 31–32; and the remaining statements are not actionable because they are either opinions or, based on Niemann's own allegations, true.  *See id*. at 32–33.[2]

---

[2] Defendants do not repeat all of the arguments in their motions to dismiss, and incorporate by reference the briefing on those motions.  *See* Docs. [82], [84], [87], [90], [110], [111], [112], [113], [126-1].

In sum, the motions to dismiss raise arguments that are far more than colorable. Consequently, the first factor weighs in favor of a stay.

**B.**     **Permitting Discovery Now Would Create a Hardship to All Defendants**

The second factor also weighs in favor of a stay in this case.  Three of the five Defendants are not subject to the personal jurisdiction of this Court, the discovery in this case is likely to be particularly broad and burdensome, and Defendants are entitled to a stay of discovery under Connecticut's anti-SLAPP statute.  For each of these reasons, beginning discovery prior to the Court's ruling on the motions to dismiss will create an unnecessary hardship to the Defendants.

**1.**     **Defendants Rensch, Nakamura, and Play Magnus Would Suffer Extraordinary and Wasteful Litigation Costs by the Commencement of Discovery**

Three Defendants—Daniel "Danny" Rensch, Hikaru Nakamura, and Play Magnus— challenge the Court's exercise of personal jurisdiction over them.  *See* Docs. [86], [89], [126].[3] It is not unusual for a court to "stay[] or limit[] discovery until a pending motion to dismiss for lack of jurisdiction is decided."  *NextGen HBM, Inc. v. ListReport, Inc.*, No. 16-3143, 2017 WL 8229442, at *2 (D. Minn. Feb. 9, 2017); *see also Steinbuch v. Cutler*, 518 F.3d 580, 590 (8th Cir. 2008) (affirming stay of discovery because plaintiff could not make a *prima facie* showing of

---

[3] As they identify in their respective memoranda, Niemann has failed to identify suit-specific conduct of these Defendants which either took place in or was directed to Missouri.  *See* Docs. [90] at 7 (noting that Niemann has not pled that "*his* particular claims 'arise out of or relate to' any of Mr. Nakamura's alleged contacts with the forum"); [87] at 5 (arguing that Niemann "fails to allege that Rensch engaged in any suit-related conduct specifically *directed* at Missouri—a mandatory requirement to establish specific personal jurisdiction over him"); [126-1] at 10-13 (stating that the three allegations referring to Play Magnus—the *Avengers:  Infinity War* Twitter meme, statements by chess player Lawrence Trent, and Chess.com's acquisition of Play Magnus—are untethered to any contact between Play Magnus and Missouri).

personal jurisdiction); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D 670, 675 (S.D. Cal.

2001) (allowing discovery beyond jurisdictional issues would waste the parties time should

defendant prevail on the motion to dismiss for lack of personal jurisdiction).  This is because any

judgment against a defendant by a Court that lacks personal jurisdiction over that defendant is

null.  *See Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th

Cir. 2011) (quoting *Kulko v. Super. Ct. of Cal.*, 436 U.S. 84, 91 (1978)); *Hanson v. Denckla*, 357

U.S. 235, 250 (1958).  Before allowing Niemann to embroil the personal-jurisdiction Defendants

in costly and time-consuming discovery, the Court should first determine whether they are

subject to the Court's power.

### 2.   Defendants Should Not Be Subjected to Broad and Burdensome Discovery In Aid of Niemann's Baseless Claims

Federal courts across the nation have recognized the heavy discovery burden associated

with antitrust claims.  As the Supreme Court explained, "antitrust discovery can be expensive."

*Twombly*, 550 U.S. at 558.  For this reason, "a district court must retain the power to insist upon

some specificity in pleading before allowing a potentially massive factual discovery to proceed."

