UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI: EASTERN DIVISION

| | |
|---|---|
| HANS MOKE NIEMANN, | ) |
| | ) |
| *Plaintiff,* | ) CIVIL ACTION NO. 4:22-CV-01110 |
| | ) |
| v. | ) |
| | ) |
| SVEN MAGNUS ØEN CARLSEN A/K/A | ) |
| MAGNUS CARLSEN, PLAY MAGNUS | ) |
| AS D/B/A PLAY MAGNUS GROUP, | ) |
| CHESS.COM, LLC, DANIEL RENSCH | ) |
| A/K/A "DANNY" RENSCH, AND | ) |
| HIKARU NAKAMURA, | ) |
| | ) |
| *Defendants.* | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO STAY THE RULE 16 CONFERENCE AND DISCOVERY**

OVED & OVED LLP
*Attorneys for Plaintiff*
401 Greenwich Street
New York, New York 10013
Tel.: (212) 226-2700

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. *ii*

PRELIMINARY STATEMENT ............................................................................................. 1

RELEVANT BACKGROUND ............................................................................................... 2

LEGAL STANDARD .............................................................................................................. 3

ARGUMENT ........................................................................................................................... 4

    I.    Defendants' Motions to Dismiss Do Not Have Merit ............................................... 4

    II.    Defendants Failed to Show That Discovery Would Be Unduly Burdensome ......... 7

    III.    A Stay Would Create Undue Delay and Prejudice to Niemann ........................... 10

    IV.    The Interests of Judicial Economy Do Not Merit a Stay ....................................... 11

CONCLUSION ...................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*26 Cedar St. Assocs., LLC v. Healthtrax Fitness & Wellness Clinic Inc.*,
    2021 Conn. Super. LEXIS 2060 (Conn. Super. Ct. Nov. 24, 2021)...................................8

*Allied Prop. & Cas. Ins. Co. v. Grich*,
    2016 U.S. Dist. LEXIS 126238 (E.D. Mo. Sept. 16, 2016)................................................5

*Blair v. Douglas Cnty.*,
    2013 U.S. Dist. LEXIS 78212 (D. Neb. June 4, 2013)......................................................5

*Blalock v. Ladies Prof'l Golf Ass'n*,
    359 F. Supp. 1260 (N.D. Ga. 1973)................................................................................10

*Cake Love Co. v. AmeriPride Servs., LLC*,
    2023 U.S. Dist. LEXIS 77698 (D. Minn. May 4, 2023)..................................................11

*Car Carriers v. Ford Motor Co.*,
    745 F.2d 1101 (7th Cir. 1984) ..........................................................................................8

*Carroll v. Rodenburg LLP*,
    2018 U.S. Dist. LEXIS 173034 (D.N.D. Oct. 3, 2018) ...............................................4, 11

*Clark v. Camber Corp.*,
    2014 U.S. Dist. LEXIS 191427 (W.D. Tex. Aug. 26, 2014)............................................7

*Contracting Nw., Inc. v. Fredericksburg*,
    713 F.2d 382 (8th Cir. 1983) ............................................................................................5

*Downs v. Crouch*,
    2018 U.S. Dist. LEXIS 160522 (W.D. Mo. Sept. 20, 2018) ........................................4, 9

*Dufrene v. ConAgra Foods, Inc.*,
    2016 U.S. Dist. LEXIS 196550 (D. Minn. Apr. 7, 2016)..............................................5, 7

*In re Crop Inputs Antitrust Litigation*,
    No. 4:21-md-2993-SEP (E.D. Mo).................................................................................8

*Joint Stock Co. "Channel One Russ. Worldwide" v. Infomir, LLC*,
    2017 U.S. Dist. LEXIS 36634 (S.D.N.Y. Mar. 7, 2017) .............................................. 7-8

*KDCO, Inc. v. HealthLink, Inc.*,
    No. 1:16-cv-00212-AGF (E.D. Mo.) .............................................................................10

*G-Met, LLC v. St. Paul Mercury Ins. Co.*,
    2017 U.S. Dist. LEXIS 184844 (W.D. Mo. Nov. 8, 2017) ...................................................... 6

