# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| HANS MOKE NIEMANN, <br><br>           Plaintiff, <br><br>   vs. <br><br> SVEN MAGNUS ØEN CARLSEN A/K/A MAGNUS CARLSEN; PLAY MAGNUS AS, D/B/A PLAY MAGNUS GROUP; CHESS.COM, LLC; DANIEL RENSCH A/K/A "DANNY" RENSCH; AND HIKARU NAKAMURA, <br><br>           Defendants. | Case No: 4:22-cv-01110-AGF <br><br> Hon. Audrey G. Fleissig |

## REPLY MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' JOINT MOTION
## TO STAY RULE 16 CONFERENCE AND DISCOVERY

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

ARGUMENT .................................................................................................................................. 3

I.    Niemann's Opposition Confirms That Defendants
Are Likely to Succeed on the Merits of Their Pending Dispositive Motions ...................... 3

II.   Niemann's Opposition Confirms That
Permitting Merits Discovery Would Create a Hardship for Defendants ............................. 5

III.  Niemann's Opposition Confirms That He
Will Not Suffer Any Prejudice From a Stay ........................................................................ 8

IV.  Niemann's Opposition Confirms That
Staying Discovery Would Conserve Judicial Resources ..................................................... 9

CONCLUSION ............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Page(s)**

*26 Cedar St. Assocs., LLC v. Healthtrax Fitness & Wellness Clinic Inc.*,
   HHDCV176085183S, 2021 WL 6426128 (Conn. Super. Ct. Nov. 24, 2021)..........................7

*Blalock v. Ladies Pro. Golf Ass'n*,
   359 F. Supp. 1260 (N.D. Ga. 1973)..........................................................................................8

*Carroll v. Rodenburg LLP*,
   No. 3:18-CV-93, 2018 WL 4791061 (D.N.D. Oct. 3, 2018).....................................................9

*Dixon v. Edward D. Jones & Co., L.P.*,
   No. 4:22-CV-00284, 2022 WL 4245423 (E.D. Mo. Sept. 15, 2022) ........................................3

*Downs v. Crouch*,
   No. 4:18-00373-CV, 2018 U.S. Dist. LEXIS 160522 (W.D. Mo. Sept. 20, 2018) ...................6

*Hanson v. Denckla*,
   357 U.S. 235 (1958)..................................................................................................................6

*Kulkarni v. Wolf*,
   No. 4:20-00089-CV, 2020 WL 9065826 (W.D. Mo. May 28, 2020) .......................................4

*Lifescience Techs., LLC v. Mercy Health*,
   No. 4:21-CV-01279, 2022 WL 2392966 (E.D. Mo. Apr. 21, 2022) .....................................4, 5

*Mirra v. Jordan*,
   No. 15-CV-4100, 2016 WL 889559 (S.D.N.Y. Feb. 29, 2016).................................................9

*New Eng. Carpenters Health & Welfare Fund v. Abbott Labs.*,
   No. 12 C 1662, 2013 WL 690613 (N.D. Ill. Feb. 20, 2013).....................................................8

*NextGen Hbm, Inc. v. Listreport, Inc.*,
   No. 16-3143, 2017 WL 8229442 (D. Minn. Feb. 9, 2017).......................................................6

*In re Pre-Filled Propane Tank Antitrust Litig.*,
   No. 14-02567-MD, 2015 WL 11022887 (W.D. Mo. Feb. 24, 2015) .......................................7

*Smith v. Supple*,
   346 Conn. 928 (Conn. 2023)..................................................................................................5, 7

*Usenko v. MEMC LLC*,
   No. 4:17-CV-02227 (E.D. Mo. Dec. 5, 2017) ..........................................................................4

*VanHorn v. United States Postal Serv.*,
  No. 21-1067-DDC, 2021 WL 3722275 (D. Kan. Aug. 23, 2021) ..........................................3, 4

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980)................................................................................................................6

**INTRODUCTION**

After filing multiple complaints and seeking significant extensions of time to do so, *e.g.*, Doc. [71], Niemann now insists that he has a pressing and urgent need to begin seeking discovery from Defendants.[1] But despite Niemann's unsupported claims of supposed harms he would suffer by allowing the Court time to rule on Defendants' motions to dismiss before setting a case schedule and beginning discovery, Niemann's Opposition confirms that it is premature to do that.

