

June 9, 2023

**VIA ECF**

Hon. Audrey G. Fleissig
United States District Court
Eastern District of Missouri
111 S. 10th Street, Suite 12.182
St. Louis, MO 63102

          Re:    <u>*Niemann v. Carlsen et al.*</u>, Case No. 4:22-cv-01110-AGF

Dear Judge Fleissig:

      This law firm represents Plaintiff in the above-captioned matter. We write in response to Defendant Magnus Carlsen ("Carlsen")'s Notice of Supplemental Authority concerning his motion to dismiss the Second Amended Complaint under Connecticut's anti-SLAPP statute. Dkt. 146.

      In Plaintiff's opposition to Defendants' motions to dismiss, he established that Connecticut's anti-SLAPP statute is a procedural, not a substantive, law for purposes of applying the *Erie* doctrine. Dkt. 108 p. 7 (citing *Sentementes v. Lamont*, 2021 U.S. Dist. LEXIS 224609 (D. Conn. Nov. 22, 2021)). Indeed, in *Sentementes*, the federal District Court of Connecticut expressly held that "the Connecticut anti-SLAPP statute ***does not*** govern proceedings in federal court." *Id.* at *8 (emphasis added).

      Carlsen failed to address the *Sentementes* decision in his reply brief. Now he contends that the recent Connecticut state court decisions in *Smith v. Supple*, 346 Conn. 928 (2023), and *Pryor v. Brignole*, 292 A.3d 701 (Conn. 2023), are "pertinent" to his anti-SLAPP arguments. Yet neither of these cases addressed the question of whether Connecticut's anti-SLAPP statute is a procedural or substantive law for purposes of the *Erie* doctrine, or otherwise call into question the holding in *Sentementes*. Rather, the Connecticut courts merely held that the denial of a special motion to dismiss under Connecticut's anti-SLAPP statute is an appealable final judgment because it "so concludes the rights of the parties that further proceedings cannot affect them." *Supple*, 346 Conn. at 935-36, 940, 960; *Pryor*, 292 A.3d at 542. While, in reaching this decision, the courts held that avoiding costly and burdensome litigation on the merits is a "substantive benefit" of the statute, it did not, and could not, apply the requisite *Erie* analysis or even conclude that the Connecticut anti-SLAPP statute is a substantive *law*. *Supple*, 346 Conn. at 946.

      Under the *Erie* doctrine, the Court must address whether "a Federal Rule of Civil Procedure answer[s] the same question" as the state law. *Sentementes*, 2021 U.S. Dist. LEXIS 224609, *3. In *Sentementes*, the Court properly concluded "the Connecticut anti-SLAPP statute answers the same question as Rules 12 and 56 – whether a claim should be dismissed pre-trial – but does so in a manner different from either rule." *Id.* at *8. The District Courts in the Eighth Circuit have adopted the exact same analysis with respect to other anti-SLAPP statutes that provide the same type of benefits as Connecticut's anti-SLAPP statute. *Nunes v. Lizza*, 476 F. Supp. 3d 824, 845 (N.D. Iowa

Hon. Audrey G. Fleissig
June 9, 2023
Page 2

2020) ("The procedural mechanisms created by Rules 12 and 56…answer[] the same question as the California anti-SLAPP statute about 'the circumstances under which a court must dismiss a plaintiff's claim before trial.'"); *Unity Healthcare, Inc. v. County of Hennepin*, 308 F.R.D. 537, 542 (D. Minn. 2015) ("Because Rule 56 and Minnesota's anti-SLAPP law cannot be brought into harmony, the Court cannot apply the anti-SLAPP law").

    Accordingly, the *Supple* and *Pryor* decisions are inapposite.[1]

    We thank the Court for its time and attention to this matter.

               Respectfully submitted,

                /s/ Andrew Urgenson

                Andrew Urgenson

cc.: All counsel of record (via ECF)

---

[1] Notably, in his opposition, Plaintiff cited numerous Connecticut state court decisions finding that the Connecticut anti-SLAPP statute is a "procedural mechanism" that does create not substantive right. Dkt. 108 pp. 7-8 (citing, among other cases, *King v. Hubbard*, 217 Conn. App. 191, 194 n.1 (2023), ("the statutory protection against SLAPP lawsuits does not create a substantive right" but rather a "procedural mechanism")); *see also Priore v. Haig*, 344 Conn. 636, 659 (2022) (same).