*Id*. (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n.17

(1983)) (internal quotation marks omitted); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745

F.2d 1101, 1106 (7th Cir. 1984) (recognizing that "the costs of modern federal antitrust litigation

and the increasing caseload of the federal courts counsel against sending the parties to discovery

when there is no reasonable likelihood that the plaintiffs can construct a claim from the events

related in the complaint").  Courts in this district have also stayed substantive discovery on

antitrust claims pending the ruling on a motion to dismiss.  *See, e.g.*, *In re Crop Inputs Antitrust

Litig.*, No. 21-md-2993, Docs. [132], [133] (staying most fact discovery and entry of scheduling

order until motions to dismiss resolved).

The conspiracy theory underlying Niemann's antitrust claim is the same as his defamation and related tort claims, and so will likely be used by him to pursue broad and burdensome discovery.  As discussed above, if the Court does not dismiss Niemann's claims in their entirety, it may well narrow them.  Accordingly, proceeding with discovery now will likely result in futile efforts and expense.  This is particularly true given that none of the parties to this case are in Missouri, and two do not reside in the United States.  What is more, at least three of the five Defendants are individuals for whom discovery could be particularly burdensome given that they do not keep "centralized repositories" of potentially relevant material and do not employ on-staff IT personnel who can easily collect such information in a review- and production-ready format.  *See Raimo*, 2021 WL 243559, at *1 (lack of a central repository weighed in favor of a stay of discovery).

Allowing Niemann to proceed into merits discovery before the scope of the case is clear would impose serious and unnecessary hardship on all Defendants.

### 3.      Granting a Stay Would Safeguard Defendants' Rights Under Connecticut's Anti-SLAPP Statute

One of the first protections Connecticut's anti-SLAPP statute grants Defendants is an automatic stay of discovery upon the filing of a motion to dismiss:

> The court shall stay all discovery upon the filing of a special motion to dismiss. The stay of discovery shall remain in effect until the court grants or denies the special motion to dismiss and any interlocutory appeal thereof.  Notwithstanding the entry of an order to stay discovery, the court, upon motion of a party and showing of good cause, or upon its own motion, may order specified and limited discovery relevant to the special motion to dismiss.

Conn. Gen. Stat. § 52-196a(d).[4]

---

[4] The strong legislative intent to prevent strategic lawsuits that chill free speech such as Niemann's is clear from the host of other protections the statute offers defendants. *See, e.g.*, Conn. Gen. Stat. § 52-196a(e)(1) (requiring expedited hearing on the special motion); *id*. § 52-196a(e)(3) (imposing a heightened showing on plaintiff to state "with particularity the

As the statute provides, discovery following the filing of an unresolved motion under § 52-196a(d) is the exception—not the norm.  The statute clarifies that discovery may be allowed "upon motion of a party" showing "good cause," or on the court's motion, and that discovery must be "specified and limited" to issues "relevant to the special motion to dismiss."  *Id*.  To justify "specified and limited" discovery, Connecticut courts have affirmed that "[i]n the anti-SLAPP context, good cause requires a showing that the specified discovery is necessary for the plaintiff to oppose the anti-SLAPP motion and is tailored to that end."  *26 Cedar St. Assocs., LLC v. Healthtrax Fitness & Wellness Clinic, Inc.*, HHDCV176085183S, 2021 WL 6426128, at *3 (Conn. Super. Ct. Nov. 24, 2021) (quoting *Balla v. Hall*, 59 Cal. App. 5th 652, 692 (Cal. Ct. App. 2021)) (internal quotation marks and brackets omitted); *see also id*. ("If the plaintiff makes a timely and proper showing in response to the motion . . . that a defendant or witness possesses evidence needed by plaintiff to establish a prima facie case, the plaintiff must be given the reasonable opportunity to obtain that evidence through discovery before the motion . . . is adjudicated." (quoting *Lafayette Morehouse, Inc. v. Chronicle Publishing Co.*, 37 Cal. App. 4th 855, 868 (Cal. Ct. App. 1995))).