*Lifescience Techs., LLC v. Mercy Health*,
    2022 U.S. Dist. LEXIS 124386 (E.D. Mo. Apr. 21, 2022) ..................................................... 4

*Mirra v. Jordan*,
    2016 U.S. Dist. LEXIS 30492 (S.D.N.Y. Feb. 29, 2016) ...................................................... 11

*New Eng. Carpenters Health & Welfare Fund v. Abbott Labs.*,
    2013 U.S. Dist. LEXIS 35644 (N.D. Ill. Feb. 20, 2013) ...................................................... 10

*Nextgen Hbm v. Listreport*,
    2017 U.S. Dist. LEXIS 231370 (D. Minn. Feb. 9, 2017) ....................................................... 9

*Orchid Biosciences, Inc. v. St. Louis Univ.*,
    198 F.R.D. 670 (S.D. Cal. 2001) ............................................................................................. 9

*Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*,
    2019 U.S. Dist. LEXIS 162660 (E.D. Mo. Sept. 24, 2019) ............................................... 5, 7

*Raimo v. Wash. Univ. in St. Louis*,
    2021 U.S. Dist. LEXIS 13259 (E.D. Mo. Jan. 25, 2021) ................................................... 6, 8

*Steinbuch v. Cutler*,
    518 F.3d 580 (8th Cir. 2008) ................................................................................................... 9

*United States ex rel. Becker*,
    2002 U.S. Dist. LEXIS 30434 (E.D. Mo. Mar. 11, 2002) ...................................................... 4

*United States ex rel. Donegan v. Anesthesia Assocs. of Kan. City*,
    2014 U.S. Dist. LEXIS 192630 (W.D. Mo. Jan. 7, 2014) .................................................... 11

*Vallejo v. Amgen, Inc.*,
    903 F.3d 733 (8th Cir. 2018) ................................................................................................... 3

*Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*,
    646 F.3d 589 (8th Cir. 2011) ................................................................................................... 9

*Wild v. Rockwell Labs*,
    2020 U.S. Dist. LEXIS 67267 (W.D. Mo. Apr. 16, 2020) ............................................... 3-4, 7

Plaintiff Hans Moke Niemann ("Niemann"), by his undersigned attorneys, respectfully submits this memorandum of law in opposition to Defendants' motion to stay the Rule 16 conference and discovery pursuant to FRCP 26(c).

## **PRELIMINARY STATEMENT**

Every day that this case lingers, Niemann suffers from Defendants' illegal boycott and defamation, which is ostracizing and financially strangling him. His only path to recovery starts with the discovery process. By setting a Rule 16 conference after Defendants' gauntlet of meritless motions, the Court evidently determined that that process should begin. Niemann agrees.

Defendants cannot meet their heavy burden of obtaining a stay of the Rule 16 conference, let alone a wholesale stay of discovery. Unlike the direct harm Niemann faces from delaying discovery, there is no harm to Defendants from beginning the process. Before the parties begin discovery in earnest, they will need time to negotiate and reach agreements on ESI protocols, confidentiality agreements, search terms, and custodians, and to exchange written discovery demands. By that time, Defendants' motions to dismiss may well be decided. Moreover, because no discovery demands have even been served, any arguments about the burden that those demands might impose on Defendants are wholly speculative and premature.

Moreover, because Defendants' motions to dismiss have all been fully briefed, the Court can see for itself that (i) Niemann has amply pleaded all of his claims, (ii) this Court has personal jurisdiction over all of the Defendants based on their extensive contacts with Missouri, (iii) Defendants' motions are littered with disputed factual assertions that only highlight the need for discovery, and (iv) Defendants' reliance on the procedural rules of Connecticut is wholly misguided.

Finally, Defendants' recitation of the procedural history is overblown. While Niemann technically amended his complaint twice, he only made one substantive amendment. Similarly, Niemann only made one substantive motion, which was for jurisdictional discovery, and the Court found that it had merit. To call this "multiplying proceedings" is disingenuous.