As demonstrated in Defendants' Opening Memorandum, Defendants have raised numerous dispositive legal arguments that could—and, Defendants submit, should—dispose of this case in its entirety. But at minimum, these arguments could radically alter the complexion of the case. Among its many flaws, Niemann's Second Amended Complaint ("SAC") attempts to assert claims against defendants who are not subject to this Court's jurisdiction; transform personal grievances that should be aired in the public square into federal antitrust claims; and evade the dispositive reach of Connecticut's anti-SLAPP statute. These and other case-dispositive legal arguments that Defendants have advanced in their pending motions are far more than colorable—which is all that courts in this District require to issue a stay. Niemann's disagreement with Defendants' legal arguments does nothing to undermine Defendants' showing that there is more than a "mere possibility" that Defendants will ultimately prevail in extinguishing or narrowing Niemann's claims.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in Defendants' Memorandum of Law in Support of Defendants' Joint Motion to Stay Rule 16 Conference and Discovery, Doc. [142] (the "Opening Memorandum"). Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Stay the Rule 16 Conference and Discovery, Doc. [144], is referred to as the "Opposition" or "Opp."

Given the foregoing, this case is not ripe for a Rule 16 conference or for the commencement of discovery.  Once the Court decides the pending motions to dismiss, the Court will have resolved the pending jurisdictional issues and merits challenges, and thus determined which (if any) claims will proceed in this Court against which (if any) Defendant(s).

Further, subjecting Defendants to discovery now would impose a substantial hardship on Defendants.  No Defendant is a citizen of Missouri (nor is Niemann), and three Defendants contest the Court's exercise of personal jurisdiction over them.  Despite Niemann's attempt to shop for what he perceives to be this Court's more favorable law, Niemann does not and cannot dispute that Connecticut's anti-SLAPP statute automatically stays discovery when a motion to dismiss is filed.  This is because its purpose is to protect defendants from litigation that, like Niemann's, is brought to stop parties from freely and frankly expressing their opinions.  Forcing Defendants to engage in discovery when they have moved to dismiss under Connecticut's anti-SLAPP statute would defeat that protection entirely—a result that is especially untenable for the three defendants who are not subject to this Court's jurisdiction.  Niemann, by contrast, would suffer no harm from a stay of the Rule 16 conference and discovery to allow the Court time to rule on the pending motions to dismiss.  His only contrary arguments amount to a conclusory rehash of the allegations in his SAC—and an unsubstantiated concern that by the time the Court rules on those motions, witnesses might no longer recall events that allegedly occurred several months ago.

For these reasons and as stated in greater detail below and in Defendants' Opening Memorandum, this Court should stay any Rule 16 conference and discovery until resolution of Defendants' pending motions to dismiss.

**ARGUMENT**

As Niemann acknowledges, it is appropriate for this Court to stay the Rule 16 conference and discovery upon a showing that (1) Defendants are likely to succeed on their pending dispositive motions; (2) Defendants would suffer hardship in the absence of a stay; (3) a stay would not prejudice Niemann; and (4) granting a stay would conserve judicial resources. *See* Doc. [142] at 5; Doc. [144] at 3–4. As Defendants demonstrated in their Opening Memorandum—and as Niemann's Opposition confirms—all of these factors support the issuance of a stay here.[2]

**I.   Niemann's Opposition Confirms That Defendants Are Likely to Succeed on the Merits of Their Pending Dispositive Motions**

Defendants have shown they are likely to succeed on the merits because they have "more than a mere possibility" of succeeding on their pending motions to dismiss. *See* Doc. [142] at 5–6; *Dixon v. Edward D. Jones & Co., L.P.*, No. 4:22-CV-00284, 2022 WL 4245423, at *2 (E.D. Mo. Sept. 15, 2022). Not only are Niemann's claims barred by Connecticut's anti-SLAPP statute, but three of the defendants are not subject to this Court's jurisdiction. Doc. [142] at 6–8. Beyond that, Niemann's claims suffer from numerous other case-dispositive deficiencies, including his failure to plead antitrust injury, a relevant market, and actual malice. *Id.* at 6. If this Court dismisses even some of Niemann's claims against one or more Defendant, it will radically alter the complexion of this case and the scope of merits discovery. *See, e.g., VanHorn*

---

[2] Niemann apparently takes issue with the way the parties' prior discussions were characterized in a previous, unopposed motion. *See* Doc. [144] at 3. That previous motion, however, could not have been more clear: "As of this filing, Defendants' counsel have *not* reached an agreement with Plaintiff's counsel on the subject of a stay or any other potential compromise." Doc. [133] at ¶ 7. Contrary to Niemann's assertion, the parties had agreed to confer again on May 4, 2023 to continue their prior discussion regarding potentially seeking to stay or modify entry of a schedule and discovery. *See* Doc. [144] at 3.