Here, Niemann has already responded to Defendants' motions to dismiss, and thus cannot show good cause that any discovery is necessary to oppose Defendants' motions.  Allowing discovery to proceed before the Court's ruling on the motions to dismiss would, therefore, deprive Defendants of their rights under Connecticut's anti-SLAPP statute, an injury that no future ruling can cure.  This factor weighs in favor of a stay.

---

circumstances" supporting the complaint and to "demonstrate . . . that there is probable cause, considering all valid defenses" that plaintiff will prevail on the merits); *id*. § 52-196a(e)(4) (instructing courts to rule on a special motion "as soon as practicable"); *id*. § 52-196a(f)(1) (shifting a prevailing movant's costs and attorneys' fees to the plaintiff).

### C.      A Stay Will Not Cause Any Prejudice to Niemann

While Defendants would be prejudiced absent a stay of discovery pending resolution of their dispositive motions, Niemann would not.  The motions of Defendants Carlsen, Rensch, Nakamura, and Chess.com have been fully briefed since March 13, 2023, *see* Docs. [110]–[113], and the motion filed by Defendant Play Magnus will be fully briefed in the coming days.  There is no reason to think that any information that may be relevant to the case will not be available after the Court's ruling on the motions to dismiss.  A stay of discovery while the Court determines the scope of the case—or whether the case can proceed at all—will therefore not create any prejudice to Niemann.  To the contrary, even if some of his claims survive, a stay of merits discovery could actually help Niemann avoid prematurely expending resources propounding and reviewing discovery on claims that may no longer be in the case.

### D.      The Conservation of Judicial Resources Favors a Stay

The final factor Eighth Circuit courts consider—judicial economy—also weighs in favor of granting a stay.  "In determining whether the stay would conserve judicial resources, 'a court examines the breadth of any pending discovery and whether the pending dispositive motion has the potential to resolve the litigation.'"  *Raimo*, 2021 WL 243559, at *1 (quoting *Physicians Home Health Infusion, P.C.*, 2019 WL 4644021, at *6).

To date, Niemann has filed three iterations of his Complaint, two after requesting extensions from this Court.  Docs. [1], [20], [75].  Four of the five Defendants have filed and briefed *two* motions to dismiss.  Docs. [43], [46], [54], [60], [81], [83], [86], [89].  Niemann has already unsuccessfully sought appellate review of one of this Court's interlocutory orders.  Docs. [97], [109].  Niemann also opposed Chess.com's simple motion to keep confidential business information under seal and Defendants' motion on page limits for briefing on the motions to

11

dismiss.  Docs. [67], [68], [72], [76], [77].  In addition, Niemann has not confirmed that he will not seek leave to file a fourth complaint.[5]

Niemann's litigation efforts have thus far caused Defendants to incur considerable legal expenses, all while their motions to dismiss are pending.  Allowing Niemann to engage in merits discovery prior to the Court's ruling on the motions to dismiss is likely to lead to additional disagreements requiring Court intervention.  Staying discovery now will, therefore, conserve judicial resources.  *See Physicians Home Health Infusion, P.C.*, 2019 WL 4644021, at *6 (conservation of judicial resources weighed in favor of a stay where motion to dismiss would likely resolve the case and the litigation had already required previous Court intervention on early discovery disputes).

## CONCLUSION

This case is not yet ripe for a Rule 16 conference.  Once the Court has resolved the motions to dismiss, such a conference can be held in the normal course.  Discovery likewise should be stayed until the motions to dismiss are resolved.  Niemann should not be permitted to plunge the Defendants headlong into onerous discovery until the Court determine which Defendants (if any) are in the case and what claims (if any) will be litigated.

---

[5] On May 4, 2023, Defendant Chess.com filed a Notice of Compliance outlining for the Court that the limited jurisdictional discovery permitted by the Court confirmed there was no diversity jurisdiction.  Doc. [137].  In response, Niemann suggested he is still considering a potential fourth iteration of his complaint and stated that he would update the Court no later than June 20, 2023.  Doc. [140].