## **RELEVANT BACKGROUND**

On October 20, 2022, Niemann filed his Complaint against Defendants Sven Magnus Øen Carlsen ("Carlsen"), Play Magnus AS ("Play Magnus"), Chess.com, LLC ("Chess.com"), Daniel Rensch ("Rensch"), and Hikaru Nakamura ("Nakamura"). Dkt. 1. On November 16, 2022, the Court ordered Niemann to file an amended complaint supplementing his allegations regarding the parties' citizenship for jurisdictional purposes. Dkt. 19. Accordingly, on November 22, 2022, Niemann filed an amended complaint containing additional allegations as to the parties' citizenship. Dkt. 20.

On December 2, 2022, Carlsen, Chess.com, Rensch, and Nakamura filed motions to dismiss. Dkt. 43-56. On January 10, 2023, in response to Defendants' motions to dismiss, Niemann filed his Second Amended Complaint (the "Amended Complaint" or "SAC"). Dkt. 75.

Niemann asserts the following claims against Defendants: (1) slander; (2) libel; (3) violations of the Sherman Act, 15 U.S.C. §§ 1 and 2, *et. seq.*; (4) tortious interference with contract and business expectancies; (5) civil conspiracy; and (6) breach of contract. The claims are based on, among other things, Defendants' malicious defamation and ongoing group boycott of Niemann from the competitive chess market. Defendants' unlawful actions have forced Niemann's promising career to grinding halt and are preventing him from making a living in his chosen profession.

On January 24, 2023 and March 2, 2023, Defendants filed motions to dismiss the Amended Complaint, which are fully briefed and submitted to the Court. Dkt. 81-90, 126.

On April 24, 2023, the Court set a scheduling conference pursuant to Rule 16 for May 25, 2023 and ordered the parties to meet and confer on, among other things, all matters covered by Rule 16, and submit a joint proposed scheduling plan. *Id.* Dkt. 132.

After the parties scheduled a Rule 26(f) conference for May 4, 2023, counsel for Nakamura filed an unopposed motion to reschedule the Rule 16 conference based on scheduling conflict. Dkt. 133. Yet, rather than request the Court's next available date, Nakamura alluded to discussions between the parties, while not mentioning that the parties had already agreed to have the Rule 26(f) conference on May 4, 2023 as part of those discussions. On May 3, 2023, the Court vacated the Rule 16 conference date, after which Defendants cancelled the Rule 26(f) conference. The following day, the parties submitted a joint status report, which made clear that Niemann had only agreed to reschedule the Rule 16 conference based on Nakamura's counsel's scheduling conflict, and requested that the Rule 16 conference be rescheduled so that the parties could proceed with discovery as the Court had previously ordered. Dkt. 139.

## **LEGAL STANDARD**

To obtain a stay of discovery under Rule 26(c), the movant bears the heavy burden of establishing "good cause" by showing the "need" for its issuance, which contemplates specific demonstration of hardship and not merely speculative or conclusory statements. *Wild v. Rockwell Labs*, 2020 U.S. Dist. LEXIS 67267, *3-4 (W.D. Mo. Apr. 16, 2020); *see also Vallejo v. Amgen, Inc.*, 903 F.3d 733, 743 (8th Cir. 2018) ("Rule 26 requires 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'"). To determine whether a stay is appropriate, the court considers "a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial

economy." *Wild*, 2020 U.S. Dist. LEXIS 67267, *3. As set forth below, these factors weigh decidedly in favor of denying a stay.

## ARGUMENT

### I.

### DEFENDANTS' MOTIONS TO DISMISS DO NOT HAVE MERIT

Like virtually every defendant seeking a stay of discovery pending a motion to dismiss, Defendants argue that their motions will be successful. This is precisely why the Courts in the Eighth Circuit have repeatedly held that "it, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay." *Lifescience Techs., LLC v. Mercy Health*, 2022 U.S. Dist. LEXIS 124386, *5 (E.D. Mo. Apr. 21, 2022); *Downs v. Crouch*, 2018 U.S. Dist. LEXIS 160522, *3 (W.D. Mo. Sept. 20, 2018) ("The filing of a motion to dismiss does not, by itself, constitute good cause for staying discovery."); *Carroll v. Rodenburg LLP*, 2018 U.S. Dist. LEXIS 173034, *3 (D.N.D. Oct. 3, 2018) ("Had the drafters of the Federal Rules of Civil Procedure wanted an automatic stay of discovery pending a motion to dismiss they could have so provided.").