3

*v. United States Postal Serv.*, No. 21-1067-DDC, 2021 WL 3722275, at *1 (D. Kan. Aug. 23, 2021) (granting a stay because "[a]lthough Defendant's motion to dismiss does not seek dismissal of this case in its entirety, the resolution of the motion has the potential to significantly narrow the issues remaining for discovery").

Unable to contest that Defendants have "more than a mere possibility" of defeating some or all of his claims, Niemann resorts to arguing that Defendants are actually required to satisfy a heightened showing that they are "obviously likely to prevail" on their pending motions. Doc. [144] at 4–5. Niemann is mistaken.[3] *See Usenko v. MEMC LLC*, No. 4:17-CV-02227-AGF (E.D. Mo. Dec. 5, 2017) (Fleissig, J.), Doc. [47] (granting a stay because "Defendants have presented valid reasons[,]. . . a ruling on the motion to dismiss could impact the scope of discovery[,]. . . [and] Plaintiff has not made a showing that a relatively brief stay of discovery would result in any significant prejudice to him").

In any event, Defendants have amply met their burden of showing a likelihood of success on the merits of their motions to dismiss. Niemann's only argument to the contrary is his hope that the Court will ultimately allow his claims to proceed based on the "90 pages of briefing" he submitted in opposition to Defendants' motions. Doc. [144] at 4. But the motions are fully briefed and the Court can see for itself that Defendants have raised serious preliminary legal arguments that could dispose of Niemann's case in its entirety—or, at a minimum, narrow the case substantially. *See VanHorn*, 2021 WL 3722275, at *1.

---

[3] The sole case Niemann cites in support of the "obviously likely to prevail" standard borrowed that language from dicta in an earlier case determining that the motion to dismiss did not have a possibility of prevailing. *See Lifescience Techs., LLC v. Mercy Health*, No. 4:21-cv-01279, 2022 WL 2392966, at *2 (E.D. Mo. Apr. 21, 2022) (relying on *Kulkarni v. Wolf*, No. 4:20-00089-CV, 2020 WL 9065826, at *2–3 (W.D. Mo. May 28, 2020)).

4

Indeed, Niemann himself acknowledges in his Opposition that a stay is appropriate when there is "a threshold legal issue that [is] obviously dispositive of the action." Doc. [144] at 5. Defendants have raised many such defenses, including significant personal jurisdictional issues as to three of the Defendants. In addition, Defendants argue that Niemann's state-law claims are barred in their entirety under Connecticut's anti-SLAPP statute. Among other provisions designed to protect defendants from the burdens of strategic litigation brought to muzzle speech (like Niemann's claims here), that statute automatically stays discovery upon the filing of a motion to dismiss. Doc. [142] at 9 n.4. As Niemann's own cases acknowledge, courts often grant stays of discovery in the face of these kinds of case-dispositive defenses. *See Lifescience Techs.*, 2022 WL 2392966 at *2 (explaining that courts "sometimes stay discovery pending a ruling on a motion to dismiss, *particularly in cases raising issues such as immunity to suit*" (emphasis added)); *see also Smith v. Supple*, 346 Conn. 928, 946 (Conn. 2023) ("[T]he benefit conferred by the anti-SLAPP statute [is] analogous to other statutory and common-law rights to avoid litigation on the merits—such as double jeopardy, collateral estoppel, res judicata, and absolute or sovereign immunity . . . because they cannot be vindicated by an appeal following the conclusion of trial before the trial court.").

Because Defendants have raised numerous dispositive legal defenses that have more than a possibility of success, the first factor weighs in favor of staying the Rule 16 conference and any merits discovery.

## II. Niemann's Opposition Confirms That Permitting Merits Discovery Would Create a Hardship for Defendants

As Defendants established, they would suffer hardship by being forced to begin merits discovery while their motions to dismiss are pending because three of them are not subject to this Court's jurisdiction; all of them are entitled to a stay of discovery under Connecticut's anti-

5

SLAPP statute; and the discovery Niemann will seek is likely to be broad and burdensome. Doc. [142] at 7–8, 9–10. Niemann's Opposition glosses over Defendants' arguments, underscoring his inability to rebut Defendants' showing that premature and unnecessary discovery would cause them hardship.