May 9, 2023                                    Respectfully submitted,


STINSON LLP                                    AXINN, VELTROP & HARKRIDER LLP

By: /s/ J. Nicci Warr                          By: /s/ Craig M. Reiser
J. Nicci Warr (State Bar No. 59975)            Craig M. Reiser, admitted *pro hac vice*
Jacob R. Schlueter (State Bar No. 73929)       Denise L. Plunkett, admitted *pro hac vice*
7700 Forsyth Blvd., Suite 1100                 Eva H. Yung, admitted *pro hac vice*
St. Louis, Missouri 63105                      114 West 47th Street
Office: 314.259.4570                           New York, New York 10036
Email: nicci.warr@stinson.com                  Office: 212.728.2200
Email: jacob.schlueter@stinson.com             Fax: 212.728.2201
                                               Email: creiser@axinn.com
                                                       dplunkett@axinn.com
                                                       eyung@axinn.com

                                               Caroline P. Boisvert, admitted *pro hac vice*
                                               90 State House Square
                                               Hartford, Connecticut 06103
                                               Office: 860.275.8100
                                               Fax: 860.275.8101
                                               Email: cboisvert@axinn.com

                                               *Counsel for Defendant Magnus Carlsen*


13

/s/ *Nima H. Mohebbi* (w/ consent)
Nima H. Mohebbi (# 275453CA)
Sarah F. Mitchell (# 308467CA)
Michael A. Hale (# 319056CA)
**LATHAM & WATKINS LLP**
355 S. Grand Ave., Suite 100
Los Angeles, CA 90071
Tel: (213) 485-1234
*nima.mohebbi@lw.com*
*sarah.mitchell@lw.com*
*michael.hale@lw.com*


/s/ *Jamie L. Wine* (w/ consent)
Jamie L. Wine (# 4529251NY)
Blake E. Stafford (# 888324775DC)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
*jamie.wine@lw.com*
*blake.stafford@lw.com*


/s/ *Jeffrey B. Jensen* (w/consent)
Jeffrey B. Jensen (# 46745MO)
Kate Ledden (# 66026MO)
**HUSCH BLACKWELL LLP**
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Tel: (314) 480 1500
*jeff.jensen@huschblackwell.com*
*kate.ledden@huschblackwell.com*


Derek Teeter (# 59031MO)
Spencer Tolson (# 74467MO)
**HUSCH BLACKWELL LLP**
4801 Main, Suite 1000
Kansas City, MO 64112
Tel: (816) 983-8000
*derek.teeter@huschblackwell.com*
*spencer.tolson@huschblackwell.com*


*Counsel for Defendants Chess.com, LLC, Daniel "Danny" Rensch, and Play Magnus AS*

14

**LEWIS RICE LLC**

By:    <u>/s/ *Neal F. Perryman* (w/consent)</u>
       Neal F. Perryman, #43057 (MO)
       Michael L. Jente, #62980 (MO)
       Benjamin M. Farley, #69073 (MO)
       600 Washington Avenue, Suite 2500
       St. Louis, Missouri 63101
       Telephone:  (314) 444-7661
       Facsimile:  (314) 612-7661
       nperryman@lewisrice.com
       mjente@lewisrice.com
       bfarley@lewisrice.com

       and

       Michael J. Ryan, FL State Bar #975990*
       *Admitted PHV*
       Michael J. Ryan, P.A.
       110 SE Sixth Street, Suite 2150
       Fort Lauderdale, Florida 33301
       Telephone: (954) 881-6995
       MJRyan@MJRyanLegal.com

       *Attorneys for Defendant*
       *Christopher Hikaru Nakamura*

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, the foregoing was filed electronically using

the CM/ECF system which will automatically provide notice to all attorneys of record by

electronic means.

/s/ J. Nicci Warr