Defendants have a "high burden of showing that it is 'so obviously likely to prevail on its motion to dismiss that a stay should be entered.'" *Lifescience Techs.*, 2022 U.S. Dist. LEXIS 124386, *6. Where, as here, the plaintiff filed a 56-page complaint, thoroughly detailing the facts supporting his claims, followed by 90 pages of briefing explaining how those facts amply support his numerous causes of action, that burden is not met. *See id.*; *United States ex rel. Becker*, 2002 U.S. Dist. LEXIS 30434, *4 (E.D. Mo. Mar. 11, 2002) (denying motion to stay where plaintiffs' amended complaint "asserts specific details about their claims, naming names, places and times of numerous false claims"); *Downs*, 2018 U.S. Dist. LEXIS 160522, *4 (denying motion to stay

"pending motions to dismiss challenging personal jurisdiction" because "the Court cannot conclude that Defendants' motions are so obviously likely to prevail").

The cases cited by Defendants further support this conclusion in that each actually involved a threshold legal issue that was obviously dispositive of the action. In *Allied Prop. & Cas. Ins. Co. v. Grich*, 2016 U.S. Dist. LEXIS 126238 (E.D. Mo. Sept. 16, 2016), this Court granted a motion to stay pending the imminent decision of the Missouri Supreme Court interpreting a "nearly identical" contract, which "would likely be dispositive of this case." In *Physicians Home Health Infusion, P.C. v. UnitedHealthcare of the Midwest, Inc.*, 2019 U.S. Dist. LEXIS 162660 (E.D. Mo. Sept. 24, 2019), the motion to dismiss was premised upon plaintiff's failure to allege that it exhausted administrative remedies under the Medicare Act, as it was required to do under the statute. The motion to dismiss in *Blair v. Douglas Cnty.*, 2013 U.S. Dist. LEXIS 78212 (D. Neb. June 4, 2013), raised an immunity defense that would dispose of the entire action, which Defendants do not raise here. In *Dufrene v. ConAgra Foods, Inc.*, 2016 U.S. Dist. LEXIS 196550 (D. Minn. Apr. 7, 2016), the defendant argued that plaintiff lacked standing as a bankruptcy debtor, since plaintiff had filed for Chapter 13 bankruptcy two years before commencing the lawsuit.[1]

Here, rather than raise obviously dispositive legal issues, Defendants' motions to dismiss raise routine and meritless arguments about the sufficiency of the elements pleaded, rely on irrelevant foreign procedural statutes, or ask the Court to resolve questions of fact. To the extent that Defendants seek to rehash some of these meritless arguments in their current motion, Niemann respectfully refers the Court to:

    (i)    Dkt. 108 pp. 69-74 and Dkt. 135 pp. 3-8, demonstrating Resch, Nakamura, and Play Magnus' extensive contacts with Missouri, the injuries they caused in Missouri, and other actions directed at Missouri;

---

[1] *Contracting Nw., Inc. v. Fredericksburg*, 713 F.2d 382 (8th Cir. 1983), is inapposite because it considered whether to stay an action pending arbitration, not pending motions to dismiss.

Page 5

(ii)     Dkt. 108 pp. 42-60 and Dkt. 135 pp. 14-15, demonstrating how Defendants' concerted actions constitute a textbook example of an unlawful group boycott in a well-defined market in violation of the Sherman Act;

(iii)     Dkt. 108 pp. 6-15, demonstrating that Connecticut's anti-SLAPP statute is wholly inapplicable because it is a state procedural rule and that Missouri law applies to this action because, among other things, it is where Niemann's injuries and the facts giving rise to this action occurred;

(iv)     Dkt. 108 pp. 15-19, demonstrating that even if Connecticut's anti-SLAPP statute could conceivably apply, it would still not bar Niemann's claims because (a) Niemann cannot be considered a public figure, having been involuntarily thrust into this controversy by Defendants' defamation; and, in any event, (b) Defendants acted with malice; and

(v)     Dkt. 108 pp. 23-42 and Dkt. 135 pp. 7-14, demonstrating precisely how each Defendant made actionable defamatory statements.