Niemann argues, for example, that the Court should disregard the personal jurisdiction defenses Rensch, Nakamura, and Play Magnus have raised because if those Defendants "prevail on [their] motions, . . . then the parties will be forced to litigate Niemann's claims in numerous forums [*sic*] across the country." Doc. [144] at 13. This argument is baseless. Niemann's apparent belief that it would be more convenient for him to take merits discovery of parties who are not subject to this Court's jurisdiction than pursue discovery from them in an appropriate jurisdiction is irrelevant. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980) ("[E]ven if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of federalism, may sometimes act to divest the State of its power to render a valid judgment." (citing *Hanson v. Denckla*, 357 U.S. 235, 251 (1958))). None of Niemann's cases support his claim that the Court should short-circuit Rensch's, Nakamura's, or and Play Magnus' due process rights in this manner.[4]

Niemann likewise pretends the automatic discovery stay in Connecticut's anti-SLAPP statute has no bearing on the harm Defendants would suffer by beginning discovery because he believes that it does not apply. Doc. [144] at 5–6, 8. But if Defendants are correct that

---

[4] *See, e.g.*, *Downs v. Crouch*, No. 4:18-00373-CV, 2018 U.S. Dist. LEXIS 160522, at *4 (W.D. Mo. Sept. 20, 2018) (denying a stay of discovery because the court determined that defendants' pending personal jurisdiction challenges to claims arising out of a motor vehicle accident were unlikely to succeed on the merits); *NextGen Hbm, Inc. v. Listreport, Inc.*, No. 16-3143, 2017 WL 8229442, at *2–3 (D. Minn. Feb. 9, 2017) (allowing jurisdictional discovery to proceed while staying broader merits discovery).

6

Connecticut's anti-SLAPP statute *does* apply to Niemann's claims, then discovery automatically must be stayed. Niemann himself acknowledges that it is appropriate to issue a stay when there are "unsettled questions of law with respect to discovery." Doc. [144] at 9. Insofar as Niemann is disputing its applicability, Defendants' invocation of Connecticut's anti-SLAPP statute raises precisely such a question—and forcing Defendants to be burdened with discovery before the Court has resolved that question would therefore cause Defendants substantial harm. *See Smith*, 346 Conn. at 946 (describing Connecticut's anti-SLAPP statute to be a right to "avoid litigation on the merits").

Contrary to Niemann's contention, he cannot demonstrate "good cause" to circumvent Connecticut's anti-SLAPP law's automatic discovery stay because Defendants have purportedly "argued that their intent and motives are central to their defenses." Doc. [144] at 8–9. As Defendants explained in their Opening Memorandum, "good cause" can be shown only when "the specified discovery is necessary for the plaintiff to oppose the anti-SLAPP motion and is tailored to that end." Doc. [142] at 10 (citing *26 Cedar St. Assocs., LLC v. Healthtrax Fitness & Wellness Clinic Inc.*, HHDCV176085183S, 2021 WL 6426128, at *3 (Conn. Super. Ct. Nov. 24, 2021)). Having already opposed Defendants' motions to dismiss, Niemann cannot possibly meet this "good cause" standard.

Finally, despite Niemann's conclusory assertion that the facts supporting his antitrust claims "are relatively straightforward [and] noncontroversial," Doc. [144] at 10, discovery in antitrust cases is notoriously burdensome. *See* Doc. [142] at 8 (citing cases); *see also In re Pre-Filled Propane Tank Antitrust Litig.*, No. 14-02567-MD-W-GAF, 2015 WL 11022887, at *3 (W.D. Mo. Feb. 24, 2015) (granting a stay of discovery and noting that "the fact that Defendants might ultimately be required to produce . . . documents does not mean that their production

7

would not be burdensome"). Niemann's antitrust claims remain specious, and his continued reliance on *Blalock v. Ladies Pro. Golf Ass'n*, 359 F. Supp. 1260 (N.D. Ga. 1973) is misplaced. *See, e.g.*, Doc. [84] at 10; *see also* Doc. [112] at 5. Moreover, despite his legal arguments about the breadth of discovery he will ultimately need, Niemann has not in any way offered to limit the scope of discovery to reduce the likely burden on Defendants.[5]

In sum, allowing discovery to proceed at this stage will cause Defendants hardship that could easily be avoided by deferring a Rule 16 conference and discovery until after the Court rules on the pending motions to dismiss.