Further, Defendants' reliance on *Raimo v. Wash. Univ. in St. Louis*, 2021 U.S. Dist. LEXIS 13259 (E.D. Mo. Jan. 25, 2021), and *KDCO, Inc. v. HealthLink, Inc.*, No. 1:16-cv-00212 (E.D. Mo.), is misplaced. In both cases, the parties conducted a Rule 16 conference and submitted a joint scheduling plan, which preliminary step Defendants refuse to do here. *Raimo*, No. 4:20-cv-00634, Dkt. 24; *KDCO*, No. 1:16-cv-00212, Dkt. 89.

Finally, even if Defendants' motions to dismiss were granted in part, or with respect to certain of the Defendants, it would not significantly limit discovery because all of Niemann's claims arise out of the same transactions and occurrences and Defendants' concerted actions. *See G-Met, LLC v. St. Paul Mercury Ins. Co.*, 2017 U.S. Dist. LEXIS 184844, *5-7 (W.D. Mo. Nov. 8, 2017) (denying motion to stay discovery because plaintiff's claims "are based on the same conduct" and the "evidence and witnesses relevant to each count are likely to overlap"); *see also* Dkt. 108 p. 74 (requesting an opportunity to cure any pleading deficiencies before dismissing the case).

## II.

## DEFENDANTS FAILED TO SHOW THAT DISCOVERY WOULD BE UNDULY BURDENSOME

Defendants have failed to demonstrate that discovery would be unduly burdensome.

First, because Defendants refused to even partake in a Rule 26(f) conference, their arguments that Niemann's claims "*can*" result in burdensome discovery and "*could*" be burdensome are wholly speculative and unfounded. *Wild*, 2020 U.S. Dist. LEXIS 67267, *4 (denying motion to stay because "[a]lthough Defendants argue that engaging in discovery 'would be a waste of time and money,' such potential harms are inherent in litigation" and "Plaintiff has yet to propound discovery").

In fact, even in the cases that Defendants rely upon, the parties seeking the stay already proceeded with the discovery process in earnest and thus, unlike here, were able to present to the Court concrete facts regarding the actual breadth and burdens of discovery. *See Physicians Home Health Infusion*, 2019 U.S. Dist. LEXIS 162660 (discovery schedule already entered, the parties exchanged requests for production, and plaintiff moved to compel deposition); *Dufrene*, 2016 U.S. Dist. LEXIS 196550 (court issued scheduling order, parties "have since begun to engage in discovery efforts," and plaintiff noticed a deposition).

Here, by refusing to even begin the discovery process, Defendants have prevented themselves from being able to make a similar showing. Accordingly, the parties should begin the discovery process as the Court initially ordered. "[A]ny attorneys' fees expended on conferring regarding proposed scheduling order dates would be minimal" and "assuming proposed scheduling deadlines must be altered," there is no reason "why a motion to extend/alter scheduling order deadlines could not be filed in the future, should the need arise." *Clark v. Camber Corp.*, 2014 U.S. Dist. LEXIS 191427, *3 (W.D. Tex. Aug. 26, 2014); *see also Joint Stock Co. "Channel One*

*Russ. Worldwide" v. Infomir, LLC*, 2017 U.S. Dist. LEXIS 36634, *4 (S.D.N.Y. Mar. 7, 2017) (denying motion to stay discovery before Rule 26 conference because "[t]here is no discovery to stay.").[2]

In their motion, Defendants argue that the parties are not in Missouri and that the individual Defendants do not keep "centralized repositories" of relevant material to collect in a "review- and production-ready format." Neither of these arguments is persuasive. Niemann has not demanded that any party be physically present in Missouri. Moreover, in the case cited by Defendants, the party lacking a "central repository" was Washington University, not an individual, and the burden was obvious because the plaintiffs were a proposed class of "potentially thousands of students." *Raimo*, 2021 U.S. Dist. LEXIS 13259, *2-3. In a case like this, where the plaintiff's allegations are related to a specific series of events spanning a narrow time period, this argument rings hollow.