### III. Niemann's Opposition Confirms That He Will Not Suffer Any Prejudice From a Stay

Defendants demonstrated in their Opening Memorandum that a stay of discovery pending resolution of their motions to dismiss will not prejudice Niemann, especially since Defendants' motions are fully briefed. Doc. [142] at 11. In his Opposition, Niemann ignores this point entirely and continues to rely on conclusory (and counterfactual) allegations from his SAC that he has been unable to play professional chess due to Defendants' alleged misconduct. Doc. [144] at 10.

Niemann also contends that he will be harmed because the memories of witnesses may fade. Doc. [144] at 11. But the cases Niemann cites in support of this contention all involve allegations about events that occurred years before discovery began or case-specific concerns

---

[5] *New England Carpenters Health & Welfare Fund v. Abbott Laboratories* does not support Niemann's argument that the burdens of his discovery in this case are uncertain because he has yet to propound it. No. 12-CV-1662, 2013 WL 690613, at *3 (N.D. Ill. Feb. 20, 2013) (cited in Doc. [144] at 10). Contrary to Niemann's suggestion, that case merely stands for the proposition that discovery stays should not be automatically granted in antitrust cases. *Id.* Moreover, in denying such a stay, the court in *New England Carpenters* noted that the motion to dismiss did not raise a "threshold issue such as standing or immunity from suit." *Id.* As discussed above, Defendants have raised many such "threshold issue[s]." *See supra* Part I.

8

about employee turnover in the face of an indefinite discovery stay. *See Mirra v. Jordan*, No. 15-CV-4100-ATKNF, 2016 WL 889559 (S.D.N.Y. Feb. 29, 2016) (cited in Doc. [144] at 11); *Carroll v. Rodenburg LLP*, No. 3:18-CV-93, 2018 WL 4791061 (D.N.D. Oct. 3, 2018) (same). Here, Niemann's allegations are based on alleged misconduct that purportedly occurred in September 2022—not even a year ago—and Defendants are seeking a stay only until the pending motions to dismiss have been decided.

In other words, Niemann will suffer no prejudice from a stay of a Rule 16 conference and any discovery that may be required.

### IV.   Niemann's Opposition Confirms That Staying Discovery Would Conserve Judicial Resources

Finally, especially considering Niemann's litigation conduct to this point, a stay of discovery will conserve judicial resources because it may obviate the need for a Rule 16 conference or discovery. Doc. [142] at 11–12. Niemann's only response to this is that the Court's now-withdrawn Rule 16 Conference Order assigned this case to Case Management Track 2 and time is therefore of the essence. Doc. [144] at 11. But contrary to Niemann's assertion, the Court is not inexorably bound to that 18-month disposition timeline in a withdrawn Rule 16 Conference Order. Again, Defendants only ask the Court to enter a stay of the case pending its decision on the pending motions to dismiss, which raise dispositive issues that might altogether moot the need for a Rule 16 conference or discovery.[6]

Moreover, despite Niemann's assertion that all of his claims "arise out of the same transactions and occurrences" and that resolving some of his claims will not impact the scope of

---

[6] Niemann's newfound concern about keeping this case on an 18-month schedule rings hollow in light of the fact that he still has not confirmed that he will not try to file yet another amended complaint in this case, despite Chess.com's recent filing regarding the results of the jurisdictional discovery the Court permitted Niemann to take. *See* Docs. [137], [140], [142] at 12 n.5.

9

discovery, Doc. [144] at 6, his SAC makes allegations regarding multiple parties and multiple asserted statements on multiple platforms in multiple countries.  *See, e.g.*, SAC ¶¶ 87 (alleging Carlsen's statements in St. Louis and on Twitter), 104 (alleging Nakamura's statements online), 119 (alleging a tweeted meme by Play Magnus), 126 (alleging chanting in Norwegian in Austria).  It will conserve judicial resources to set the case schedule and begin discovery *after* the scope of the case is determined through the motions to dismiss, if any of Niemann's claims survive.