Defendants also argue that "allowing discovery to proceed would deprive all Defendants of their rights under Connecticut's anti-SLAPP statute." Yet, as demonstrated in Niemann's oppositions to Defendants' motions to dismiss, none of the parties reside in Connecticut, Connecticut law cannot apply, and Connecticut's anti-SLAPP statute is state procedural law that does not apply in federal courts, let alone those sitting in Missouri. Moreover, the case upon which Defendants rely to support this contention actually shows why a stay is inappropriate. The court in *26 Cedar St. Assocs., LLC v. Healthtrax Fitness & Wellness Clinic Inc.*, 2021 Conn. Super. LEXIS 2060, *8 (Conn. Super. Ct. Nov. 24, 2021), held that there *was* good cause for plaintiff to take discovery because "information regarding the defendants' motivation" and intent was

---

[2] Defendants' remaining cases are inapposite. *See Raimo*, 2021 U.S. Dist. LEXIS 13259 (staying discovery "[g]iven the large proposed class size—potentially thousands of students"); *In re Crop Inputs Antitrust Litigation*, No. 4:21-md-2993-SEP (E.D. Mo), Dkt. 139 (multidistrict class action against 16 defendants); *Car Carriers v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984) (merely discussing "the function of 12(b)(6) procedures in the context of antitrust litigation" and not a motion to stay discovery).

Page 8

"uniquely within the possession and control of the defendants." Here too, Defendants have argued that their intent and motives are central to their defenses against Niemann's defamation claims.

Defendants then argue that Rensch, Nakamura, and Play Magnus "would suffer extraordinary and wasteful litigation costs" because they moved to dismiss for lack of personal jurisdiction. To the contrary, if they prevail on those motions, which they should not, then the parties will be forced to litigate Niemann's claims in numerous forums across the country, wasting far more resources and burdening the courts unnecessarily. *See Downs*, 2018 U.S. Dist. LEXIS 160522, *4 ("any discovery conducted in this case could be used when the case is re-filed in the appropriate forum."). Likewise, even if they were successful in transferring forums, Rensch, Nakamura, and Play Magnus would be witnesses from whom Niemann would still need to seek the same discovery.

The cases that Defendants rely upon further demonstrate why their argument fails. In *Nextgen Hbm v. Listreport*, the court held that a "total stay of discovery is *not* warranted" pending defendants' motion to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue. 2017 U.S. Dist. LEXIS 231370, *6-7 (D. Minn. Feb. 9, 2017) (emphasis added). The court only stayed "broad discovery" because the timing of when plaintiffs "must disclose their trade secrets" is not a settled legal question and thus "the resolution of this critical discovery dispute" could "expose both parties to the unnecessary hardship of complying with potentially inconsistent discovery orders." *Id.* There are no unsettled questions of law with respect to discovery here.[3]

---

[3] In another case relied upon by Defendants, the court held that the defendant failed to meet the "high burden" of establishing that jurisdictional discovery is not warranted. *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670 (S.D. Cal. 2001). It only limited discovery in light of the plaintiff's overbroad discovery requests and designated deposition topics. *Id.* Defendants remaining cases are inapposite. In *Steinbuch v. Cutler*, 518 F.3d 580, 584-85 (8th Cir. 2008), the plaintiff challenged a denial of jurisdictional discovery where he "made no explicit request to conduct limited discovery tailored to the specific issue of personal jurisdiction." In *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589 (8th Cir. 2011), the plaintiff, unlike Niemann, did not make a *prima facie* case of personal jurisdiction.

Finally, Defendants also argue that because Niemann alleges antitrust claims, discovery must be burdensome.  Yet, given that the parties have not even discussed the discovery Niemann intends to request, that argument is also insufficient to support the issuance of a stay.  *See New Eng. Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 U.S. Dist. LEXIS 35644, *8 (N.D. Ill. Feb. 20, 2013) ("Abbott contends that '[t]here can be no dispute that class and merits discovery will be costly,' and it will be 'burden[ed] . . . if Plaintiff conducts discovery' [in antitrust case]. But the parties have not even discussed the discovery Plaintiff intends to request.").  Moreover, while antitrust claims can, of course, be complex, the facts supporting Niemann's claims are relatively straightforward noncontroversial.  In fact, Niemann's antitrust claims are remarkably similar to those in *Blalock v. Ladies Prof'l Golf Ass'n*, 359 F. Supp. 1260 (N.D. Ga. 1973), which were granted on partial summary judgment.  *See* Dkt. 108 pp. 47-48.