## CONCLUSION

Niemann has not presented any compelling reason why discovery must proceed now while motions to dismiss that may result in the dismissal of Niemann's claims—or at a minimum narrow them—are pending and ripe for disposition.  To the contrary, Defendants have met the standard for a stay.  For the reasons above, and those stated in their Opening Memorandum, Defendants respectfully request that the Court stay the Rule 16 conference and merits discovery pending a decision on Defendants' fully briefed motions to dismiss.  *See* Docs. [81], [83], [86], [89], [126].

| | |
|---|---|
| Dated: June 2, 2023 | Respectfully submitted, |
| **STINSON LLP** | **AXINN, VELTROP & HARKRIDER LLP** |
| By: */s/ J. Nicci Warr* <br> J. Nicci Warr (State Bar No. 59975) <br> Jacob R. Schlueter (State Bar No. 73929) <br> 7700 Forsyth Blvd., Suite 1100 <br> St. Louis, Missouri 63105 <br> Office: 314.259.4570 <br> Email: nicci.warr@stinson.com <br>         jacob.schlueter@stinson.com | By: */s/ Craig M. Reiser* <br> Craig M. Reiser, admitted *pro hac vice* <br> Denise L. Plunkett, admitted *pro hac vice* <br> Eva H. Yung, admitted *pro hac vice* <br> 114 West 47th Street <br> New York, New York 10036 <br> Office: 212.728.2200 <br> Fax: 212.728.2201 <br> Email: creiser@axinn.com <br>         dplunkett@axinn.com <br>         eyung@axinn.com <br><br> Caroline P. Boisvert, admitted *pro hac vice* <br> 90 State House Square <br> Hartford, Connecticut 06103 <br> Office: 860.275.8100 <br> Fax: 860.275.8101 <br> Email: cboisvert@axinn.com <br><br> *Counsel for Defendant Magnus Carlsen* |

      */s/ Nima H. Mohebbi* (w/ consent)
      Nima H. Mohebbi (# 275453CA)
      Sarah F. Mitchell (# 308467CA)
      Michael A. Hale (# 319056CA)
      **LATHAM & WATKINS LLP**
      355 S. Grand Ave., Suite 100
      Los Angeles, CA 90071
      Tel: (213) 485-1234
      *nima.mohebbi@lw.com*
      *sarah.mitchell@lw.com*
      *michael.hale@lw.com*

      */s/ Jamie L. Wine* (w/ consent)
      Jamie L. Wine (# 4529251NY)
      Blake E. Stafford (# 888324775DC)
      **LATHAM & WATKINS LLP**
      1271 Avenue of the Americas
      New York, NY 10020
      Tel: (212) 906-1200
      *jamie.wine@lw.com*
      *blake.stafford@lw.com*

      */s/ Jeffrey B. Jensen* (w/ consent)
      Jeffrey B. Jensen (# 46745MO)
      Kate Ledden (# 66026MO)
      **HUSCH BLACKWELL LLP**
      190 Carondelet Plaza, Suite 600
      St. Louis, MO 63105
      Tel: (314) 480 1500
      *jeff.jensen@huschblackwell.com*
      *kate.ledden@huschblackwell.com*

      Derek Teeter (# 59031MO)
      Spencer Tolson (# 74467MO)
      **HUSCH BLACKWELL LLP**
      4801 Main, Suite 1000
      Kansas City, MO 64112
      Tel: (816) 983-8000
      *derek.teeter@huschblackwell.com*
      *spencer.tolson@huschblackwell.com*

      *Counsel for Defendants Chess.com, LLC, Daniel "Danny" Rensch, and Play Magnus AS*

**LEWIS RICE LLC**

By:    */s/ Neal F. Perryman* (w/ consent)
      Neal F. Perryman, #43057 (MO)
      Michael L. Jente, #62980 (MO)
      Benjamin M. Farley, #69073 (MO)
      600 Washington Avenue, Suite 2500
      St. Louis, Missouri 63101
      Telephone: (314) 444-7661
      Facsimile: (314) 612-7661
      nperryman@lewisrice.com
      mjente@lewisrice.com
      bfarley@lewisrice.com

      and

      Michael J. Ryan, FL State Bar #975990*
      **Admitted PHV*
      Michael J. Ryan, P.A.
      110 SE Sixth Street, Suite 2150
      Fort Lauderdale, Florida 33301
      Telephone: (954) 881-6995
      mjryan@mjryanlegal.com

      *Attorneys for Defendant*
      *Christopher Hikaru Nakamura*

13

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2023, the foregoing was filed electronically using the CM/ECF system which will automatically provide notice to all attorneys of record by electronic means.

/s/ J. Nicci Warr