Accordingly, Defendants fail to demonstrate that going forward with discovery prior to the resolution of their pending motions would be unduly burdensome.

### III.

### A STAY WOULD CREATE UNDUE DELAY AND PREJUDICE TO NIEMANN

Contrary to Defendants' conclusory assertion, Niemann is suffering irreparable harm every day from Defendants' defamation and group boycott.  Niemann is still banned from Chess.com and all events and tournaments it hosts or sponsors, which make up the vast majority of chess events.  SAC ¶¶ 14, 16, 192.  In particular, Niemann was not invited back to a single chess tournament in Missouri, well known as the epicenter of competitive chess.  *See id.* ¶¶ 20, 195-97. That ban only grew when Chess.com acquired Play Magnus, which merger consolidated practically every major chess platform in the world under Chess.com's umbrella.  *Id.* ¶¶ 16, 72. As a result, Niemann cannot make a living in his chosen profession and his entire life is limbo.

Further, because Niemann alleges defamation, including slander, a stay of discovery "would increase the possibility of prejudice resulting from witnesses' inability to recall" occurrences relevant to his claims. *Carroll*, 2018 U.S. Dist. LEXIS 173034, *4; *see also Mirra v. Jordan*, 2016 U.S. Dist. LEXIS 30492, *8-9 (S.D.N.Y. Feb. 29, 2016) ("plaintiff will suffer unfair prejudice from a stay of discovery because…the witnesses' memories are fading with time").

## IV.

## THE INTERESTS OF JUDICIAL ECONOMY DO NOT MERIT A STAY

Finally, the interests of judicial economy weigh against granting a stay. This case has already been assigned to Case Management Track 2, which provides for disposition within 18 months of the filing of the case, *i.e.*, by April 22, 2024. Dkt. 132. "If the Court grants the stay and does not grant the motion to dismiss, it will likely have to reset the trial date to allow the parties sufficient time to perform discovery and then brief their post-discovery motions. This will unnecessarily delay resolution of this case." *United States ex rel. Donegan v. Anesthesia Assocs. of Kan. City*, 2014 U.S. Dist. LEXIS 192630, *3-4 (W.D. Mo. Jan. 7, 2014).

In their motion, Defendants merely mischaracterize this action's procedural history and speculate that there will be disagreements requiring judicial intervention. Yet, at the same time, Defendants have acknowledged that Niemann was attempting to reach a compromise on a discovery schedule to avoid judicial intervention (Dkt. 133), but Defendants refused to meet and confer.

If Defendants have already ordained that they will not reach agreements with Niemann on discovery issues, that is all more reason to avoid further delay to preserve the "Court's and parties' interest in ensuring timely adjudication of the parties' rights." *Cake Love Co. v. AmeriPride Servs., LLC*, 2023 U.S. Dist. LEXIS 77698, *11 (D. Minn. May 4, 2023).

## CONCLUSION

For the foregoing reasons, Niemann respectfully requests that the Court deny Defendants' motion in its entirety.

Dated: New York, New York
       May 23, 2023

Respectfully submitted,

*s/ Andrew J. Urgenson*
Terrence A. Oved, Esq., admitted *pro hac vice*
Darren Oved, Esq., admitted *pro hac vice*
Andrew Urgenson, Esq., admitted *pro hac vice*
James Reilly, Esq., admitted *pro hac vice*
OVED & OVED LLP
*Attorneys for Plaintiff*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2700

and

Matthew Gartner, Esq. (#64320)
THE GARTNER LAW FIRM
*Attorneys for Plaintiff*
220 Salt Lick Road
St. Peters, Missouri 63376
Tel: 636.397.2111
matthew@gartnerlawfirm.com